

# Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas - Cuyahoga County, Ohio



## DOCKET INFORMATION

Printer Friendly Version

**Case Number:** CV-09-701481

**Case Title:** NCO PORTFOLIO MANAGEMENT vs. CHRISTOPHER G HRIVNAK ET AL

**Image Viewer:** AlternaTIFF

## DOCKET INFORMATION

| From Date | Sort | Type | Type | Type | Type | SearchType |
|---|---|---|---|---|---|---|
| ☐ / ☐ / ☐ | ◉ Ascending  ○ Descending | ☐ | ☐ | ☐ | ☐ | Start Search |

| Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 03/15/2010 | P1 | OT | P1 NCO PORTFOLIO MANAGEMENT AMENDED PLEADING RELABELED COMPLAINT IN ACCORDANCE WITH JOURNAL ENTRY DATED 2/11/10. WITH JURY DEMAND ANAND N MISRA 0067594 | |
| 02/19/2010 | N/A | JE | CMC BY PHONE SET FOR 04/22/2010 AT 02:00 PM BY TELEPHONE. COUNSEL FOR PLAINTIFF CHRIS HRIVNAK IS TO INITIATE A CONFERENCE CALL TO ALL OTHER PARTIES/COUNSEL, AND THEN TO THE COURT AT 216-443-7326. RESET DUE TO RECENT MOTION RULINGS. CLPAL 02/16/2010 NOTICE ISSUED | 🗎 |
| 02/12/2010 | N/A | JE | NUNC PRO TUNC 02/11/2010. JAVITCH, BLOCK & RATHBONE, LLP'S MOTION TO REALIGN THE PARTIES, FILED 01/19/2010, IS GRANTED. CHRISTOPHER HRIVNAK IS TO FILE A COMPLAINT ASSERTING HIS AFFIRMATIVE CLAIMS FOR RELIEF, AS REPRESENTED IN THE PROPOSED AMENDED COUNTERCLAIM ATTACHED TO HIS MOTION FOR LEAVE (FILED 01/11/2010), WITHIN 30 DAYS. CHRISTOPHER HRIVNAK'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM, FILED 01/11/2010, IS MOOT. CHRISTOPHER HRIVNAK'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM, FILED 01/29/2010, IS MOOT. CLBEC 02/11/2010 NOTICE ISSUED | 🗎 |
| 02/11/2010 | N/A | SC | TELEPHONE CONFERENCE SCHEDULED FOR 02/11/2010 AT 11:30 AM IS CANCELLED. ATTORNEY: ROBERT S BELOVICH (0024187) REASON: RESET TO ALLOW ADDITIONAL PLEADINGS/PARTIES PURSUANT TO THIS COURT'S ORDER DATED 02/11/2010 (notice sent). | |
| 02/11/2010 | N/A | JE | JAVITCH, BLOCK & RATHBONE, LLP'S MOTION TO REALIGN THE PARTIES, FILED 01/19/2010, IS GRANTED. CHRISTOPHER HRIVNAK IS TO FILE A COMPLAINT ASSERTING HIS AFFIRMATIVE CLAIMS FOR RELIEF AGAINST THE OTHER PARTIES TO THIS ACTION, WITHIN 30 DAYS. CHRISTOPHER HRIVNAK'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM, FILED 01/11/2010, IS MOOT. CHRISTOPHER HRIVNAK'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS MOTION FOR LEAVE | 🗎 |

| | | |
|---|---|---|
| | | TO FILE AMENDED ANSWER AND COUNTERCLAIM, FILED 01/29/2010, IS MOOT. CLPAL 02/10/2010 NOTICE ISSUED |
| 02/04/2010 D | OT | DEFENDANT(S) NCO PORTFOLIO MANAGEMENT, INC.(D2), NCO GROUP, INC.(D3) and NCO FINANCIAL SYSTEMS, INC.(D4) OPPOSITION TO COUNTERCLAIM PLAINTIFF'S INSTANTER MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM. FRANKLIN C MALEMUD 0068356 |
| 02/02/2010 N/A | JE | DEFENDANTS NCO PORTFOLIO MANAGEMENT, INC., NCO GROUP, INC., AND NCO FINANCIAL SYSTEMS, INC.'S MOTION FOR ADMISSION PRO HAC VICE [OF ATTORNEY DAVID ISRAEL AS CO-COUNSEL], FILED 01/26/2010, IS GRANTED. DEFENDANTS NCO PORTFOLIO MANAGEMENT, INC., NCO GROUP, INC., AND NCO FINANCIAL SYSTEMS, INC.'S MOTION FOR ADMISSION PRO HAC VICE [OF ATTORNEY BRIAN D. ROTH AS CO-COUNSEL], FILED 01/20/2010, IS GRANTED. CLPAL 02/01/2010 NOTICE ISSUED |
| 02/01/2010 D5 | OT | D5 JAVITCH, BLOCK & RATHBONE NOTICE OF ADDTL' AUTHORITY IN SUPPORT OF OPP. TO MOTION TO AMEND ANSWER AND COUNTERCLAIM.......(W)......... MICHAEL D SLODOV 0051678 |
| 01/29/2010 D1 | MO | D1 CHRISTOPHER G HRIVNAK INSTANTER MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM ANAND N MISRA 0067594 02/11/2010 - GRANTED |
| 01/29/2010 D1 | OT | D1 CHRISTOPHER G HRIVNAK OPPOSITION TO COUNTER-DEFT JAVITCH, BLOCK & RATHBONE LLP'S MOTION TO REALIGN THE PARTIES' (MOTION FILED 01/19/10). ANAND N MISRA 0067594 |
| 01/26/2010 D | MO | DEFENDANT(S) NCO PORTFOLIO MANAGEMENT, INC.(D2), NCO GROUP, INC.(D3) and NCO FINANCIAL SYSTEMS, INC.(D4) MOTION FOR ADMISSION OF PRO HAC VICE FRANKLIN C MALEMUD 0068356 02/02/2010 - GRANTED |
| 01/20/2010 D | MO | DEFENDANT(S) NCO PORTFOLIO MANAGEMENT, INC.(D2), NCO GROUP, INC.(D3) and NCO FINANCIAL SYSTEMS, INC.(D4) MOTION FOR ADMISSION PRO HAC VICE FRANKLIN C MALEMUD 0068356 02/02/2010 - GRANTED |
| 01/19/2010 D5 | MO | D5 JAVITCH, BLOCK & RATHBONE LLP MOTION TO REALLIGN THE PARTIES MICHAEL D SLODOV 0051678 02/11/2010 - GRANTED |
| 01/19/2010 D5 | OT | D5 JAVITCH, BLOCK & RATHBONE LLP OPPOSITION TO MOTION AMEND ANSWER & COUNTERCLAIM. MICHAEL D SLODOV 0051678 |
| 01/13/2010 N/A | SC | TELEPHONE CONFERENCE SET FOR 02/11/2010 AT 11:30 AM. (Notice Sent). |
| 01/12/2010 N/A | JE | PLAINTIFF NCO PORTFOLIO MANAGEMENT'S MOTION TO DISMISS ITS COMPLAINT AGAINST DEFENDANT CHRISTOPHER HRIVNAK, FILED 01/08/2010, IS GRANTED. DEFENDANT CHRISTOPHER HRIVNAK'S COUNTERCLAIM AND THIRD PARTY COMPLAINT REMAIN PENDING. CLPAL 01/11/2010 NOTICE ISSUED |
| 01/11/2010 D1 | MO | D1 CHRISTOPHER G HRIVNAK MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM ROBERT S BELOVICH 0024187 02/11/2010 - MOOT |
| 01/08/2010 P1 | MO | P1 NCO PORTFOLIO MANAGEMENT MOTION TO DISMISS ITS COMPLAINT ......(W)...... R. GLENN KNIRSCH 0080770 01/12/2010 - GRANTED |
| 11/12/2009 N/A | AN | NCOPM'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES. FRANKLIN C MALEMUD (0068356) |
| 11/10/2009 N/A | JE | CMC BY PHONE HELD ON 11/05/2009. COUNSEL FOR PLAINTIFF, |

|  |  | DEFENDANT/THIRD PARTY PLAINTIFFS, AND THIRD PARTY DEFENDANTS APPEARED. PRETRIAL SET FOR 01/13/2010 AT 10:00 AM. COUNSEL ONLY IS REQUIRED TO APPEAR. FACT DISCOVERY IS TO BE ONGOING DURING THE CONTINUANCE. CLPAL 11/05/2009 NOTICE ISSUED |
|---|---|---|
| 11/04/2009 D | OT | DEFENDANT(S) NCO PORTFOLIO MANAGEMENT, INC.(D2), NCO GROUP, INC.(D3) and NCO FINANCIAL SYSTEMS, INC.(D4) NOTICE OF APPEARANCE. FRANKLIN C MALEMUD 0068356 |
| 11/02/2009 D1 | OT | D1 CHRISTOPHER G HRIVNAK JURY DEMAND. ANAND N MISRA 0067594 |
| 10/28/2009 N/A | JE | PLAINTIFFS/THIRD PARTY DEFENDANTS NCO PORTFOLIO MANAGEMENT, INC., NCO GROUP, INC., AND NCO FINANCIAL SYSTEMS, INC.'S MOTION FOR ADMISSION PRO HAC VICE, FILED 10/16/2009, IS GRANTED. ATTORNEY ALLISON CANNIZARO OF SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP, 3850 N. CAUSEWAY BLVD., SUITE 200, METAIRIE, LOUISIANA, 70002, IS ADMITTED PRO HAC VICE TO APPEAR IN THIS MATTER AS CO-COUNSEL ON BEHALF OF PLAINTIFFS/THIRD PARTY DEFENDANTS LISTED ABOVE. CLPAL 10/27/2009 NOTICE ISSUED |
| 10/26/2009 D4 | AN | D4 NCO FINANCIAL SYSTEMS, INC. ANSWER AND AFFIRMATIVE DEFENSES ............... FRANKLIN C MALEMUD 0068356 |
| 10/26/2009 D3 | AN | D3 NCO GROUP, INC. ANSWER AND AFFIRMATIVE DEFENSES ............... FRANKLIN C MALEMUD 0068356 |
| 10/26/2009 D | AN | DEFENDANT(S) NCO PORTFOLIO MANAGEMENT, INC.(D2) and NCO FINANCIAL SYSTEMS, INC.(D4) ANSWER AND AFFIRMATIVE DEFENSES ............... FRANKLIN C MALEMUD 0068356 |
| 10/26/2009 P1 | AN | P1 NCO PORTFOLIO MANAGEMENT ANSWER AND AFFIRMATIVE DEFENSES ............... FRANKLIN C MALEMUD 0068356 |
| 10/22/2009 D5 | OT | D5 JAVITCH, BLOCK & RATHBONE LLP REPLY TO COUNTERCLAIM.....W........ MICHAEL D SLODOV 0051678 |
| 10/16/2009 D | MO | DEFENDANT(S) NCO PORTFOLIO MANAGEMENT, INC.(D2), NCO GROUP, INC.(D3) and NCO FINANCIAL SYSTEMS, INC.(D4) MOTION FOR ADMISSIN PRO HAC VICE ............. FRANKLIN C MALEMUD 0068356 10/28/2009 - GRANTED |
| 10/09/2009 N/A | JE | PLAINITFF AND THIRD PARTY DEFENDANT NCO PORTFOLIO MANAGEMENT, INC., THIRD PARTY DEFENDANTS NCO GROUP, INC., AND NCO FINANCIAL SYSTEMS, INC.'S MOTION TO DISMISS AND/OR REMAND, FILED 08/27/2009, IS DENIED. THIRD PARTY DEFENDANT JAVITCH, BLOCK & RATHBONE LLP'S MOTION TO DISMISS AND/OR REMAND, FILED 08/24/2009, IS DENIED. THERE IS NO JUST CAUSE FOR DELAY. CLTMW 10/06/2009 NOTICE ISSUED |
| 09/27/2009 N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE.GENERATED FOR NCO PORTFOLIO MANAGEMENT ON 09/27/2009 17:01:14 |
| 09/27/2009 N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR JAVITCH, BLOCK & RATHBONE LLP ON 09/27/2009 17:01:14 |
| 09/27/2009 N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR MISRA/ANAND/N ON 09/27/2009 17:01:14 |
| 09/27/2009 N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR MALEMUD/FRANKLIN/C ON 09/27/2009 17:01:14 |
| 09/27/2009 N/A | SC | CMC BY PHONE SET FOR 11/05/2009 AT 03:45 PM. PLAINTIFF SHALL INITIATE TELEPHONE CONFERENCE CALL WITH ALL OTHER PARTIES AND CALL INTO THE COURT AT THE APPOINTED HOUR AT 216-443-7326. |

| | | |
|---|---|---|
| 09/04/2009 D1 | OT | D1 CHRISTOPHER G HRIVNAK OPPOSITION TO MTN TO DISMISS AND / OR REMAND FILED BY PLTF AND COUNTER-DEFT S NCO PORTFIOIO MANEMENT, NCO GROUP,INC., AND NCO FINANCIAL SYSTEMS, INC. (MTN FILED 8/27/2009). ANAND N MISRA 0067594 |
| 08/31/2009 D1 | OT | DEFENDANT(S) CHRISTOPHER G HRIVNAK(D1), OPPOSITION TO COUNTER DEFT. JAVITCH, BLOCK & RATHBONE LLP'S MOTION TO DISMISS & OR REMAND (MOTION FILED 08-24-09). ANAND N MISRA 0067594 |
| 08/27/2009 D1 | MO | DEFENDANT(S) NCO PORTFOLIO MANAGEMENT, INC.(D2), NCO GROUP, INC.(D3) and NCO FINANCIAL SYSTEMS, INC.(D4) MOTION TO DISMISS AND/OR REMAND FRANKLIN C MALEMUD 0068356 10/09/2009 - DENIED |
| 08/24/2009 D5 | MO | D5 JAVITCH, BLOCK & RATHBONE LLP MOTION TO DISMISS & OR REMAND ............. PRO SE 9999999 10/09/2009 - DENIED |
| 08/21/2009 D2 | OT | D2 NCO PORTFOLIO MANAGEMENT, INC. NOTICE OF SUBSTITUTION OF COUNSEL. FRANKLIN C MALEMUD 0068356 |
| 08/13/2009 N/A | SF | JUDGE JOSEPH D RUSSO ASSIGNED (RANDOM) |
| 08/13/2009 D1 | SF | LEGAL RESEARCH |
| 08/13/2009 D1 | SF | LEGAL NEWS |
| 08/13/2009 D1 | SF | LEGAL AID |
| 08/13/2009 D1 | SF | COMPUTER FEE |
| 08/13/2009 D1 | SF | CLERK'S FEE |
| 08/13/2009 D1 | SF | DEPOSIT AMOUNT PAID MISRA LAW FIRM |
| 08/13/2009 N/A | SF | CASE FILED |
| 08/13/2009 P1 | SR | TRANSCRIPT AND ORIGINAL PAPERS, COPY OF DOCKET ENTRIES FROM THE BEDFORD MUNICIPAL COURT, CASE NO: CV 09 701481 CERTIFIED TO COMMON PLEAS COURT AND FILED. 08/13/2009. |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2010

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

NCO Portfolio Management,  )  CASE NO.: CV-09-701481
  )
        Plaintiff,  )
  )  **Judge: JOSEPH D RUSSO**
  vs.  )
  )
Christopher Hrivnak,  )
  )
        Defendant.  )
  vs.  )
  )
NCO Portfolio Management, et al.,  )
  )
        Third Party Defendants.  )

### Motion to Dismiss & or Remand

Now comes Javitch, Block & Rathbone, LLP,  by and through the undersigned counsel, and hereby moves this honorable court for an order dismissing pursuant to Civ.R. 12(H)(3) or remanding this case to the Bedford Municipal Court with instructions to dismiss, for the reasons that:

1. The Bedford Municipal Court patently and unambiguously lacked subject matter, territorial, monetary and personal jurisdiction over the Defendant's counterclaims, as more fully set forth in the motion to Quash Service of Process, Dismiss, Strike or Sever Defendant's Counterclaim with Joinder of Additional Counter-defendants, filed by Javitch, Block & Rathbone, LLP in the Bedford Municipal Court on July 24, 2009.

2. When a municipal court lacks subject matter jurisdiction over a claim, it is without authority to certify that claim to the court of common pleas. *State ex rel. National Employee Ben. Services, Inc. v. Court of Common Pleas of Cuyahoga County*,  49 Ohio St.3d 49, 50, 550 N.E.2d 941, 943 (1990); *Lin v. Reid* (1983), 11 Ohio App.3d 232, 236, 464 N.E.2d 189, 193; *Cleveland v. A.J. Rose Mfg. Co.* (8th Dist. App. 1993), 89 Ohio App.3d 267, 273-274, 624 N.E.2d 245, 249; *Swarts v. Purdy* (Ohio

1

Mun. 1964) 2 Ohio Misc. 176, 207 N.E.2d 806; Civ.R. 12(H)(3). Any judgment rendered thereafter in the absence of subject matter jurisdiction is void *ab initio. Patton v. Diemer* (1988), 35 Ohio St.3d 68 (Syl. 3), 518 N.E.2d 941; *State ex rel. Jones v. Suster* (1998), 701 N.E.2d 1002, 1007, 84 Ohio St.3d 70, 75; see also *State ex rel. Kelley v. Junkin*, 2009 WL 1628888, *2, 2009-Ohio-2723, 2723 (Ohio App. 8 Dist. 2009).

3. Ohio Municipal Courts are not courts of general jurisdiction, but only have such subject matter, territorial and monetary jurisdiction as granted by the legislature. *Cheap Escape Co., Inc. v. Haddox, LLC*, 120 Ohio St.3d 493, 900 N.E.2d 601, 2008 -Ohio- 6323.

4. The Ohio Supreme Court recently held in *Cheap Escape Co., Inc. v. Haddox, LLC*, 120 Ohio St.3d 493, 900 N.E.2d 601, 2008 -Ohio- 6323 that "R.C. 1901.18(A) limits municipal court subject-matter jurisdiction to actions or proceedings that have a territorial connection to the court." *Cheap Escape Co., Inc. v. Haddox, LLC*, Syllabus. Thus, a counterclaim filed in Municipal Court that alleges no territorial connection to the court is likewise beyond the subject matter jurisdiction of the Ohio Municipal Courts, requiring dismissal pursuant to Civ.R. 12(H)(3). Defendant's counterclaim makes reference to no act, practice or event occurring in the territorial jurisdiction of municipal corporations over which the Bedford Municipal Court has jurisdiction. See R.C. § 1901.02(A) and (B). To the extent that the counterclaim sought to bring in parties that engaged in no act, practice or event within the municipal court's territory, and to parties that have no territorial relationship to that court, the counterclaims, all of which are alleged to have been committed by "counter-defendants," "require . . . the presence of third parties of whom the court cannot acquire [persona] jurisdiction." *Hickey v. Hancock Wood Elec. Coop.* (6 Dist. App. 1993), 1993 Westlaw 241731, 4; *United Artists Corp. v. Masterpiece Productions* (C.A.2 1955), 221 F.2d 213, 217; 6 Wright, Miller & Kane, Federal Practice and Procedure, §1411 (2009).

2

5. In addition, Ohio Revised Code Section 1901.18 does not vest Ohio Municipal Courts with jurisdiction to hear claims under the Fair Debt Collection Practices Act; the Ohio Deceptive Trade Practices Act, or to render declaratory or injunctive relief. *White v. Chambers,* 2002 Westlaw 1299781, *1, 2002-Ohio-2733, 2733 (3d. Dist. App. 2002); *Cleveland v. A.J. Rose Mfg. Co.,* 89 Ohio App.3d 267, 273, 624 N.E.2d 245, 249 (8th Dist. App.1993); *Bretton Ridge Homeowners Club v. DeAngelis,* 22 Ohio App.3d 65, 488 N.E.2d 925 (8th Dist. 1985).

6. As to the claim raised under the Ohio Consumer Sales Practices Act, that claim provided no basis for the exercise of subject matter jurisdiction either. See Brief in Support of Motion, pp. 6-8.

7. Because the Bedford Municipal Court lacked subject matter and territorial jurisdiction over the counterclaims filed by Defendant, it could not certify the action to this court.  The absence of subject matter jurisdiction over the counterclaim leaves any judgment rendered in this action void *ab initio.*

Respectfully Submitted:

Michael D. Slodov, SCR #0051678
Javitch, Block, & Rathbone LLP
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
Ph:       (216) 623-0000 ex. 3057
Fax:      (216) 685-3038
E-mail: mslodov@jbandr.com

<u>**Certificate of Service**</u>

The undersigned hereby certifies that the foregoing was served upon Robert Belovich, attorney for the Defendant, at 5638 Ridge Road, Parma, OH, 44129 and Anand N. Misra, The Misra Law Firm, LLC, 3659 Green Road, Suite 100, Beachwood, Ohio 44122, and Franklin C. Malemud, Esq., Reminger Co., L.P.A., 101 Prospect Avenue, West, Cleveland, OH  44115-1093,  via regular U.S. Mail postage pre-paid, this August 21, 2009.

_____
Michael D. Slodov, SCR #0051678

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO PORTFOLIO MANAGEMENT, | ) | CASE NO. CV 09 701481 |
| | ) | |
| PLAINTIFF, | ) | JUDGE JOSEPH D. RUSSO |
| | ) | |
| v. | ) | |
| | ) | **MOTION TO DISMISS AND/OR** |
| CHRISTOPHER G. HRIVNAK, et al., | ) | **REMAND** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Now comes NCO Portfolio Management, NCO Group, Inc. and NCO Financial Systems, Inc. to hereby move this Court to dismiss pursuant to Civil Rule 12(E)(3) or to remand the case to the Bedford Municipal Court with instructions to dismiss for the reasons set forth in the Motion to Dismiss & or Remand filed by Javitch, Block & Rathbone LLC in this matter on or about August 21, 2009.  The moving parties herein incorporate by reference as if fully reprinted herein, the Javitch, Block & Rathbone LLC's Motion to Dismiss & or Remand in its entirety.

Respectfully submitted,

Franklin C. Malemud, Esq. (0068356)
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio  44115-1093
Phone:  (216) 687-1311
Fax:    (216) 687-1841
Email:  fmalemud@reminger.com
*Attorney for NCO Portfolio Management*
*NCO Group, Inc.*
*NCO Financial Systems, Inc.*
*NCO Portfolio Management*

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by regular U. S. Mail on this 27th of August,  2009,  to

the following:

Robert S. Belovich, Esq.
5638 Ridge Road
Parma, OH  44129

Anand N. Misra, Esq.
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, OH  44122

Michael D. Slodov, Esq.
Javitch, Block & Rathhbone, LLP
1100 Superior Ave., 19th Fl.
Cleveland, OH  44114-2518

Franklin C. Malemud, Esq. (0068356)

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| NCO Portfolio Management, et al. | ) | CASE NO: CV-09-701481 |
| | ) | |
| PLAINTIFF AND | ) | |
| COUNTER-DEFENDANTS. | ) | Judge Joseph D. Russo |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANT'S OPPOSITION TO |
| Christopher G. Hrivnak | ) | COUNTER-DEFENDANT JAVITCH, BLOCK & RATHBONE |
| | ) | LLP'S MOTION TO DISMISS & OR REMAND (*MOTION* |
| DEFENDANT AND | ) | *FILED 8/24/2009*). |
| COUNTER-PLAINTIFF. | ) | |

## I.    Introduction

After losing on the merits of a similar motion filed in the Bedford Municipal Court,

Counter-Defendant Javitch, Block & Rathbone LLP ("JBR") has asked this court for the same

relief in its Motion to Dismiss & or Remand (hereafter "JBR 2nd Motion").

JBR 2nd Motion fails a threshold test because it is an improper appeal to this court from

the decision of the Bedford Municipal Court rejecting the same JBR arguments in its motion

filed in the municipal court on July 24th, 2009 (hereafter "JBR 1st Motion").    In fact, JBR simply

incorporates the same motion into the current one.    JBR 2nd Motion at pg. 1, ¶1.

JBR filed the First Motion in response to Mr. Hrivnak's request to the municipal court to

transfer the case to this court because the counterclaim exceeded the monetary jurisdiction of

that court.    The Bedford Municipal Court, after consideration of both arguments, on July 30th,

2009, ruled that the case should be certified to this court.    Now, JBR seeks to appeal.    This

court can deny JBR's motion on this basis alone.

Even if the court were inclined to consider the JBR 2nd Motion, it will find that the

motion is defective for the following principal reasons:

- JBR's objections to transfer of the case to this court are defective because:

  1. There is no dispute that the municipal court had subject matter jurisdiction over Mr. Hrivnak's OCSPA claims under O.R.C. § 1345.04.    Thus, it had authority to make orders as to the counterclaim.

  2. The wrongful actions challenged in the counterclaim occurred in the Bedford Municipal Court in or relating to the complaint filed in this case.    Thus, there is no valid argument as to territorial jurisdiction.

  3. All counter-defendants had already submitted to the jurisdiction of the municipal court before its order transferring this case, thus objections of personal jurisdiction are moot.

  4. When a counterclaim exceeds the monetary jurisdiction of the municipal court, it is required, by the Ohio Revised Code and the Civil Rules, to certify the case to the common pleas court.

- JBR's argument that the counterclaim fails to state an OCSPA claim is defective because:

  1. JBR is a debt collector and courts have already ruled that its debt collection litigation activity is subject to the OCSPA.

  2. JBR is a debt collector whose debt collection actions are subject to the OCSPA, and not exempted under the exception for financial institutions.

## II.    JBR's objection to transfer of the case to this court

JBR styles its principal objection as based on the municipal court's lack of subject matter jurisdiction to certify the case to this court.    However, because it admits that the municipal

2

court had subject matter jurisdiction over at least some of the claims, e.g., the OCSPA claim, JBR is in reality complaining that the municipal court was wrong in rejecting its argument that Mr. Hrivnak's OCSPA and other claims should be dismissed under Civ. R. 12(B)(6).    Thus, JBR seeks to have this court overrule the municipal court.

The fallacy of JBR's arguments is evident because the municipal court had jurisdiction even if JBR's legal arguments are assumed to be true.    JBR asserts that the municipal court "unambiguously lacked subject matter, territorial, monetary and personal jurisdiction."    JBR 2nd Motion at pg. 1, ¶1.    Each of these four objections is addressed in turn:

- <u>Subject matter jurisdiction</u>:    JBR does not deny that O.R.C. § 1345.04 explicitly grants municipal courts subject matter jurisdiction over Mr. Hrivnak's OCSPA claims.    Thus, even assuming the municipal court lacked jurisdiction over all other claims, the OCSPA provides a sufficient basis for the municipal court to assert subject matter jurisdiction and act to certify the case to this court.    There is absolutely no legal support for JBR's implied argument that the addition of other claims, over which the court allegedly lacked jurisdiction, worked to destroy the court's jurisdiction over the OCSPA claim. Section III, infra, discusses JBR's argument that the municipal court improperly rejected its plea to dismiss, under Civ. R. 12(B)(6), the OCSPA claim.    JBR incorrectly confuses this argument as one affecting subject matter jurisdiction.    Furthermore, JBR makes this argument despite the fact that various courts have rejected its same arguments already and ruled that JBR is subject to the OCSPA, when it is acting as a debt collector attorney for a debt collector client such as NCO.    See, e.g., Counterclaim ¶41.

3

- <u>Territorial Jurisdiction</u>:    JBR offers no facts to support its suggestion that the Bedford Municipal Court might have lacked territorial jurisdiction. This argument is without any basis since both plaintiff and JBR took action **within the Bedford Municipal Court itself** by filing a debt collection action to collect a time barred debt, making false statements in such debt collection action, and committing the other unlawful acts in or related to the debt collection lawsuit filed against Mr. Hrivnak.    This conduct disposes any territorial jurisdiction argument.

- <u>Personal jurisdiction</u>:    JBR does not dispute that the municipal court had personal jurisdiction over the plaintiff in this case, that plaintiff having chosen to file a complaint in that court.    JBR also cannot dispute that Civ. R. 13 explicitly permits Mr. Hrivak to assert a counterclaim against the plaintiff.    Thus, the municipal court had obtained sufficient personal jurisdiction to act upon the counterclaim, regardless of the merit, or lack thereof, of JBR's claim that additional counter-defendants were improperly added.

  JBR's argument as to personal jurisdiction is not only defective but also moot, because all the counter-defendants had already subjected themselves to the jurisdiction of the municipal court by filing motions on July 24th, 2009.    These motions are part of the record in this case.    "[A]ny steps taken in a case by a defendant other than to object to the court's jurisdiction over his person, enters his general appearance to the action" Long v. Newhouse, (1897) 57 Ohio St. 348, 370.

- <u>Monetary Jurisdiction</u>:    O.R.C. § 1901.17 provides a monetary limit of $15,000 to civil claims that may be heard by the Bedford Municipal Court.    This is an aggregate limit

4

for all the claims that any one party may assert.    In this case, there is no dispute that the class claims asserted by Mr. Hrivnak exceed the $15,000 monetary jurisdiction limit.

JBR contends that lack of monetary jurisdiction over the counterclaim rendered the municipal court powerless to certify the case to this court.    This argument is contrary to the explicit provisions of O.R.C. § 1901.22(E) which mandates that the case be certified:

> In any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge **shall** certify the proceedings in the case to the court of common pleas, except in the Cleveland municipal court.

O.R.C. § 1901.22(E), emphasis added.

Similarly, Civ. R. 13(J) directs a municipal court to certify and transfer a case to the common pleas court whenever a counterclaim, cross claim or third party complaint in the case exceeds the $15,000 limit.    *Seventh Urban, Inc., v. University Circle*, 67 Ohio St.2d 19, 19-20 (1981).

For the above reasons, the Bedford Municipal Court correctly certified the claims asserted in Mr. Hrivnak's counterclaim to exceed the monetary jurisdiction of that court and therefore properly ordered this case transferred to the common pleas court.

## A. JBR's arguments contradict the Ohio Rules of Civil Procedure.

JBR incorrectly argues that Mr. Hrivnak cannot assert a counterclaim in this case.    As discussed above, Civ. R. 13 explicitly permits a counterclaim against the plaintiff.    Civ. R. 13(B) provides that a party may assert a counterclaim at the time it serves a pleading in this case.    It was therefore proper for Mr. Hrivnak to include a counterclaim with the answer he filed.

5

JBR further asserts that it is improper to name it as a counter-defendant in Mr. Hrivnak's counterclaim.    This assertion is contrary to the express provisions of Civil Rules 13 and 20.

Civ.R. 13(H) provides as follows:

> Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19, Rule 19.1, and Rule 20. * * *

Thus, a counterclaim asserting a claim against another party is allowed under Civ.R. 13 subject only to the provisions of the Rules on Joinder of Parties.    Civ.R. 20 applies to the joinder of JBR in this case.    Civ.R. 20, regarding permissive joinder of parties, states in pertinent part:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Civ.R. 20 allows for joinder of JBR, and the NCO counter-defendants, to the counterclaim asserted against NCO because their conduct is implicated in the allegations made by Mr. Hrivnak's against NCO.    The counterclaim alleges facts and law common to all counter-defendants based on the wrongful debt collection practices employed in connection with debt collection lawsuits.    The counterclaim also asserts a right to relief against these counter-defendants.    The following allegations from the counterclaim illustrate these common facts:

- Portfolio, PMI and FSI each take, commit or perform the unlawful actions that are the subject of this Counterclaim.    Counterclaim ¶35.
- NCOG takes individual actions in directing the unlawful actions of Portfolio, PMI and FSI that are the subject of this Counterclaim; authorizing or creating the procedures

and business practices employed by Portfolio, PMI or FSI in furtherance of such unlawful actions; obtaining, transferring and making available to Portfolio, PMI or FSI the alleged claims to be made against consumers including Mr. Hrivnak; conspiring with Portfolio, PMI and FSI to commit the unlawful actions, and providing necessary resources for the unlawful actions to be taken.    Counterclaim ¶36.

- [I]n order to conceal their inadequate investigation or to appear to meet pleading obligations, NCO and Javitch either fail to attach required documents to filed pleadings or attach documents that falsely represent the amount due or the agreement under which a consumer is allegedly bound.    Counterclaim ¶53.
- Javitch has itself taken the unlawful individual actions described in this counterclaim. Counterclaim ¶55.
- NCO act in collaboration in the filing of unlawful lawsuits against consumers and to commit the unlawful acts described in this counterclaim.    Counterclaim ¶57.
- NCO also collaborate with others, such as Javitch, in the filing of unlawful lawsuits against consumers and to commit the unlawful acts described in this counterclaim. Counterclaim ¶58.

Thus, the counterclaim raises questions of fact and law common to plaintiff and other counter-defendants, and joinder of these parties is authorized under Civil Rules 13(H) and 20.

### B.  Bedford Municipal Court did not lack subject matter jurisdiction.

As discussed supra, even if JBR's arguments as to subject matter jurisdiction were assumed valid, the municipal court still had jurisdiction over the counterclaim.    However, JBR's assertion, that the Bedford Municipal Court lacked subject matter jurisdiction, is defective.    A plain reading of the applicable statute reveals no merit to this notion.

The subject matter jurisdiction of municipal courts is provided by statute.    The pertinent statutory provision is found in O.R.C. 1901.18 (A) which states in pertinent part, " . . . subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the

7

Revised Code, a municipal court has original jurisdiction within its territory … ."

There are three subsections relevant to this case.    Subsection 1901.18(A)(1), (2) and (3).    Subsection (1) provides for jurisdiction "In any civil action, of whatever nature or remedy, of which judges of county courts have jurisdiction."    This subsection incorporates O.R.C § 1907.03 which provides for jurisdiction of county courts in civil actions ". . . for the recovery of sums not exceeding five hundred dollars and original jurisdiction in civil actions for the recovery of sums not exceeding fifteen thousand dollars."    This section admits of no limit on jurisdiction of particular types of claims.    Rather, this section allows any claim for money such as that asserted in the counterclaim.

The second subsection of O.R.C. 1901.18(A) provides municipal court subject matter jurisdiction for "(2) . .    any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction."    Under this subsection, the jurisdiction of a municipal court is concurrent to the common pleas except as to the monetary amount in controversy.    This section admits of no limitation of the power of the court to adjudicate any claim at law.    Mr. Hrivnak's counterclaim sought legal relief against JBR and the plaintiff under common law and statutory claims.    There is no reason, based upon the claims asserted for a municipal court to conclude that it lacked subject matter jurisdiction.

Similarly, O.R.C. 1901.18(A)(3) provides a municipal court with subject matter jurisdiction "[i]n any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract."    The plaintiff in this case has sued alleging a contract.    See Complaint ¶2.    The FDCPA, and other federal laws such as 15 U.S.C. § 1643, provide a consumer with legal rights in connection with the type of contract (credit card)

8

alleged by the plaintiff.    Thus, under O.R.C. 1901.18(A)(3), the municipal court has jurisdiction

to consider FDCPA claims because they are integral to determine rights under the alleged

contract.    It should also be noted that, despite JBR's assertion otherwise, none of the cases

cited in JBR 2nd Motion at pg. 3, ¶5, state that a municipal court lacks jurisdiction over FDCPA

claims.

Finally, an FDCPA violation is also an OCSPA violation.    See, e.g., *Delawder v. Platinum

Financial Services Corp. et al.*, Case C-1-04-680 (U.S. Dist. Ct., S.D. Ohio, 3/10/2006); Doc.16, at

19.    Because O.R.C. § 1345.04 grants municipal courts jurisdiction over OCSPA claims, a

municipal court must also have authority to determine whether an FDCPA violation has

occurred where, as in this case, a consumer alleges an OCSPA violation based on debt collection

practices violating the FDCPA.    See, Counterclaim ¶ 96(a).

For the above reasons, JBR's argument that the Municipal Court lacked subject matter

jurisdiction is defective.

## C.  This Court does not lack subject matter jurisdiction.

Subject-matter jurisdiction is necessary before a court can hear and decide a case upon

the merits. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, paragraph one of the syllabus. The

subject matter jurisdiction of the Court of Common Please is provided in R.C. 2305.01 which

states "the court of common pleas has original jurisdiction in all civil cases in which the sum or

matter in dispute exceeds the exclusive original jurisdiction of county courts."

This statute provides that the common pleas court is a court of general jurisdiction for

all claims for monetary relief exceeding $500.00.    This statute does not admit of any limitation

of this court's jurisdiction to hear claims arising under federal or state statutes or common law

claims such as fraud and misrepresentation.    The claims asserted in Mr. Hrivnak's
counterclaim fall entirely within these categories.    Therefore, there is no basis for this court
determining, as JBR suggests, that this court lacks subject matter jurisdiction over the claims
asserted in Mr. Hrivnak's counterclaim.

## III.    JBR's argument that the counterclaim fails to state an OCSPA claim

In its motion to dismiss filed in municipal court (JBR 1st Motion), JBR claimed that it was
not subject to the OCSPA, that Mr. Hrivnak had no standing to assert a ODTPA claim, and that it
was immune from Mr. Hrivnak's common law claims.    JBR had argued that the municipal court
should dismiss these claims under Civ. R. 12(B)(6) and then find that it had no subject matter
jurisdiction over the remaining counterclaim and therefore deny certification of the case to this
court.    The Bedford Municipal Court rejected JBR's arguments and certified the case to this
court.    JBR now seeks to appeal the municipal court's order by asking this court to again rule
on the same issues through its current motion (JBR 2nd Motion).

In JBR 2nd Motion, JBR appears to have accepted the municipal court's rejection of its
arguments against the counterclaim's ODTPA (Count Three) and common law claims (Counts
Three, Four, Five, Six, Nine and Ten).    It has not challenged the FDCPA claims (One and Seven).
However, in JBR 2nd Motion at pg. 3, ¶6, JBR does seek to again challenge the OCSPA claims
(Counts Two and Eight).    Because these arguments have already been rejected by the
municipal court, this court should not reconsider them.    For sake of completeness, Mr.
Hrivnak demonstrates below that JBR's arguments of immunity from the OCSPA are defective.

### A. JBR is a debt collector and courts have already ruled that its debt collection litigation activity is subject to the OCSPA .

Mr. Hrivnak's counterclaim alleges JBR's liability based on its wrongful debt collection

10

litigation activity, including making false statements and filing time-barred lawsuits.

In numerous cases, courts have determined that such JBR debt collection activity was subject to the OCSPA.    JBR has failed to identify or acknowledge these decisions that contradict the very arguments that JBR regurgitates in the current motion.

Just a few weeks ago the Sixth Circuit ruled, "Hartman and Rice have sufficiently alleged that Great Seneca's and **Javitch's** representations were misleading and deceptive. Accordingly, their OCSPA claims should not have been dismissed."    *Hartman et al. v. Great Seneca Financial Corp. et al.*, U.S. Ct. of App., 6th Cir., Opinion 09a0221p.06, at 10 (6/30/2009); emphasis added.

As in this case, in *Hartman*, the debt collection activities being challenged were those that consisted of debt-collection litigation.    This squarely rejects JBR's arguments, at JBR 2nd Motion at pgs. 7 and 8, that "filing a lawsuit" is not subject to the OCSPA.    JBR misses the point – when "filing a lawsuit" is part of debt collection activity, it is subject to the OCSPA.    That "litigation" can be a "consumer-debt -collection-activity" was explicitly recognized by the U.S. Supreme Court .    *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

JBR's arguments are misplaced because they focus on "filing a lawsuit" as though it had no connection to debt collection.    In fact, litigation is an integral part of debt collection activity for debt collectors such as JBR and the NCO counter-defendants, whose business is to buy and collect on stale and charged-off debt.    The distinction between a general activity and one in the context of debt collection was recognized by the court in *Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24 (6th Cir. 2007).    There the court rejected JBR's argument that general litigation immunity protected it, stating:

> Javitch does not dispute that it "'regularly' engage[s] in consumer-debt-collection activity." See *Heintz*, 514 U.S. at 299. So any discussion of litigation immunity as applied

11

to **lawyers in general** (those who do not regularly engage in consumer-debt-collection activity) **is of no help to Javitch**.

*Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24, 26 (6th Cir. 2007), emphasis added.

Similarly, a discussion of litigation in general is of no help to JBR and NCO.    While the general "filing [of] a lawsuit" may not be subject to the OCSPA, when it is a debt collection activity, then it is subject to the OCSPA.

The following cases from the Ohio Attorney General's Public Inspection File also demonstrate that the OCSPA applies to counter-defendants' debt collections activities challenged in this case:

An FDCPA violation is also an OCSPA violation; false representations in a complaint are OCSPA violations.    See, e.g.,    *Delawder v. Platinum Financial Services Corp. et al.*, Case C-1-04-680 (U.S. Dist. Ct., S.D. Ohio, 3/10/2006); Doc.16, at 19.    Ohio AG PIF 10002438, 3/11/2006.    *Becker v. Montgomery, Lynch*, Case 1:02-cv-874 (U.S. Dist. Ct., N.D. Ohio, 2/3/2003).    Ohio AG PIF 10002153, 4/30/2003.    *Kelly v Montgomery Lynch*, Case 1:07-CV-919 (U.S. Dist. Ct., N.D. Ohio, 4/15/2008); Ohio AG PIF 10002653, 4/22/2008.

Filing a time-barred lawsuit is an FDCPA violation (false representation, unfair and unconscionable).    *Davis v. NCO Portfolio Management, Inc, Javitch, Block, Rathbone, et al*. Case 1:05-cv-00734-SSB-TSH (U.S. Dist. Ct., S.D. Ohio, 2/7/2006); Doc.8, at 7.    Ohio AG PIF 10002435, 3/11/2006.    Also, *Deere v. Javitch, Block, Rathbone, et al*. Case 1:05-cv-00710-SSB-TSB (U.S. Dist. Ct., S.D. Ohio, 2/7/2006) ;Doc.17, at 8.    Ohio AG PIF 10002434, 3/11/2006.

OCSPA applies to debt collectors and litigation activities of debt collectors.    *Hartman v. Asset Acceptance Corp.*, Case 1:03-cv-113 (U.S. Dist. Ct., S.D. Ohio, 2/7/2006); Doc.8, at 7.

12

Ohio AG PIF 10002329, 3/7/2005.

OCSPA applies to debt collection activities and to FDCPA violations, including litigating without authority or capacity to do so; attempt to collect costs and interest in actions commenced without legal authority; taking action to collect a debt which they are not legally entitled to collect.   *Foster v. D.B.S. Collection Agency, et al.*, Case 2:01-cv-00514-ALM-TPK (U.S. Dist. Ct., S.D. Ohio, 12/5/2006); Doc.159.   Ohio AG PIF 10002518, 12/12/2006.

**B.  JBR is a debt collector whose debt collection actions are subject to the OCSPA, and not exempted under the exception for financial institutions.**

At pages 6-8 of its Brief in Support of JBR 1ˢᵗ Motion, JBR attempts three arguments: (1) JBR is not a "supplier"; (2) filing a lawsuit is not subject to the OCSPA; and (3) there was no "consumer transaction."

As an initial matter, JBR fails to explain how the debt collection activities in this case are different from previous cases where JBR has been found by courts to be subject to the OCSPA. As discussed in the preceding section, JBR's arguments against OCSPA liability have been rejected by other courts.   These arguments were made in identical situations, i.e., when it had made misrepresentations in debt collection lawsuits while representing debt collectors who had obtained charged-off debt by assignment.   These cases establish what the counterclaim alleges – JBR and the NCO counter-defendants are debt collectors.

**1.  JBR is a "supplier" subject to the OCSPA when it is representing an assignee debt collector such as plaintiff NCO.**

"Under well-settled Ohio and federal case law,   … [debt-collector defendants] qualify as "suppliers" under the OCSPA because they are engaged in the business of collecting

13

consumer debts."   *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 809 (S.D. Ohio 2006).

*Evans v. Midland Funding LLC*, No. 1:08-cv-180 (S.Dist. Ohio, Aug. 8, 2008) **involved JBR** and Midland, a direct competitor of NCO, also suing as an assignee.   The *Evans* court, rejecting similar arguments about the inapplicability of OCSPA to debt collectors, stated: "The [O]CSPA is a remedial law and must be construed in favor of the consumer." *Id.* at 16, quoting *Whitaker v. M.T. Automotive, Inc.*, 111 Ohio St. 3d 177, 185, 855 N.E.2d 825 (2006).

JBR bases its arguments on excerpts from the American Heritage Dictionary, while ignoring legal precedent against itself in identical situations – such as in *Evans*.   JBR's argument also does not comport with the law or the remedial purpose of the OCSPA, and should be rejected just as it has repeatedly been rejected by other courts.

## 2.   OCSPA applies to debt collection activity, even when that activity consists of debt collection litigation

Section III (A), *supra*, discusses that debt collection, including debt collection litigation, is covered by the OCSPA.   Moreover, JBR's repeated protestation that it cannot be subjected to OCSPA for simply "filing a complaint" misses two important points.   First, as noted above, they are not simply "filing a lawsuit" like any other general litigant.   As debt collectors, by filing a lawsuit, they are engaging in a critical aspect of their business – debt collection.   See, Counterclaim ¶38, 44.   It is the debt collection activity that is being challenged under the OCSPA.   Second, the act of filing a complaint is not challenged, rather the lies in the complaint are being challenged.   To put it plainly, you may have the right to file a complaint, but if you tell lies in it and you are a debt collector – then the consumer protection laws, including the OCSPA, will hold you accountable.

14

### 3.  The financial institution exception to the OCSPA does not apply to a debt collector assignee (PRA) or to its debt collector attorney (JBR).

JBR's also argues for exemption from the OCSPA under the financial institution exception, claiming "Plaintiff is an assignee of a transaction between a financial institution and a consumer." JBR 1st Motion, Memo at page 7.  Again, this argument has been directly rejected by courts.

JBR made the same objections to the application of the OCSPA in *Williams v. Javitch, Block & Rathbone*, LLP, 480 F. Supp.2d 1016, 1024 (S.D.Ohio 2007).  *Williams* involved JBR and Palisades, another direct competitor of NCO, also suing as an assignee.

In *Williams*, as in this case, the consumer alleged JBR and its client committed OCSPA violations based on misrepresentations made in a collection lawsuit filed on behalf of the assignee of a financial institution.  In this case, plaintiff claims its right based on an alleged assignment from Citibank.  Complaint, ¶1.

JBR frames its argument with the red herring that "[t]he filing of a lawsuit does not, in and of itself, constitute a consumer transaction."  JBR 1st Motion, Memo at page 7.  But debt collection, including a debt collection lawsuit, is a "consumer transaction" for purposes of the OCSPA.  And this case, like *Williams*, alleges OCSPA liability based on misrepresentations made in connection with debt collection.  The *Williams* court summarized the relevant law:

> … Ohio courts have found assignees to be suppliers in certain circumstances. Generally, those circumstances are ones where the assignee is in the business of attempting to enforce payment of the debt for a supplier, i.e. a collection agency. The **courts deem such assignments as part of and effecting the consumer transaction**. See *Celebrezze v. United Research* (1985), 19 Ohio App. 3d 49, 51; *Liggins v. The May Company* (1975), 73 O.O. 2d 306, 308.

*Williams*, Id. at 1024, quoting *Dartmouth Plan, Inc. v. Haerr*, 1990 Ohio App. LEXIS 5738 (Ohio 3rd App. Dist., December 4, 1990), emphasis added.

15

A "financial institution" and its debt-collector attorneys are entitled to an exemption from the OCSPA.    In fact, JBR has been the beneficiary of such an exemption in some cases, **but only when** representing a "financial institution."    See, e.g., *Gionis, supra.*    JBR has been denied such an exemption when it is representing a debt-collector assignee such as plaintiff NCO in this case.    Just as JBR is acting in this case for NCO, as an assignee of Citibank, in *Williams* JBR was acting for Palisades – also a collector of delinquent debt as assignee of financial institutions.    In denying JBR the exemption, the Williams court stated:

> [T]he Court cannot locate any definitive authority suggesting that an assignee of a financial institution, an assignee whose business apparently is to collect old debt, is entitled to the same [OCSPA financial institution] exemption.

*Williams,* Id.

JBR's liability under the OCSPA has been repeatedly recognized by other courts, most recently by the Sixth Circuit in *Hartman.*    Similarly, the OCSPA liability of debt-buyer-collectors, such as NCO, is also well established as demonstrated in *Hartman.*    For these reasons, JBR's arguments claiming immunity from OCSPA should be rejected.

## IV.    Conclusion

JBR's arguments in this motion were considered and rejected by the municipal court. Now, JBR seeks to appeal that decision to this court under the guise of a subject matter jurisdiction challenge.    JBR arguments are patently defective because even if its arguments are considered valid, it has still conceded that the municipal court had jurisdiction over Mr. Hrivnak's OCSPA claim.    This was sufficient for the municipal court to certify the case to this court when it found that its monetary jurisdiction had been exceeded based on the counterclaim.    JBR has already been found, by many courts, to be subject to the OCSPA when,

16

as here, it is acting as a debt collector attorney for a debt collector assignee.    JBR's arguments

are entirely without merit, and Mr. Hrivnak respectfully requests that JBR's motion be denied.

Respectfully submitted,

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752 3330
misraan@misralaw.com

Robert S. Belovich (#0024187)
5638 Ridge Road
Parma, Ohio 44129
(440) 884-8018
rsb@belovichlaw.com

Attorneys for Defendant

### Certificate of Service

I hereby certify that a copy of the foregoing was served on counsel for Plaintiff and
Counter-defendants: Franklin C. Malemud, Esq., Reminger Co., L.P.A.,    1400 Midland Bldg.,
101 Prospect Ave. West, Cleveland, OH 44115, and Michael D. Slodov, Esq., Javitch, Block &
Rathbone LLP, 1100 Superior Ave, 19th Floor, Cleveland OH 44114-2518, on August 31, 2009, by
regular mail postage prepaid.

Anand N. Misra
One of the Attorneys for Defendant

17

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

NCO Portfolio Management, et al.                      )      CASE NO: CV-09-701481

                                                     )      **FILED**

                                                     )      2009 SEP -4 P 3: 48

    PLAINTIFF AND                                    )      Judge Joseph D. Russo

    COUNTER-DEFENDANTS.                              )      GERALD E. FUERST

                                                     )      CLERK OF COURTS

    vs.                                              )      DEFENDANT HRIVNAK'S OPPOSITION TO MOTION

                                                     )      TO DISMISS AND/OR REMAND FILED BY PLAINTIFF

                                                     )      AND COUNTER-DEFENDANTS NCO PORTFOLIO

Christopher G. Hrivnak                               )      MANAGEMENT, NCO GROUP, INC., AND NCO

                                                     )      FINANCIAL SYSTEMS, INC.

    DEFENDANT AND                                    )      (MOTION FILED 8/27/2009).

    COUNTER-PLAINTIFF.                               )


Plaintiff and counter-defendants NCO Portfolio Management, NCO Group, Inc., and NCO

Financial Systems, Inc. (collectively "NCO") have filed a motion to dismiss incorporating "by

reference as if fully reprinted herein, the Javitch, Block & Rathbone LLC's Motion to Dismiss &

or Remand in its entirety." (Hereafter "JBR 2nd Motion").    This JBR Motion in turn incorporated

by reference an earlier motion filed in the Bedford Municipal Court.    (Hereafter "JBR 1st

Motion").    Because JBR 1st Motion contains, in part, arguments clearly applicable only to JBR

and not to NCO, it is unclear how NCO intends to incorporate these into its current motion.

This unfairly places the burden upon Mr. Hrivnak and this court to determine what arguments

NCO seeks to make in support of its motion.    The court should initially consider striking NCO's

defective motion on this ground, pursuant to Common Pleas Court Rule 11 (B).

Mr. Hrivnak has filed his brief opposing JBR 2nd Motion on August 31st, 2009 (hereafter

"JBR Opp. Br.")   He incorporates here, as if rewritten, whatever sections of that brief the court

determines to be relevant to NCO's motion.    Rather than impose a redundant argument upon

this court, Mr. Hrivnak simply summarizes key arguments made in JBR Opp. Br. that may be

relevant to NCO's motion:

1.    After losing on the merits of a similar motion filed in the Bedford Municipal Court, JBR and now NCO ("counter-defendants") ask this court for the same relief.

2.    The Bedford Municipal Court has already rejected these arguments and this motion is an improper appeal from that decision of the municipal court.

3.    NCO's objections to transfer of the case to this court are defective because:

   a.    There is no dispute that the municipal court had subject matter jurisdiction over Mr. Hrivnak's OCSPA claims under O.R.C. § 1345.04.    Thus, it had authority to make orders as to the counterclaim.    The municipal court also had subject matter jurisdiction under O.R.C. §§ 1901.18(A)(1), (2) and (3).

   b.    The wrongful actions challenged in the counterclaim occurred in the Bedford Municipal Court in or relating to the complaint filed in this case.    Thus, there is no valid argument as to territorial jurisdiction.

   c.    The NCO counter-defendants had already submitted to the jurisdiction of the municipal court before its order transferring this case, thus objections of personal jurisdiction are moot.    See Municipal Court docket entry relating to NCO motion filed on 7/24/2009.

   d.    When a counterclaim exceeds the monetary jurisdiction of the municipal court, it is required, by O.R.C. § 1901.22(E) and Civ. R. 13(J), to certify the case to the common pleas court.

   e.    Joinder of the new NCO entities to the counterclaim asserted against the plaintiff NCO entity is authorized under Civil Rules 13(H) and 20, because the counterclaim alleges facts and law common to all counter-defendants based on the wrongful

2

debt collection practices employed in connection with debt collection lawsuits.

The counterclaim also asserts a right to relief against these counter-defendants.

4.   NCO, through its incorporation of JBR's arguments, has accepted the municipal court's

rejection of the arguments against the counterclaim's ODTPA (Count Three) and

common law claims (Counts Three, Four, Five, Six, Nine and Ten).   The FDCPA claims

(Counts One and Seven) are not challenged.   The only claims challenged by JBR, and

thus by NCO, are the OCSPA claims (Counts Two and Eight).   The argument that the

counterclaim fails to state an OCSPA claim is defective because:

a.   These arguments have already been rejected by the municipal court.   This court

need not reconsider them.

b.   NCO entities are debt collectors and courts have already ruled that their debt

collection litigation activity is subject to the OCSPA.   See, e.g., filing a time-barred

lawsuit is an FDCPA violation (false representation, unfair and unconscionable).

*Davis v. NCO Portfolio Management, Inc, Javitch, Block, Rathbone, et al.* Case

1:05-cv-00734-SSB-TSH (U.S. Dist. Ct., S.D. Ohio, 2/7/2006); Doc.8, at 7.

c.   "Plaintiff is an assignee of a transaction between a financial institution and a

consumer."   JBR 1st Motion, Memo at page 7.   Thus, the NCO entities are debt

collectors seeking to collect as assignees.   Such debt collection actions are subject

to the OCSPA, and not exempted under the exception for financial institutions.

> … Ohio courts have found assignees to be suppliers in certain
> circumstances. Generally, those circumstances are ones where the
> assignee is in the business of attempting to enforce payment of the
> debt for a supplier, i.e. a collection agency. The **courts deem such
> assignments as part of and effecting the consumer transaction**.

3

See *Celebrezze v. United Research* (1985), 19 Ohio App. 3d 49, 51; *Liggins v. The May Company* (1975), 73 O.O. 2d 306, 308.

*Williams*, Id. at 1024, quoting *Dartmouth Plan, Inc. v. Haerr*, 1990 Ohio App. LEXIS 5738 (Ohio 3rd App. Dist., December 4, 1990), emphasis added.

> [T]he Court cannot locate any definitive authority suggesting that an assignee of a financial institution, an assignee whose business apparently is to collect old debt, is entitled to the same [OCSPA financial institution] exemption.

Id.

d.   Debt collection, including debt collection lawsuits are subject to the OCSPA.   In rejecting the same argument by counter-defendant JBR, a court stated:

> Given the OCSPA's purpose to protect consumers from deceptive acts and practices, and Ohio courts' recognition that debt collection falls within the OCSPA's ambit, the Court believes Ohio courts would recognize a cause of action under Section 1345.02(B)(10) **for all deceptive debt collection practices, including a supplier's deceptive lawsuit to collect a debt**. This is also consistent with some courts' holdings that a violation of the FDCPA is automatically also a violation of Section 1345.02 or 1345.03. See, e.g., *Becker v. Montgomery*, Lynch, No. 1:02CV874, 2003 WL 23335929, at *2 (N.D. Ohio 2003).

*Delawder v. Platinum Financial Services Corp. et al.*, Case C-1-04-680 (U.S. Dist. Ct., S.D. Ohio, 3/10/2006); Doc.16, at 18-19.   Ohio AG PIF 10002438, 3/11/2006.

## Conclusion

The NCO arguments in its motion were considered and rejected by the municipal court. NCO's disguised effort to appeal that decision to this court are defective because the municipal court had jurisdiction and properly transferred the case to this court.   Therefore, Mr. Hrivnak respectfully requests that NCO's motion be denied.

Respectfully submitted,

4

_(signature)_

_____

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752 3330
misraan@misralaw.com

Robert S. Belovich (#0024187)
5638 Ridge Road
Parma, Ohio 44129
(440) 884-8018
rsb@belovichlaw.com

Attorneys for Defendant

## Certificate of Service

I hereby certify that a copy of the foregoing was served on counsel for Plaintiff and Counter-defendants: Franklin C. Malemud, Esq., Reminger Co., L.P.A., 1400 Midland Bldg., 101 Prospect Ave. West, Cleveland, OH 44115, and Michael D. Slodov, Esq., Javitch, Block & Rathbone LLP, 1100 Superior Ave, 19th Floor, Cleveland OH 44114-2518, on September 4, 2009, by facsimile transmission.

_(signature)_

_____

Anand N. Misra
One of the Attorneys for Defendant



CASE:  CV-09-701481

745893

NCO PORTFOLIO MANAGEMENT
VS.
CHRISTOPHER G HRIVNAK ET AL

Judge: JOSEPH D RUSSO
ROOM:  22D JUSTICE CENTER
DOCKET DATE:  09/27/2009

CMC BY PHONE SET FOR 11/05/2009 AT 03:45 PM
PLAINTIFF SHALL INITIATE TELEPHONE CONFERENCE
CALL WITH ALL OTHER PARTIES AND CALL INTO THE
COURT AT THE APPOINTED HOUR AT 216-443-7326.

H055574

**FROM:**
CUYAHOGA COUNTY - COURT OF COMMON PLEAS
GERALD E. FUERST - CLERK OF COURTS
JUSTICE CENTER - COURT TOWER
1200 ONTARIO ST
CLEVELAND, OH 44113

First-Class Mail
U. S. Postage Paid
Cleveland, OH
Permit No. 1962

**TO:**
JAVITCH, BLOCK & RATHBONE LLP
1100 SUPERIOR AVENUE - 19TH FLOOR
CLEVELAND, OH 44114

H2SS74

First-Class Mail
U. S. Postage Paid
Cleveland, OH
Permit No. 1962

OCT 13 2009

FROM:
CUYAHOGA COUNTY - COURT OF COMMON PLEAS
GERALD E. FUERST - CLERK OF COURTS
JUSTICE CENTER - COURT TOWER
1200 ONTARIO ST
CLEVELAND, OH 44113

TO:
JAVITCH, BLOCK & RATHBONE LLP
1100 SUPERIOR AVENUE - 19TH FLOOR
CLEVELAND, OH 44114

CASE: CV-09-701481                    750754

NCO PORTFOLIO MANAGEMENT
VS.
CHRISTOPHER G HRIVNAK ET AL

JUDGE: JOSEPH D RUSSO
ROOM:   22D JUSTICE CENTER
DOCKET DATE:   10/09/2009

PLAINITFF AND THIRD PARTY DEFENDANT NCO
PORTFOLIO MANAGEMENT, INC., THIRD PARTY
DEFENDANTS NCO GROUP, INC., AND NCO FINANCIAL
SYSTEMS, INC.'S MOTION TO DISMISS AND/OR
REMAND, FILED 08/27/2009, IS DENIED. THIRD PARTY
DEFENDANT JAVITCH, BLOCK & RATHBONE LLP'S
MOTION TO DISMISS AND/OR REMAND, FILED
08/24/2009, IS DENIED. THERE IS NO JUST CAUSE
FOR DELAY.  CLTMW 10/06/2009  NOTICE ISSUED

SOW

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE JOSEPH RUSSO |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | **MOTION FOR ADMISSION PRO** |
| vs. | ) | **HAC VICE** |
| | ) | |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| "Third Party Defendants." | ) | |

Undersigned counsel for NCO Portfolio Management, Inc., NCO Financial Systems, Inc., and NCO Group, Inc., moves in accordance with Rule I, Section 8A of the Rules for Government of the Bar, for admission *pro hac vice* of Allison Cannizaro, and in support of this Motion and as set forth in the Affidavits, states as follows:

1.      Affiant is a member in good standing of the Bar of the State Louisiana (See attached Exhibit "A" - State of Louisiana Bar Certificate of Good Standing), and is eligible to practice before, among other courts, the United States Districts Court for the Eastern, Western and Middle Districts of Louisiana.  Affiant has never been disbarred, suspended or denied admission to practice.  (See attached Exhibit "B" – Affidavit of Allison Cannizaro, Esq. dated 10/7/09).

2.      Affiant recognizes that *pro hac vice* admission is designed for allowing attorneys who infrequently appear in this Court to do so without the necessity of going through the more formal admission requirements.  Should this Motion be granted, Affiant agrees to be subject to the disciplinary rules of this Court.

3.     Affiant has read and is familiar with the Local Rules, Civil Rules, and Rules of Evidence and Code of Professional Responsibility.

4.     Affiant is familiar with the instant case and it would serve the interest of efficiency if she were allowed to appear as counsel in this matter.

5.     Affiant is aware that if this Motion is granted, all appearances made in Court will require that another attorney admitted to practice in this Court accompany her. (See Exhibit "C" – Franklin C. Malemud, Esq. Affidavit dated 10/15/09).

WHEREFORE, the undersigned respectfully requests this Court enter the attached Order allowing Allison Cannizaro, Esq. to appear as counsel of record in the instant matter.

Respectfully submitted,

_____
Franklin C. Malemud, Esq. (0068356)
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio   44115-1093
Phone:   (216) 687-1311
Fax:      (216) 687-1841
Email:   fmalemud@reminger.com
*Attorney for NCO Portfolio Management*
*NCO Group, Inc.*
*NCO Financial Systems, Inc.*
*NCO Portfolio Management*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was sent by regular U. S. Mail on this 16th day of October 2009

to the following:

Robert S. Belovich, Esq.
5638 Ridge Road
Parma, OH  44129

Anand N. Misra, Esq.
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, OH  44122

Michael D. Slodov, Esq.
Javitch, Block & Rathbone, LLP
1100 Superior Ave., 19th Fl.
Cleveland, OH  44114-2518

_____
Franklin C. Malemud, Esq. (0068356)

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE JOSEPH RUSSO |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | **ORDER ADMITTING ALLISON** |
| vs. | ) | **CANNIZARO PRO HAC VICE** |
| | ) | |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| "Third Party Defendants." | ) | |

**THIS MATTER** having been opened to the Court by Franklin C. Malemud, attorney for Plaintiffs/"Third-Party Defendants" NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., for the admission pro hac vice of Allison Cannizaro, Esq., to appear on behalf of Plaintiffs/"Third-Party Defendants" as co-counsel, and the court having considered the Affidavits submitted in support of said application, and good cause having been shown;

**IT IS** on this _____ day of _____, 2009 ordered that Allison Cannizaro, Esq., of the firm Sessions, Fishman, Nathan & Israel, L.L.P., is hereby admitted pro hac vice to appear in this matter as co-counsel on behalf of the Plaintiffs/"Third-Party Defendants", NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., in accordance with, and pursuant to, Rule I, Section 8A of the Rules for the Government of the Bar.

It is ordered.

_____
JUDGE JOSEPH RUSSO

# United States of America

## State of Louisiana

# Supreme Court of the State of Louisiana

I, JOHN TARLTON OLIVIER, Clerk of the Supreme Court of the State of Louisiana,

do hereby certify that

### *ALLISON LIEBMAN CANNIZARO, ESQ., #29951*

was duly admitted and licensed to practice as an attorney and counselor at law in this Court

and the several courts of the State of Louisiana, on the 28th Day of October, 2005 A.D.; and is

currently in good standing, and sufficiently qualified to perform the duties of an attorney and

counselor at law.

IN WITNESS WHEREOF, I hereunto sign

my name and affix the  seal of this Court, at

the City of New Orleans, this the 11th Day of

September, 2009, A.D.



Clerk of Court
Supreme Court of Louisiana



## CUYAHOGA COUNTY COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| NCO Portfolio Management, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO.: 09-CV-701481 |
| | ) |
| Christopher Hrivnak, | ) |
| | ) |
| Defendant. | ) |
| vs. | ) |
| | ) |
| NCO Portfolio Management, et al., | ) |
| | ) |
| Third Party Defendants. | ) |

### AFFIDAVIT OF ALLISON CANNIZARO IN SUPPORT
### OF MOTION TO BE ADMITTED PRO HAC VICE

I, Allison Cannizaro, Esquire, hereby certify as follows:

1. I am an attorney at law of the State of Louisiana and a member of the firm of Sessions, Fishman, Nathan & Israel, L.L.P.  My firm maintains an office at 3850 N. Causeway Blvd., Suite 200, Metairie, Louisiana 70002.  I make this Affidavit in support of my application, pursuant to Rule I, Section 8A of the Rules for the Government of the Bar, for admission pro hac vice as counsel for Plaintiffs/Third-Party Defendants, NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., in the within matter.

2. I am a member in good standing of the Bar of the Supreme Court of the State of Louisiana, the highest court of the State.  I have been admitted to practice before the Supreme Court of Louisiana since October 28, 2005 and have remained a member in good standing since that time. I am also a member in good standing to practice before all of the United States District Courts for Louisiana, and the United States Fifth Circuit Court of Appeals.  My license to practice law has never been suspended or revoked, nor have I ever been subjected to any disciplinary

EXHIBIT

B

proceedings in any jurisdiction.  Annexed hereto as Exhibit "A" is a true copy of a Certificate of

Good Standing issued by the Supreme Court of Louisiana.

3.  I am associated in this matter with Franklin C. Malemud, Esq., Reminger Co., LPA, 1400

Midland Building, 101 Prospect Avenue, West, Cleveland, Ohio 44115, who will serve as

counsel of record.

4.  I am familiar with the Local Rules, Civil Rules, and Rules of Evidence and Code of

Professional Responsibility, and will confer with the undersigned counsel during the course of

this litigation concerning the Local Rules.

5.  I make this Certification in support of my application for admission pro hac vice in order to

represent my clients, NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO

Group, Inc., who have requested my representation in the within action.

6.  I agree that local counsel will sign all pleadings or other papers and participate meaningfully

in the preparation and trial of the case or proceedings to the extent required by the court.

7.  Based upon all of the above, it is respectfully requested that my application for admission

pro hac vice on behalf of Plaintiffs/Third-Party Defendants, NCO Portfolio Management, Inc.,

NCO Financial Systems, Inc. and NCO Group, Inc., be granted.

ALLISON CANNIZARO

Dated: October  7 , 2009

Sworn and subscribed to
Before me this  7  day of
Oct  2009.

Notary Public

Kevin G. Barreca
Notary Public, No. 54583
State of Louisiana
My commission is for life.

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOSEPH RUSSO |
| vs. | ) | |
| | ) | |
| Christopher Hrivnak, | ) | **AFFIDAVIT OF FRANKLIN C.** |
| | ) | **MALEMUD, ESQ. IN SUPPORT OF** |
| Defendant. | ) | **MOTION FOR ADMISSION PRO** |
| vs. | ) | **HAC VICE OF ALLISON** |
| | ) | **CANNIZARO, ESQ.** |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| "Third Party Defendants." | ) | |

County of Cuyahoga )
State of Ohio        ) ss

**EXHIBIT**

C

I, Franklin C. Malemud, Esq., being duly sworn, upon his oath deposes and says the following is true:

1. I am an attorney at law of the State of Ohio and a member of the firm Reminger Co., LPA, attorneys for Plaintiffs/"Third-Party Defendants" NCO Portfolio Management, Inc,, NCO Financial Systems, Inc. and NCO Group, Inc., in the within matter. I make this Certification in support of the application, pursuant to Rule I, Section 8A of the Rules for the Government of the Bar, to admit Allison Cannizaro, Esq. pro hac vice as counsel for Plaintiffs/"Third-Party Defendants", NCO Portfolio Management, Inc,, NCO Financial Systems, Inc. and NCO Group, Inc, in the within matter.

2. Allison Cannizaro is an attorney at law of the State of Louisiana and a member of the firm of Sessions, Fishman, Nathan & Israel, L.L.P. She has had an attorney-client relationship with the Plaintiffs/"Third-Party Defendants" for an extended period of time. In addition, Ms. Cannizaro is fully conversant with the facts and issues involved in this

action and the Plaintiffs/"Third Party Defendants" wish to be represented by her in this matter.

3.  My firm, Reminger Co., LPA, will act as counsel of record for the Plaintiffs/"Third-Party Defendants" in the within matter.  Pursuant to the terms of Rule I, Section 8A of the Rules for the Government for the Bar, if the motion to permit Allison Cannizaro to appear <u>pro hac vice</u> is granted, I will sign all papers and be responsible for the conduct of the proceedings.

Further Affiant Sayeth Naught.

_____

Franklin C. Malemud

**Verfication**

Sworn and subscribed to before me by Franklin C. Malemud on this 15th day of October 2009:

_____

Notary Public

NANCY LENTZ
Notary Public, State of Ohio, Lorain Cty.
My Commission Expires 7-9-2010

220

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

NCO Portfolio Management,                ) CASE NO.: CV-09-701481

                  Plaintiff,    )

                     )  **Judge: JOSEPH D RUSSO**

    vs.    )

Christopher Hrivnak,    )

                 Defendant.    )

    vs.    )

NCO Portfolio Management, et al.,    )

          Counterclaim Defendants.    )

### Reply to Counterclaim

Now comes Counter-claim Defendant, Javitch, Block, & Rathbone, LLP (JB&R), by and through undersigned counsel, and for their Reply to Defendant's Counterclaim, responds as follows.

1. JB&R denies the allegations contained in paragraph 25, 40, 45, 46, 47, 49-138, of Defendant's counterclaim.

2. JB&R denies for want of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 26 through 37, 42, 44, of Defendant's counterclaim.

3. JB&R admits the allegations contained in paragraphs 38, 39, 43, 48, of Defendant's counterclaim.

4. JB&R admits that is a debt collector as defined by the FDCPA, but denies the remaining allegations contained in paragraph 41 of Defendant's counterclaim.

### AFFIRMATIVE DEFENSES

1.     Defendant's Counterclaim fails to state a claim upon which relief may be granted.

2.     This Court lacks subject matter jurisdiction over Defendant's Counterclaim.

3.      Defendant's Counterclaim is barred by the doctrine of laches and equitable estoppel.

4.      Counter Defendants did not violate the FDCPA, and if any such violation is found, such violation was not intentional and was based on a bona fide error.

5.      Defendant suffered no compensable actual damages.

6.      Defendant failed to mitigate his damages, if any.

7.      None of the Counter Defendants are suppliers as defined by R.C. 1345.01(C).

8.      None of the Counter Defendants engaged in a consumer transaction as defined by R.C. 1345.01(A).

9.      Defendant is not a consumer as defined by R.C. 1345.01(D).

10.     Filing a lawsuit is an act or practice specifically permitted by law and is exempt from the requirements of the Ohio CSPA by virtue of R.C. 1345.12.

11.     Filing a lawsuit is not an act or practice within the scope of R.C. §4165.02(A)(2), §4165.02(A)(7), and §4165.02(A)(9).

12.     Counter-Defendants engaged in no illegal act or practice to support a claim of civil conspiracy.

13.     Counter Defendants state that these proceeding were not perverted to attempt to accomplish an ulterior purpose for which it was not designed and that no direct damage has resulted from the use of process.

14.     Counter Defendants state Defendant's fraud and defamation claims are barred by absolute privilege as a statement made in a judicial proceeding enjoys an absolute privilege as long as the allegedly statement is reasonably related to the proceeding in which it appears.

15.     Counter Defendants made no false representation of any material fact, Defendant did not rely on any such statement to his detriment, therefore barring Defendant's claim for fraud.

16.     To the extent the Ohio Consumer Sales Practices Act is construed to apply to state court pleadings, 1345.02 and 1345.03 are unconstitutional as applied and void for vagueness and overbreadth, under the First and Fourteenth Amendment to the U.S. Constitution, and violate Article IV, Section 5(B) of the Ohio Constitution.

WHEREFORE, having fully responded to Defendant's Counterclaim, Counter Defendant Javitch, Block & Rathbone prays that the counterclaim be dismissed and that Counter-Defendants be permitted to go hence with the costs of this action, expenses and attorney fees borne entirely by Defendant.

Respectfully Submitted:

_____
MICHAEL D. SLODOV, SCR#0051678
JAVITCH, BLOCK & RATHBONE
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
Ph:     (216) 623-0000 ex. 3057
Fax:    (216) 685-3038
E-mail: mslodov@jbandr.com
*Attorneys for Counter-Defendant*
*Javitch, Block & Rathbone, LLP*

## Certificate of Service

The undersigned hereby certifies that the foregoing was served upon Robert Belovich, attorney for the Defendant, at 5638 Ridge Road, Parma, OH, 44129 and Anand N. Misra, The Misra Law Firm, LLC, 3659 Green Road, Suite 100, Beachwood, Ohio 44122, and Franklin C. Malemud, Esq., Reminger Co., L.P.A., 101 Prospect Avenue, West, Cleveland, OH 44115-1093, via regular U.S. Mail postage pre-paid, this October 22, 2009.

_____
Michael D. Slodov, SCR #0051678

3

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Joseph Russo |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | **ANSWER AND AFFIRMATIVE** |
| vs. | ) | **DEFENSES** |
| | ) | |
| NCO Portfolio Management, Inc. et al., | ) | |
| | ) | |
| "Third Party Defendants." | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES "Third Party Defendant", NCO Financial Systems, Inc. ("NCOF"), which by and through undersigned counsel responds to the Counterclaim filed by Defendant, Christopher Hrivnak ("Hrivnak"), as follows:

### PARTIES

23. The allegations in ¶ 23 require no response. To the extent a response is required, NCOF denies the allegations.

24. NCOF admits that Hrivnak purports to bring this counterclaim for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA"), the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01, et seq. ("OCSPA"), the Ohio Deceptive Trade Practices Act, Ohio Revised Code 4165.01 et seq. ("ODTPA"), as well as state law claims of fraud,

defamation and civil conspiracy, but denies any and all damages, liability and/or violations to the extent alleged in ¶ 24.

25.    NCOF denies the allegations in ¶ 25 for lack of sufficient information to justify a belief therein.

26.    NCOF denies the allegations in ¶ 26.

27.    NCOF denies the allegations in ¶ 27.

28.    The allegations in ¶ 28 call for a legal conclusion and do not require an affirmative response.  To the extent that an affirmative response is required, NCOF denies the allegations in ¶ 28.

29.    NCOF denies the allegations in ¶ 29.

30.    NCOF admits that it engages in the collection of debt.  Except as specifically admitted, NCOF denies the allegations in ¶ 30.

31.    NCOF admits that it is a subsidiary of NCO Group, Inc.  Except as specifically admitted, NCOF denies the allegations in ¶ 31.

32.    NCOF denies the allegations in ¶ 32.

33.    NCOF admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its actions may be subject to regulation pursuant to the FDCPA.  Except as specifically admitted, NCOF denies the allegations in ¶ 33.

34.    The allegations in ¶ 34 call for a legal conclusion and do not require an affirmative response.  To the extent that an affirmative response is required, NCOF denies the allegations in ¶ 34 for lack of sufficient information to justify a belief therein.

35.     NCOF denies the allegations in ¶ 35.

36.     NCOF denies the allegations in ¶ 36.

37.     The allegations in ¶ 37 do not require an affirmative response, but NCOF's responses herein are solely on behalf of NCO Financial Systems, Inc.

38.     NCOF denies the allegations in ¶ 38 for lack of sufficient information to justify a belief therein.

39.     NCOF denies the allegations in ¶ 39 for lack of sufficient information to justify a belief therein.

40.     NCOF denies the allegations in ¶ 40 for lack of sufficient information to justify a belief therein.

41.     NCOF denies the allegations in ¶ 41 for lack of sufficient information to justify a belief therein.

42.     NCOF admits that it engages in the collection of debt.  Except as specifically admitted, NCOF denies the allegations in ¶ 42.

43.     NCOF admits the allegations in ¶ 43.

44.     NCOF denies the allegations in ¶ 44.

45.     NCOF denies the allegations in ¶ 45.

46.     NCOF denies the allegations in ¶ 46.

47.     NCOF denies that the lawsuits filed by NCO Portfolio Management are unlawful and denies the remaining allegations in ¶ 47 for lack of sufficient information to justify a belief therein.

48.     NCOF denies that the lawsuits filed by NCO Portfolio Management are unlawful and denies the remaining allegations in ¶ 48 for lack of sufficient information to justify a belief therein.

49.     NCOF denies that the lawsuits filed by NCO Portfolio Management are unlawful and denies the remaining allegations in ¶ 49 for lack of sufficient information to justify a belief therein.

50.     NCOF denies that the lawsuits filed by NCO Portfolio Management are unlawful and denies the remaining allegations in ¶ 50 for lack of sufficient information to justify a belief therein.

51.     NCOF denies the allegations in ¶ 51 for lack of sufficient information to justify a belief therein.

52.     NCOF denies the allegations in ¶ 52.

53.     NCOF denies the allegations in ¶ 53.

54.     NCOF denies the allegations in ¶ 54.

55.     NCOF denies any liability, violations or wrongdoing to the extent alleged in ¶ 55.

56.     NCOF denies the allegations in ¶ 56 for lack of sufficient information to justify a belief therein.

57.     NCOF denies the allegations in ¶ 57.

58.     NCOF denies the allegations in ¶ 58.

59.     NCOF denies the allegations in ¶ 59.

60.     NCOF denies the allegations in ¶ 60.

61.     NCOF denies the allegations in ¶ 61.

62.     NCOF denies the allegations in ¶ 62.

63.     NCOF denies the allegations in ¶ 63.

64.     NCOF denies the allegations in ¶ 64.

65      NCOF denies the allegations in ¶ 65.

66.     NCOF denies the allegations in ¶ 66.

67. .   NCOF denies the allegations in ¶ 67

## CLASS ALLEGATIONS

68.     In response to ¶ 68, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

69.     NCOF admits that Defendant purports to bring a class action, but NCOF denies that this suit meets the requirements of a class action.

70.     NCOF denies the allegations in ¶ 70 and further denies that this suit meets the requirements of a class action.

71.     NCOF denies the allegations in ¶ 71 and further denies that this suit meets the requirements of a class action.

72.     NCOF denies the allegations in ¶ 72 and further denies that this suit meets the requirements of a class action.

73.     NCOF denies the allegations in ¶ 73 and further denies that this suit meets the requirements of a class action.

74.     NCOF denies the allegations in ¶ 74 and further denies that this suit meets the requirements of a class action.

75.     NCOF denies the allegations in ¶ 75.

76.     NCOF denies the allegations in ¶ 76 and further denies that this suit meets the requirements of a class action.

77.     NCOF denies the allegations in ¶ 77 and further denies that this suit meets the requirements of a class action.

78.     NCOF denies the allegations in ¶ 78 and further denies that this suit meets the requirements of a class action.

79.     NCOF denies the allegations in ¶ 79 and further denies that this suit meets the requirements of a class action.

80.     NCOF denies the allegations in ¶ 80 and further denies that this suit meets the requirements of a class action.

81.     NCOF denies the allegations in ¶ 81 and further denies that this suit meets the requirements of a class action.

82.     NCOF denies the allegations in ¶ 82 and further denies that this suit meets the requirements of a class action.

83.     NCOF denies the allegations in ¶ 83 and further denies that this suit meets the requirements of a class action.

84.     NCOF denies the allegations in ¶ 84 and further denies that this suit meets the requirements of a class action.

85.     NCOF denies the allegations in ¶ 85 and further denies that this suit meets the requirements of a class action.

**COUNT ONE – Class Claim: FDCPA**

86.     In response to ¶ 86, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

87.     NCOF admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection activities may be regulated by certain provisions of the FDCPA.  Except as specifically admitted, NCOF denies the allegations in ¶ 87.

88.     NCOF denies the allegations in ¶ 88.

89.     NCOF denies the allegations in ¶ 89, including sub-parts (a) – (e).

90.     NCOF denies the allegations in ¶ 90.

91.     NCOF denies the allegations in ¶ 91.

### COUNT TWO – Class Claim: Deceptive, Unfair or Unconscionable Acts

92.     In response to ¶ 92, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

93.     NCOF denies the allegations in ¶ 93 for lack of sufficient information to justify a belief therein.

94.     NCOF denies the allegations in ¶ 94.

95.     NCOF denies the allegations in ¶ 95.

96.     NCOF denies the allegations in ¶ 96, including sub-parts (a) – (c).

97.     NCOF denies the allegations in ¶ 97.

### COUNT THREE – Class Claim: Deceptive Trade Practices

98.     In response to ¶ 98, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

7

99.   NCOF denies the allegations in ¶ 99.

100.   NCOF denies the allegations in ¶ 100.

**COUNT FOUR – Class Claim – Civil Conspiracy**

101.   In response to ¶ 101, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

102.   NCOF denies the allegations in ¶ 102.

103.   NCOF denies the allegations in ¶ 103.

104.   NCOF denies the allegations in ¶ 104.

105.   NCOF denies the allegations in ¶ 105.

**COUNT FIVE – Class Claim – Abuse of Process**

106.   In response to ¶ 106, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

107.   NCOF denies the allegations in ¶ 107.

108.   NCOF denies the allegations in ¶ 108.

109.   NCOF denies the allegations in ¶ 109.

110.   NCOF denies the allegations in ¶ 110.

111.   NCOF denies the allegations in ¶ 111.

**COUNT SIX – Class Claim: Defamation**

112.   In response to ¶ 112, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

113.   NCOF denies the allegations in ¶ 113.

114.   NCOF denies the allegations in ¶ 114.

115.  NCOF denies the allegations in ¶ 115.

116.  NCOF denies the allegations in ¶ 116.

117.  NCOF denies the allegations in ¶ 117.

### COUNT SEVEN – Individual Claim: FDCPA

118.  In response to ¶ 118, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

119.  NCOF denies the allegations in ¶ 119.

120.  NCOF denies the allegations in ¶ 120.

121.  NCOF denies the allegations in ¶ 121.

### COUNT EIGHT – Individual Claim – Ohio CSPA

122.  In response to ¶ 112, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

123.  NCOF denies the allegations in ¶ 123.

124.  NCOF denies the allegations in ¶ 124.

### COUNT NINE – Individual Claim: Fraud

125.  In response to ¶ 125, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

126.  NCOF denies the allegations in ¶ 126.

127.  NCOF denies the allegations in ¶ 127.

128.  NCOF denies the allegations in ¶ 128.

129.  NCOF denies the allegations in ¶ 129.

130.    NCOF denies the allegations in ¶ 130.

131.    NCOF denies the allegations in ¶ 131.

132.    NCOF denies the allegations in ¶ 132.

**COUNT TEN – Claim: Civil Conspiracy**

133.    In response to ¶ 133, NCOF hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

134.    NCOF denies the allegations in ¶ 134.

135.    NCOF denies the allegations in ¶ 135.

136.    NCOF denies the allegations in ¶ 136.

137.    NCOF denies the allegations in ¶ 137.

**Damages**

138.    NCOF denies the allegations in ¶ 138.

**PRAYER FOR RELIEF**

139.    NCOF denies that Hrivnak is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, NCOF avers as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against NCOF upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCOF is found to be a debt collector as defined in the FDCPA, any such violation(s) was not intentional and resulted from a bona fide

10

error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Assuming that Hrivnak suffered any damages, Hrivnak has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by Hrivnak was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCOF, or for whom NCOF is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

Any harm suffered by Hrivnak was legally and proximately caused by a person, individual, corporation or entity who is not a party to this action and therefore, Hrivnak's case for respondeat superior liability fails.

### SIXTH AFFIRMATIVE DEFENSE

This Court lacks personal and/or subject matter jurisdiction over NCOF.

**WHEREFORE**, Defendant, NCO Financial Systems, Inc., respectfully requests that this answer be deemed good and sufficient, Hrivnak's lawsuit be dismissed, with prejudice, at Hrivnak's costs, pursuant to Federal and State law, Hrivnak be ordered to pay reasonable attorney's fees and costs for NCOF, and for all other general and equitable relief.

Respectfully Submitted,

Franklin C. Malemud, Esq.
Reminger Co. LPA
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115
Telephone: (216) 430-2225
Facsimile: (216) 430-2284
E-mail: fmalemud@reminger.com

Attorneys for
NCO Financial Systems, Inc.,
NCO Portfolio Management, Inc.,
NCOP Capital II, LLC d/b/a NCO Portfolio
Management and NCO Group, Inc.

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer was sent by regular U. S. Mail on this 26th

day of October 2009 to:

Robert S. Belovich, Esq.               Anand N. Misra, Esq.
5638 Ridge Road                        3659 Green Road, Suite 100
Parma, OH 44129                        Beachwood, OH 44122

Michael D. Slodov, Esq.
1100 Superior Ave., 19th Fl.
Cleveland, OH 44114-2518

Franklin C. Malemud, Esq. (0068356)

12

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Joseph Russo |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | **ANSWER AND AFFIRMATIVE** |
| vs. | ) | **DEFENSES** |
| | ) | |
| NCO Portfolio Management, Inc. et al., | ) | |
| | ) | |
| "Third Party Defendants." | ) | |

NOW COMES "Third Party Defendant", NCO Group, Inc. ("NCOG"), which by and through undersigned counsel responds to the claims filed by Defendant, Christopher Hrivnak ("Hrivnak"), as follows:

### PARTIES

23.     The allegations in ¶ 23 require no response.  To the extent a response is required, NCOG denies the allegations in ¶ 23.

24.     NCOG admits that Hrivnak purports to bring this counterclaim for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA"), the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01, et seq. ("OCSPA"), the Ohio Deceptive Trade Practices Act, Ohio Revised Code 4165.01 et seq. ("ODTPA"), as well as state law claims of fraud,

defamation and civil conspiracy, but denies any and all damages, liability and/or violations to the extent alleged in ¶ 24.

    25.    NCOG denies the allegations in ¶ 25 for lack of sufficient information to justify a belief therein.

    26.    NCOG denies the allegations in ¶ 26.

    27.    NCOG denies the allegations in ¶ 27.

    28.    NCOG denies the allegations in ¶ 28 for lack of sufficient information to justify a belief therein.

    29.    NCOG denies the allegations in ¶ 29.

    30.    NCOG admits the allegations in ¶ 30.

    31.    NCOG admits that NCO Portfolio Management, Inc. and NCO Financial Systems, Inc. are subsidiaries of NCOG. Except as specifically admitted, NCOG denies the allegations in ¶ 31.

    32.    NCOG denies the allegations in ¶ 32.

    33.    NCOG denies the allegations in ¶ 33.

    34.    NCOG denies the allegations in ¶ 34.

    35.    NCOG denies the allegations in ¶ 35.

    36.    NCOG denies the allegations in ¶ 36.

    37.    The allegations in ¶ 37 do not require an affirmative response. NCOG's response herein is solely for and on behalf of NCO Group, Inc.

    38.    NCOG denies the allegations in ¶ 38 for lack of sufficient information to justify a belief therein.

39.     NCOG denies the allegations in ¶ 39 for lack of sufficient information to justify a belief therein.

40.     NCOG denies the allegations in ¶ 40 for lack of sufficient information to justify a belief therein.

41.     NCOG denies the allegations in ¶ 41 for lack of sufficient information to justify a belief therein.

42.     NCOG denies the allegations in ¶ 42.

43.     NCOG admits the allegations in ¶ 43.

44.     NCOG denies the allegations in ¶ 44.

45.     NCOG denies the allegations in ¶ 45.

46.     NCOG denies the allegations in ¶ 46.

47.     NCOG denies that the lawsuits filed by NCO Portfolio Management are unlawful and denies the remaining allegations in ¶ 47 for lack of sufficient information to justify a belief therein.

48.     NCOG denies that the lawsuits filed by NCO Portfolio Management are unlawful and denies the remaining allegations in ¶ 48 for lack of sufficient information to justify a belief therein.

49.     NCOG denies that the lawsuits filed by NCO Portfolio Management are unlawful and denies the remaining allegations in ¶ 49 for lack of sufficient information to justify a belief therein.

50.    NCOG denies that the lawsuits filed by NCO Portfolio Management are unlawful and denies the remaining allegations in ¶ 50 for lack of sufficient information to justify a belief therein.

51.    NCOG denies the allegations in ¶ 51.

52.    NCOG denies the allegations in ¶ 52.

53.    NCOG denies the allegations in ¶ 53.

54.    NCOG denies the allegations in ¶ 54.

55.    NCOG denies any and all damages, liability and/or violations to the extent alleged in ¶ 55.

56.    NCOG denies the allegations in ¶ 56 for lack of sufficient information to justify a belief therein.

57.    NCOG denies the allegations in ¶ 57.

58.    NCOG denies the allegations in ¶ 58.

59.    NCOG denies the allegations in ¶ 59.

60.    NCOG denies the allegations in ¶ 60.

61.    NCOG denies the allegations in ¶ 61.

62.    NCOG denies the allegations in ¶ 62.

63.    NCOG denies the allegations in ¶ 63.

64.    NCOG denies the allegations in ¶ 64.

65    NCOG denies the allegations in ¶ 65.

66.    NCOG denies the allegations in ¶ 66.

67.    NCOG denies the allegations in ¶ 67

CLASS ALLEGATIONS

68.     In response to ¶ 68, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

69.     NCOG admits that Hrivnak purports to bring a class action, but NCOG denies that this suit meets the requirements of a class action.

70.     NCOG denies the allegations in ¶ 70 and further denies that this suit meets the requirements of a class action.

71.     NCOG denies the allegations in ¶ 71 and further denies that this suit meets the requirements of a class action.

72.     NCOG denies the allegations in ¶ 72 and further denies that this suit meets the requirements of a class action.

73.     NCOG denies the allegations in ¶ 73 and further denies that this suit meets the requirements of a class action.

74.     NCOG denies the allegations in ¶ 74 and further denies that this suit meets the requirements of a class action.

75.     NCOG denies the allegations in ¶ 75.

76.     NCOG denies the allegations in ¶ 76 and further denies that this suit meets the requirements of a class action.

77.     NCOG denies the allegations in ¶ 77 and further denies that this suit meets the requirements of a class action.

78.     NCOG denies the allegations in ¶ 78 and further denies that this suit meets the requirements of a class action.

79.    NCOG denies the allegations in ¶ 79 and further denies that this suit meets the requirements of a class action.

80.    NCOG denies the allegations in ¶ 80 and further denies that this suit meets the requirements of a class action.

81.    NCOG denies the allegations in ¶ 81 and further denies that this suit meets the requirements of a class action.

82.    NCOG denies the allegations in ¶ 82 and further denies that this suit meets the requirements of a class action.

83.    NCOG denies the allegations in ¶ 83 and further denies that this suit meets the requirements of a class action.

84.    NCOG denies the allegations in ¶ 84 and further denies that this suit meets the requirements of a class action.

85.    NCOG denies the allegations in ¶ 85 and further denies that this suit meets the requirements of a class action.

**COUNT ONE – Class Claim: FDCPA**

86.    In response to ¶ 86, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

87.    NCOG denies the allegations in ¶ 87.

88.    NCOG denies the allegations in ¶ 88.

89.    NCOG denies the allegations in ¶ 89, including sub-part (a)–(e).

90.    NCOG denies the allegations in ¶ 90.

91.    NCOG denies the allegations in ¶ 91.

**COUNT TWO – Class Claim: Deceptive, Unfair or Unconscionable Acts**

92.    In response to ¶ 92, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

93.    NCOG denies the allegations in ¶ 93.

94.    NCOG denies the allegations in ¶ 94.

95.    NCOG denies the allegations in ¶ 95.

96.    NCOG denies the allegations in ¶ 96, including sub-parts (a)-(c).

97.    NCOG denies the allegations in ¶ 97.

**COUNT THREE – Class Claim: Deceptive Trade Practices**

98.    In response to ¶ 98, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

99.    NCOG denies the allegations in ¶ 99.

100.    NCOG denies the allegations in ¶ 100.

**COUNT FOUR – Class Claim – Civil Conspiracy**

101.    In response to ¶ 101, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

102.    NCOG denies the allegations in ¶ 102.

103.    NCOG denies the allegations in ¶ 103.

104.    NCOG denies the allegations in ¶ 104.

105.    NCOG denies the allegations in ¶ 105.

**COUNT FIVE – Class Claim – Abuse of Process**

106.    In response to ¶ 106, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

107.    NCOG denies the allegations in ¶ 107.

108.    NCOG denies the allegations in ¶ 108.

109.    NCOG denies the allegations in ¶ 109.

110.    NCOG denies the allegations in ¶ 110.

111.    NCOG denies the allegations in ¶ 111.

**COUNT SIX – Class Claim: Defamation**

112.    In response to ¶ 112, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

113.    NCOG denies the allegations in ¶ 113.

114.    NCOG denies the allegations in ¶ 114.

115.    NCOG denies the allegations in ¶ 115.

116.    NCOG denies the allegations in ¶ 116.

117.    NCOG denies the allegations in ¶ 117.

**COUNT SEVEN – Individual Claim: FDCPA**

118.    In response to ¶ 118, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

119.    NCOG denies the allegations in ¶ 119.

120.    NCOG denies the allegations in ¶ 120.

121.    NCOG denies the allegations in ¶ 121.

**COUNT EIGHT – Individual Claim – Ohio CSPA**

122.   In response to ¶ 112, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

123.   NCOG denies the allegations in ¶ 123.

124.   NCOG denies the allegations in ¶ 124.

### COUNT NINE – Individual Claim: Fraud

125.   In response to ¶ 125, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

126.   NCOG denies the allegations in ¶ 126.

127.   NCOG denies the allegations in ¶ 127.

128.   NCOG denies the allegations in ¶ 128.

129.   NCOG denies the allegations in ¶ 129.

130.   NCOG denies the allegations in ¶ 130.

131.   NCOG denies the allegations in ¶ 131.

132.   NCOG denies the allegations in ¶ 132.

### COUNT TEN – Claim: Civil Conspiracy

133.   In response to ¶ 133, NCOG hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

134.   NCOG denies the allegations in ¶ 134.

135.   NCOG denies the allegations in ¶ 135.

136.   NCOG denies the allegations in ¶ 136.

137.   NCOG denies the allegations in ¶ 137.

### Damages

138. NCOG denies the allegations in ¶ 138.

**PRAYER FOR RELIEF**

139. NCOG denies that Hrivnak is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, NCOG avers as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against NCOG upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCOG is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**THIRD AFFIRMATIVE DEFENSE**

Assuming that Hrivnak suffered any damages, Hrivnak has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

**FOURTH AFFIRMATIVE DEFENSE**

Any harm suffered by Hrivnak was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCOG, or for whom NCOG is not responsible or liable.

**FIFTH AFFIRMATIVE DEFENSE**

Any harm suffered by Hrivnak was legally and proximately caused by a person, individual, corporation or entity who is not a party to this action and therefore, Hrivnak's case for respondeat superior liability fails.

### SIXTH AFFIRMATIVE DEFENSE

Hrivnak has not validly commenced, or served, a claim against NCOG.

### SEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal and/or subject matter jurisdiction over NCOG.

**WHEREFORE**, Defendant, NCO Group, Inc., respectfully requests that this answer be deemed good and sufficient, Hrivnak's lawsuit be dismissed, with prejudice, at Hrivnak's costs, pursuant to Federal and State law, Hrivnak be ordered to pay reasonable attorney's fees and costs for NCOG, and for all other general and equitable relief.

Respectfully Submitted,

Franklin C. Malemud, Esq.
Reminger Co. LPA
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115
Telephone: (216) 430-2225
Facsimile: (216) 430-2284
E-mail: fmalemud@reminger.com
Attorneys for
NCO Financial Systems, Inc.,
NCO Portfolio Management, Inc.,
NCOP Capital II, LLC d/b/a NCO Portfolio
Management and NCO Group, Inc.

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer was sent by regular U. S. Mail on this 26th

day of October 2009 to:

Robert S. Belovich, Esq.                   Anand N. Misra, Esq.
5638 Ridge Road                            3659 Green Road, Suite 100
Parma, OH  44129                       Beachwood, OH  44122

Michael D. Slodov, Esq.
1100 Superior Ave., 19th Fl.
Cleveland, OH  44114-2518

_____
Franklin C. Malemud, Esq. (0068356)

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Joseph Russo |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | **ANSWER AND AFFIRMATIVE** |
| vs. | ) | **DEFENSES** |
| | ) | |
| NCO Portfolio Management, Inc. et al., | ) | |
| | ) | |
| "Third Party Defendants." | ) | |

Now Comes Plaintiff and Defendant-in-Counterclaim, NCOP Capital II, LLC d/b/a NCO Portfolio Management (hereinafter NCOPM), which by and through undersigned counsel responds to the Counterclaim filed by Defendant, Christopher Hrivnak, as follows:

### PARTIES

23.     The allegations in ¶ 23 require no response.  To the extent a response is required, NCOPM denies the allegations in ¶ 23.

24.     NCOPM admits that Hrivnak purports to bring this counterclaim for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA"), the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01, et seq. ("OCSPA"), the Ohio Deceptive Trade Practices Act, Ohio Revised Code 4165.01 et seq. ("ODTPA"), as well as state law claims of fraud,

defamation and civil conspiracy, but denies any liability, violations or wrongdoings to the extent alleged in ¶ 24.

25.    NCOPM denies the allegations in ¶ 25 for lack of sufficient information to justify a belief therein.

26.    NCOPM denies the allegations in ¶ 26.

27.    NCOPM denies the allegations in ¶ 27.

28.    NCOPM denies the allegations in ¶ 28 for lack of sufficient information to justify a belief therein.

29.    NCOPM denies the allegations in ¶ 29.

30.    NCOPM admits the allegations in ¶ 30 upon information and belief.

31.    NCOPM admits that it is a subsidiary of NCO Portfolio Management, Inc., which is a subsidiary of NCO Group, Inc.  Except as specifically admitted, NCOPM denies the allegations in ¶ 31.

32.    NCOPM denies the allegations in ¶ 32.

33.    NCOPM denies the allegations in ¶ 33.

34.    NCOPM denies the allegations in ¶ 34 for lack of sufficient information to justify a belief therein.

35.    NCOPM denies the allegations in ¶ 35.

36.    NCOPM denies the allegations in ¶ 36.

37.    The allegations in ¶ 37 do not require an affirmative response. NCOPM's responses herein are solely for and on behalf of NCO Portfolio Management

2

38.    NCOPM denies the allegations in ¶ 38 for lack of sufficient information to justify a belief therein.

39.    NCOPM denies the allegations in ¶ 39 for lack of sufficient information to justify a belief therein.

40.    NCOPM denies the allegations in ¶ 40 for lack of sufficient information to justify a belief therein.

41.    NCOPM denies the allegations in ¶ 41 for lack of sufficient information to justify a belief therein.

42.    NCOPM admits that it purchases debt.  Except as specifically admitted, NCOPM denies the allegations in ¶ 42.

43.    NCOPM admits the allegations in ¶ 43.

44.    NCOPM admits it files lawsuits on debt that it owns.  Except as specifically admitted, NCOPM denies the allegations in ¶ 44.

45.    NCOPM denies the allegations in ¶ 45.

46.    NCOPM denies the allegations in ¶ 46.

47.    NCOPM admits that it may seek interest and costs in a lawsuit to the extent permitted by law.   Except as specifically admitted, NCOPM denies the remaining allegations in ¶ 47.

48.    NCOPM admits that it files lawsuits on debt it owns.  Except as specifically admitted, NCOPM denies the allegations in ¶ 48.

49.    NCOPM admits that it purchases bad debt.  Except as specifically admitted, NCOPM denies the allegations in ¶ 49.

50.    NCOPM denies the allegations in ¶ 50.

51.    NCOPM denies the allegations in ¶ 51.

52.    NCOPM denies the allegations in ¶ 52.

53.    NCOPM denies the allegations in ¶ 53.

54.    NCOPM denies the allegations in ¶ 54.

55.    NCOPM denies any and all damages, liability and/or violations to the extent alleged in ¶ 55.

56.    NCOPM denies the allegations in ¶ 56 for lack of sufficient information to justify a belief therein.

57.    NCOPM denies the allegations in ¶ 57.

58.    NCOPM denies the allegations in ¶ 58.

59.    NCOPM denies the allegations in ¶ 59.

60.    NCOPM denies the allegations in ¶ 60.

61.    NCOPM denies the allegations in ¶ 61.

62.    NCOPM denies the allegations in ¶ 62.

63.    NCOPM denies the allegations in ¶ 63.

64.    NCOPM denies the allegations in ¶ 64.

65    NCOPM denies the allegations in ¶ 65.

66.    NCOPM denies the allegations in ¶ 66.

67.    NCOPM denies the allegations in ¶ 67

CLASS ALLEGATIONS

68.     In response to ¶ 68, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

69.     NCOPM admits that Defendant purports to bring a class action, but NCOPM denies that this suit meets the requirements of a class action.

70.     NCOPM denies the allegations in ¶ 70 and further denies that this suit meets the requirements of a class action.

71.     NCOPM denies the allegations in ¶ 71 and further denies that this suit meets the requirements of a class action.

72.     NCOPM denies the allegations in ¶ 72 and further denies that this suit meets the requirements of a class action.

73.     NCOPM denies the allegations in ¶ 73 and further denies that this suit meets the requirements of a class action.

74.     NCOPM denies the allegations in ¶ 74 and further denies that this suit meets the requirements of a class action.

75.     NCOPM denies the allegations in ¶ 75.

76.     NCOPM denies the allegations in ¶ 76 and further denies that this suit meets the requirements of a class action.

77.     NCOPM denies the allegations in ¶ 77 and further denies that this suit meets the requirements of a class action.

78.     NCOPM denies the allegations in ¶ 78 and further denies that this suit meets the requirements of a class action.

79.     NCOPM denies the allegations in ¶ 79 and further denies that this suit meets the requirements of a class action.

80.     NCOPM denies the allegations in ¶ 80 and further denies that this suit meets the requirements of a class action.

81.     NCOPM denies the allegations in ¶ 81 and further denies that this suit meets the requirements of a class action.

82.     NCOPM denies the allegations in ¶ 82 and further denies that this suit meets the requirements of a class action.

83.     NCOPM denies the allegations in ¶ 83 and further denies that this suit meets the requirements of a class action.

84.     NCOPM denies the allegations in ¶ 84 and further denies that this suit meets the requirements of a class action.

85.     NCOPM denies the allegations in ¶ 85 and further denies that this suit meets the requirements of a class action.

**COUNT ONE – Class Claim: FDCPA**

86.     In response to ¶ 86, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

87.     NCOPM denies the allegations in ¶ 87.

88.     NCOPM denies the allegations in ¶ 88.

89.     NCOPM denies the allegations in ¶ 89, including sub-parts (a)-(e).

90.     NCOPM denies the allegations in ¶ 90.

91.     NCOPM denies the allegations in ¶ 91.

6

**COUNT TWO – Class Claim: Deceptive, Unfair or Unconscionable Acts**

92.    In response to ¶ 92, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

93.    NCOPM denies the allegations in ¶ 93 for lack of sufficient information to justify a belief therein.

94.    NCOPM denies the allegations in ¶ 94.

95.    NCOPM denies the allegations in ¶ 95.

96.    NCOPM denies the allegations in ¶ 96, including sub-parts (a)-(c).

97.    NCOPM denies the allegations in ¶ 97.

**COUNT THREE – Class Claim: Deceptive Trade Practices**

98.    In response to ¶ 98, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

99.    NCOPM denies the allegations in ¶ 99.

100.    NCOPM denies the allegations in ¶ 100.

**COUNT FOUR – Class Claim – Civil Conspiracy**

101.    In response to ¶ 101, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

102.    NCOPM denies the allegations in ¶ 102.

103.    NCOPM denies the allegations in ¶ 103.

104.    NCOPM denies the allegations in ¶ 104.

105.    NCOPM denies the allegations in ¶ 105.

**COUNT FIVE – Class Claim – Abuse of Process**

106.  In response to ¶ 106, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

107.  NCOPM denies the allegations in ¶ 107.

108.  NCOPM denies the allegations in ¶ 108.

109.  NCOPM denies the allegations in ¶ 109.

110.  NCOPM denies the allegations in ¶ 110.

111.  NCOPM denies the allegations in ¶ 111.

**COUNT SIX – Class Claim: Defamation**

112.  In response to ¶ 112, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

113.  NCOPM denies the allegations in ¶ 113.

114.  NCOPM denies the allegations in ¶ 114.

115.  NCOPM denies the allegations in ¶ 115.

116.  NCOPM denies the allegations in ¶ 116.

117.  NCOPM denies the allegations in ¶ 117.

**COUNT SEVEN – Individual Claim: FDCPA**

118.  In response to ¶ 118, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

119.  NCOPM denies the allegations in ¶ 119.

120.  NCOPM denies the allegations in ¶ 120.

121.  NCOPM denies the allegations in ¶ 121.

**COUNT EIGHT – Individual Claim – Ohio CSPA**

122.    In response to ¶ 112, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

123.    NCOPM denies the allegations in ¶ 123.

124.    NCOPM denies the allegations in ¶ 124.

### COUNT NINE – Individual Claim: Fraud

125.    In response to ¶ 125, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

126.    NCOPM denies the allegations in ¶ 126.

127.    NCOPM denies the allegations in ¶ 127.

128.    NCOPM denies the allegations in ¶ 128.

129.    NCOPM denies the allegations in ¶ 129.

130.    NCOPM denies the allegations in ¶ 130.

131.    NCOPM denies the allegations in ¶ 131.

132.    NCOPM denies the allegations in ¶ 132.

### COUNT TEN – Claim: Civil Conspiracy

133.    In response to ¶ 133, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

134.    NCOPM denies the allegations in ¶ 134.

135.    NCOPM denies the allegations in ¶ 135.

136.    NCOPM denies the allegations in ¶ 136.

137.    NCOPM denies the allegations in ¶ 137.

### Damages

9

138.   NCOPM denies the allegations in ¶ 138.

### PRAYER FOR RELIEF

139.   NCOPM denies that Hrivnak is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, NCOPM avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against NCOPM upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCOPM is found to be a debt collector as defined in the FDCPA, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Assuming that Hrivnak suffered any damages, Hrivnak has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by Hrivnak was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCOPM, or for whom NCOPM is not responsible or liable.

### SIXTH AFFIRMATIVE DEFENSE

Hrivnak has not validly commenced, or served, a claim against NCOPM.

### SEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal and/or subject matter jurisdiction over NCOPM.

WHEREFORE, Defendant, NCO Portfolio Management respectfully requests that this answer be deemed good and sufficient, Hrivnak's lawsuit be dismissed, with prejudice, at Hrivnak's costs, pursuant to Federal and State law, Hrivnak be ordered to pay reasonable attorney's fees and costs for NCOPM, and for all other general and equitable relief.

Respectfully Submitted,

Franklin C. Malemud, Esq.
Reminger Co. LPA
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115
Telephone: (216) 430-2225
Facsimile: (216) 430-2284
E-mail: fmalemud@reminger.com

Attorneys for
NCO Financial Systems, Inc.,
NCO Portfolio Management, Inc.,
NCOP Capital II, LLC d/b/a NCO Portfolio
Management and NCO Group, Inc.

11

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer was sent by regular U. S. Mail on this 26th

day of October 2009 to:

Robert S. Belovich, Esq.
5638 Ridge Road
Parma, OH  44129

Anand N. Misra, Esq.
3659 Green Road, Suite 100
Beachwood, OH  44122

Michael D. Slodov, Esq.
1100 Superior Ave., 19th Fl.
Cleveland, OH  44114-2518

_____
Franklin C. Malemud, Esq. (0068356)

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

NCO Portfolio Management,              )    CASE NO.: 09-CV-701481
                                       )
     Plaintiff,                        )
                                       )
                                       )
  vs.                                 )    Judge Joseph Russo
                                       )
Christopher Hrivnak,                   )
                                       )
     Defendant.                        )    **ANSWER AND AFFIRMATIVE**
                                       )    **DEFENSES**
  vs.                                 )
                                       )
NCO Portfolio Management, Inc. et al., )
                                       )
    "Third Party Defendants."          )

Now Comes NCO Portfolio Management, Inc. (NCOPI), which by and through undersigned counsel responds to the claim filed by Defendant, Christopher Hrivnak ("Hrivnak"), as follows:

### PARTIES

23.    The allegations in ¶ 23 require no response.  To the extent a response is required, NCOPI denies the allegations in ¶ 23.

24.    NCOPI admits that Hrivnak purports to bring this counterclaim for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA"), the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01, et seq. ("OCSPA"), the Ohio Deceptive Trade Practices Act, Ohio Revised Code 4165.01 et seq. ("ODTPA"), as well as state law claims of fraud,

defamation and civil conspiracy, but denies any and all damages, liability and/or violations to the extent alleged in ¶ 24.

25. NCOPI denies the allegations in ¶ 25 for lack of sufficient information to justify a belief therein.

26. NCOPI denies the allegations in ¶ 26.

27. NCOPI denies the allegations in ¶ 27.

28. NCOPI denies the allegations in ¶ 28 for lack of sufficient information to justify a belief therein.

29. NCOPI denies the allegations in ¶ 29.

30. NCOPI admits the allegations in ¶ 30 upon information and belief.

31. NCOPI admits that it is a subsidiary of NCO Group, Inc.  Except as specifically admitted, NCOPI denies the allegations in ¶ 31.

32. NCOPI denies the allegations in ¶ 32.

33. NCOPI denies the allegations in ¶ 33.

34. NCOPI denies the allegations in ¶ 34 for lack of sufficient information to justify a belief therein.

35. NCOPI denies the allegations in ¶ 35.

36. NCOPI denies the allegations in ¶ 36.

37. The allegations in ¶ 37 do not require an affirmative response. NCOPI's responses herein are solely for and on behalf of NCO Portfolio Management, Inc.

2

38.    NCOPI denies the allegations in ¶ 38 for lack of sufficient information to justify a belief therein.

39.    NCOPI denies the allegations in ¶ 39 for lack of sufficient information to justify a belief therein.

40.    NCOPI denies the allegations in ¶ 40 for lack of sufficient information to justify a belief therein.

41.    NCOPI denies the allegations in ¶ 41 for lack of sufficient information to justify a belief therein.

42.    NCOPI admits that its subsidiary corporations purchase debt. Except as specifically admitted, NCOPI denies the allegations in ¶ 42.

43.    NCOPI admits the allegations in ¶ 43.

44.    NCOPI denies the allegations in ¶ 44.

45.    NCOPI denies the allegations in ¶ 45.

46.    NCOPI denies the allegations in ¶ 46.

47.    NCOPI denies the allegations in ¶ 47 for lack of sufficient information to justify a belief therein.

48.    NCOPI admits that lawsuits are filed on debt owned by its subsidiary corporations.  Except as specifically admitted, NCOPI denies the allegations in ¶ 48.

49.    NCOPI admits that its subsidiary corporations purchase charged off debt.  Except as specifically admitted, NCOPI denies the allegations in ¶ 49.

50.    NCOPI denies the allegations in ¶ 50.

51.     NCOPI denies the allegations in ¶ 51.

52.     NCOPI denies the allegations in ¶ 52.

53.     NCOPI denies the allegations in ¶ 53.

54.     NCOPI denies the allegations in ¶ 54.

55.     NCOPI denies any and all damages, liability and/or violations to the extent alleged in ¶ 55.

56.     NCOPI denies the allegations in ¶ 56 for lack of sufficient information to justify a belief therein.

57.     NCOPI denies the allegations in ¶ 57.

58.     NCOPI denies the allegations in ¶ 58.

59.     NCOPI denies the allegations in ¶ 59.

60.     NCOPI denies the allegations in ¶ 60.

61.     NCOPI denies the allegations in ¶ 61.

62.     NCOPI denies the allegations in ¶ 62.

63.     NCOPI denies the allegations in ¶ 63.

64.     NCOPI denies the allegations in ¶ 64.

65      NCOPI denies the allegations in ¶ 65.

66.     NCOPI denies the allegations in ¶ 66.

67.     NCOPI denies the allegations in ¶ 67

CLASS ALLEGATIONS

68.     In response to ¶ 68, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

4

69.     NCOPI admits that Defendant purports to bring a class action, but NCOPI denies that this suit meets the requirements of a class action.

70.     NCOPI denies the allegations in ¶ 70 and further denies that this suit meets the requirements of a class action.

71.     NCOPI denies the allegations in ¶ 71 and further denies that this suit meets the requirements of a class action.

72.     NCOPI denies the allegations in ¶ 72 and further denies that this suit meets the requirements of a class action.

73.     NCOPI denies the allegations in ¶ 73 and further denies that this suit meets the requirements of a class action.

74.     NCOPI denies the allegations in ¶ 74 and further denies that this suit meets the requirements of a class action.

75.     NCOPI denies the allegations in ¶ 75.

76.     NCOPI denies the allegations in ¶ 76 and further denies that this suit meets the requirements of a class action.

77.     NCOPI denies the allegations in ¶ 77 and further denies that this suit meets the requirements of a class action.

78.     NCOPI denies the allegations in ¶ 78 and further denies that this suit meets the requirements of a class action.

79.     NCOPI denies the allegations in ¶ 79 and further denies that this suit meets the requirements of a class action.

80.    NCOPI denies the allegations in ¶ 80 and further denies that this suit meets the requirements of a class action.

81.    NCOPI denies the allegations in ¶ 81 and further denies that this suit meets the requirements of a class action.

82.    NCOPI denies the allegations in ¶ 82 and further denies that this suit meets the requirements of a class action.

83.    NCOPI denies the allegations in ¶ 83 and further denies that this suit meets the requirements of a class action.

84.    NCOPI denies the allegations in ¶ 84 and further denies that this suit meets the requirements of a class action.

85.    NCOPI denies the allegations in ¶ 85 and further denies that this suit meets the requirements of a class action.

**COUNT ONE – Class Claim: FDCPA**

86.    In response to ¶ 86, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

87.    NCOPI denies the allegations in ¶ 87.

88.    NCOPI denies the allegations in ¶ 88.

89.    NCOPI denies the allegations in ¶ 89, including sub-parts (a)-(e).

90.    NCOPI denies the allegations in ¶ 90.

91.    NCOPI denies the allegations in ¶ 91.

**COUNT TWO – Class Claim: Deceptive, Unfair or Unconscionable Acts**

92.    In response to ¶ 92, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

93.    NCOPI denies the allegations in ¶ 93 for lack of sufficient information to justify a belief therein.

94.    NCOPI denies the allegations in ¶ 94.

95.    NCOPI denies the allegations in ¶ 95.

96.    NCOPI denies the allegations in ¶ 96, including sub-parts (a)-(c).

97.    NCOPI denies the allegations in ¶ 97.

**COUNT THREE – Class Claim: Deceptive Trade Practices**

98.    In response to ¶ 98, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

99.    NCOPI denies the allegations in ¶ 99.

100.    NCOPI denies the allegations in ¶ 100.

**COUNT FOUR – Class Claim – Civil Conspiracy**

101.    In response to ¶ 101, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

102.    NCOPI denies the allegations in ¶ 102.

103.    NCOPI denies the allegations in ¶ 103.

104.    NCOPI denies the allegations in ¶ 104.

105.    NCOPI denies the allegations in ¶ 105.

**COUNT FIVE – Class Claim – Abuse of Process**

106.  In response to ¶ 106, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

107.  NCOPI denies the allegations in ¶ 107.

108.  NCOPI denies the allegations in ¶ 108.

109.  NCOPI denies the allegations in ¶ 109.

110.  NCOPI denies the allegations in ¶ 110.

111.  NCOPI denies the allegations in ¶ 111.

**COUNT SIX – Class Claim: Defamation**

112.  In response to ¶ 112, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

113.  NCOPI denies the allegations in ¶ 113.

114.  NCOPI denies the allegations in ¶ 114.

115.  NCOPI denies the allegations in ¶ 115.

116.  NCOPI denies the allegations in ¶ 116.

117.  NCOPI denies the allegations in ¶ 117.

**COUNT SEVEN – Individual Claim: FDCPA**

118.  In response to ¶ 118, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

119.  NCOPI denies the allegations in ¶ 119.

120.  NCOPI denies the allegations in ¶ 120.

121.  NCOPI denies the allegations in ¶ 121.

**COUNT EIGHT – Individual Claim – Ohio CSPA**

122.    In response to ¶ 112, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

123.    NCOPI denies the allegations in ¶ 123.

124.    NCOPI denies the allegations in ¶ 124.

### COUNT NINE – Individual Claim: Fraud

125.    In response to ¶ 125, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

126.    NCOPI denies the allegations in ¶ 126.

127.    NCOPI denies the allegations in ¶ 127.

128.    NCOPI denies the allegations in ¶ 128.

129.    NCOPI denies the allegations in ¶ 129.

130.    NCOPI denies the allegations in ¶ 130.

131.    NCOPI denies the allegations in ¶ 131.

132.    NCOPI denies the allegations in ¶ 132.

### COUNT TEN – Claim: Civil Conspiracy

133.    In response to ¶ 133, NCOPI hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

134.    NCOPI denies the allegations in ¶ 134.

135.    NCOPI denies the allegations in ¶ 135.

136.    NCOPI denies the allegations in ¶ 136.

137.    NCOPI denies the allegations in ¶ 137.

### Damages

138.   NCOPI denies the allegations in ¶ 138.

### PRAYER FOR RELIEF

139.   NCOPI denies that Hrivnak is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, NCOPI avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against NCOPI upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCOPI is found to be a debt collector as defined in the FDCPA, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Assuming that Hrivnak suffered any damages, Hrivnak has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by Hrivnak was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCOPI, or for whom NCOPI is not responsible or liable.

### SIXTH AFFIRMATIVE DEFENSE

Hrivnak has not validly commenced, or served, a claim against NCOPI.

### SEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal and/or subject matter jurisdiction over NCOPI.

**WHEREFORE**, Defendant, NCO Portfolio Management, Inc., respectfully requests that this answer be deemed good and sufficient, Hrivank's lawsuit be dismissed, with prejudice, at Hrivnak's costs, pursuant to Federal and State law, Hrivnak be ordered to pay reasonable attorney's fees and costs for NCOPI, and for all other general and equitable relief.

Respectfully Submitted,

Franklin C. Malemud, Esq.
Reminger Co. LPA
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115
Telephone: (216) 430-2225
Facsimile: (216) 430-2284
E-mail: fmalemud@reminger.com

Attorneys for
NCO Financial Systems, Inc.,
NCO Portfolio Management, Inc.,
NCOP Capital II, LLC d/b/a NCO Portfolio
Management and NCO Group, Inc.

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer was sent by regular U. S. Mail on this 26th

day of October 2009 to:

Robert S. Belovich, Esq.              Anand N. Misra, Esq.
5638 Ridge Road                       3659 Green Road, Suite 100
Parma, OH  44129                      Beachwood, OH  44122

Michael D. Slodov, Esq.
1100 Superior Ave., 19th Fl.
Cleveland, OH  44114-2518

_____
Franklin C. Malemud, Esq. (0068356)

12

CASE: CV-09-701481

756057

NCO PORTFOLIO MANAGEMENT
VS.
CHRISTOPHER G HRIVNAK, ET AL.

JUDGE: JOSEPH D RUSSO
ROOM: 22D JUSTICE CENTER
DOCKET DATE: 10/28/2009
PLAINTIFFS/THIRD PARTY DEFENDANTS NCO
PORTFOLIO MANAGEMENT, INC., NCO GROUP, INC.,
AND NCO FINANCIAL SYSTEMS, INC.'S MOTION FOR
ADMISSION PRO HAC VICE, FILED 10/16/2009, IS
GRANTED. ATTORNEY ALLISON CANNIZARO OF
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP, 3850 N.
CAUSEWAY BLVD, SUITE 200, METAIRIE, LOUISIANA,
70002, IS ADMITTED PRO HAC VICE TO APPEAR IN
THIS MATTER AS CO-COUNSEL ON BEHALF OF
PLAINTIFFS/THIRD PARTY DEFENDANTS LISTED
ABOVE.   CLPAL 10/27/2009   NOTICE ISSUED



| First-Class Mail |
| U. S. Postage Paid |
| Cleveland, OH |
| Permit No. 1962 |

**FROM:**
| CUYAHOGA COUNTY - COURT OF COMMON PLEAS |
| GERALD E. FUERST - CLERK OF COURTS |
| JUSTICE CENTER - COURT TOWER |
| 1200 ONTARIO ST |
| CLEVELAND, OH 44113 |

**TO:**
MICHAEL D SLODOV
BOND COURT BLDG. 14TH FLOOR
1300 EAST 9TH STREET
CLEVELAND, OH 44114

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | |
|---|---|
| NCO Portfolio Management, et al. | ) CASE NO: CV-09-701481 |
| | ) |
| PLAINTIFF AND | ) |
| COUNTER-DEFENDANTS. | ) Judge Joseph D. Russo |
| | ) |
| vs. | ) |
| | ) |
| Christopher G. Hrivnak | ) |
| | ) |
| DEFENDANT AND | ) <u>JURY DEMAND</u> |
| COUNTER-PLAINTIFF. | ) |

Defendant Hrivnak demands a jury to hear and decide all issues triable to a jury.

_____

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752 3330
misraan@misralaw.com

Robert S. Belovich (#0024187)
5638 Ridge Road
Parma, Ohio 44129
(440) 884-8018
rsb@belovichlaw.com

Attorneys for Defendant

### <u>Certificate of Service</u>

I hereby certify that a copy of the foregoing was served on counsel for Plaintiff and Counter-defendants: Franklin C. Malemud, Esq., Reminger Co., L.P.A., 1400 Midland Bldg., 101 Prospect Ave. West, Cleveland, OH 44115, and Michael D. Slodov, Esq., Javitch, Block & Rathbone LLP, 1100 Superior Ave, 19th Floor, Cleveland OH 44114-2518, on November 3, 2009, by facsimile transmission.

_____

Anand N. Misra
One of the Attorneys for Defendant

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

NCO Portfolio Management,                 )   CASE NO.: 09-CV-701481
                                          )
        Plaintiff,                      )
                                          )
vs.                                       )   JUDGE JOSEPH RUSSO
                                          )
Christopher Hrivnak,                      )
                                          )
        Defendant.                     )
vs.                                       )   **NOTICE OF APPEARANCE**
                                          )
NCO Portfolio Management, et al.,         )
                                          )
    "Third Party Defendants."             )

NCO Portfolio Management, Inc., NCOP Capital II, LLC d/b/a NCO Portfolio Management, NCO Financial Systems, Inc., and NCO Group, Inc., hereby notify the Clerk of Courts that along with attorney Franklin C. Malemud of Reminger Co. LPA, the foregoing named parties are jointly represented by Allison Cannizaro, Esq (*admitted pro hac vice*), of Sessions Fishman & Nathan LLP, 3850 N. Causeway Blvd., Suite 1240, Metairie, Louisiana 70002-1752, email: acannizaro@sessions-law.biz, Phone (504) 828-3700, Fax (504) 828-3737. The Clerk of Courts is hereby instructed to enter the foregoing information upon the docket of this case.

Respectfully submitted,

Franklin C. Malemud, Esq. (0068356)
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue West

Cleveland, Ohio   44115-1093
Phone:  (216) 687-1311
Fax:      (216) 687-1841
Email:  fmalemud@reminger.com

_(per consent)_
Allison Cannizaro, Esq
(*admitted pro hac vice*),
Sessions Fishman, Nathan and Israel LLP
3850 N. Causeway Blvd., Suite 1240
Metairie, Louisiana 70002-1752
email: acannizaro@sessions-law.biz
Phone (504) 828-3700, Fax (504) 828-3737.

*NCO Portfolio Management, Inc., NCOP
Capital II, LLC d/b/a NCO Portfolio
Management, NCO Financial Systems,
Inc., and NCO Group, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Appearance was sent by regular U. S. Mail on this 4th

day of November 2009 to the following:

Robert S. Belovich, Esq.
5638 Ridge Road
Parma, OH  44129

Anand N. Misra, Esq.
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, OH  44122

Michael D. Slodov, Esq.
Javitch, Block & Rathhbone, LLP
1100 Superior Ave., 19th Fl.
Cleveland, OH  44114-2518

Franklin C. Malemud, Esq. (0068356)

CASE:  CV-09-701481

NCO PORTFOLIO MANAGEMENT
VS.
CHRISTOPHER G HRIVNAK ET AL.

759959

JUDGE: JOSEPH D RUSSO
ROOM:   22D JUSTICE CENTER
DOCKET DATE:    11/10/2009

CMC BY PHONE HELD ON 11/05/2009. COUNSEL FOR
PLAINTIFF, DEFENDANT/THIRD PARTY PLAINTIFFS,
AND THIRD PARTY DEFENDANTS APPEARED.
PRETRIAL SET FOR 01/13/2010 AT 10:00 AM.
COUNSEL ONLY IS REQUIRED TO APPEAR.  FACT
DISCOVERY IS TO BE ONGOING DURING THE
CONTINUANCE.  CLPAL 11/05/2009 NOTICE ISSUED

**FROM:**
CUYAHOGA COUNTY - COURT OF COMMON PLEAS
GERALD E. FUERST - CLERK OF COURTS
JUSTICE CENTER - COURT TOWER
1200 ONTARIO ST.
CLEVELAND, OHIO 44113

First-Class Mail
U. S. Postage Paid
Cleveland, OH
Permit No. 1962

**TO:**
MICHAEL D SLODOV
BOND COURT BLDG. 14TH FLOOR
1300 EAST 9TH STREET
CLEVELAND, OH 44114

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE JOSEPH RUSSO |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | **NCOPM'S FIRST AMENDED** |
| vs. | ) | **ANSWER AND AFFIRMATIVE** |
| | ) | **DEFENSES** |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| "Third Party Defendants." | ) | |

Plaintiff and Defendant-in-Counterclaim, NCOP Capital II, LLC d/b/a NCO Portfolio Management (hereinafter NCOPM), by and through undersigned counsel, files this First Amended Answer without leave of Court and within 28 days of its previously filed Answer since this matter is not yet assigned to the Court's trial calendar.  See Civ.R. 15(A).  Accordingly, NCOPM responds to the Counterclaim filed by Defendant, Christopher Hrivnak, as follows:

## PARTIES

23.    The allegations in ¶ 23 require no response.  To the extent a response is required, NCOPM denies the allegations in ¶ 23.

24.    NCOPM admits that plaintiff purports to bring this counterclaim for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et

seq. ("FDCPA"), the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01, et seq. ("OCSPA"), the Ohio Deceptive Trade Practices Act, Ohio Revised Code 4165.01 et seq. ("ODTPA"), as well as state law claims of fraud, defamation and civil conspiracy, but denies any liability, violations or wrongdoings to the extent alleged in ¶ 24.

25.     NCOPM denies the allegations in ¶ 25 for lack of sufficient information to justify a belief therein.

26.     NCOPM denies the allegations in ¶ 26.

27.     NCOPM denies the allegations in ¶ 27.

28.     NCOPM denies the allegations in ¶ 28 for lack of sufficient information to justify a belief therein.

29.     NCOPM denies the allegations in ¶ 29.

30.     NCOPM admits the allegations in ¶ 30 upon information and belief.

31.     NCOPM admits that it is a subsidiary of NCO Portfolio Management, Inc., which is a subsidiary of NCO Group, Inc.   Except as specifically admitted, NCOPM denies the allegations in ¶ 31.

32.     NCOPM denies the allegations in ¶ 32.

33.     NCOPM denies the allegations in ¶ 33.

34.     NCOPM denies the allegations in ¶ 34 for lack of sufficient information to justify a belief therein.

35.     NCOPM denies the allegations in ¶ 35.

36.     NCOPM denies the allegations in ¶ 36.

37.     The allegations in ¶ 37 do not require an affirmative response. NCOPM's responses herein are solely for and on behalf of NCO Portfolio Management

38.     NCOPM denies the allegations in ¶ 38 for lack of sufficient information to justify a belief therein.

39.     NCOPM denies the allegations in ¶ 39 for lack of sufficient information to justify a belief therein.

40.     NCOPM denies the allegations in ¶ 40 for lack of sufficient information to justify a belief therein.

41.     NCOPM denies the allegations in ¶ 41 for lack of sufficient information to justify a belief therein.

42.     NCOPM admits that it purchases debt.   Except as specifically admitted, NCOPM denies the allegations in ¶ 42.

43.     NCOPM admits the allegations in ¶ 43.

44.     NCOPM admits it files lawsuits on debt that it owns.   Except as specifically admitted, NCOPM denies the allegations in ¶ 44.

45.     NCOPM denies the allegations in ¶ 45.

46.     NCOPM denies the allegations in ¶ 46.

47.     NCOPM admits that it may seek interest and costs in a lawsuit to the extent permitted by law.   Except as specifically admitted, NCOPM denies the remaining allegations in ¶ 47.

48. NCOPM admits that it files lawsuits on debt it owns. Except as specifically admitted, NCOPM denies the allegations in ¶ 48.

49. NCOPM admits that it purchases bad debt. Except as specifically admitted, NCOPM denies the allegations in ¶ 49.

50. NCOPM denies the allegations in ¶ 50.

51. NCOPM denies the allegations in ¶ 51.

52. NCOPM denies the allegations in ¶ 52.

53. NCOPM denies the allegations in ¶ 53.

54. NCOPM denies the allegations in ¶ 54.

55. NCOPM denies any and all damages, liability and/or violations to the extent alleged in ¶ 55.

56. NCOPM denies the allegations in ¶ 56 for lack of sufficient information to justify a belief therein.

57. NCOPM denies the allegations in ¶ 57.

58. NCOPM denies the allegations in ¶ 58.

59. NCOPM denies the allegations in ¶ 59.

60. NCOPM denies the allegations in ¶ 60.

61. NCOPM denies the allegations in ¶ 61.

62. NCOPM denies the allegations in ¶ 62.

63. NCOPM denies the allegations in ¶ 63.

64. NCOPM denies the allegations in ¶ 64.

65. NCOPM denies the allegations in ¶ 65.

66.    NCOPM denies the allegations in ¶ 66.

67.    NCOPM denies the allegations in ¶ 67

CLASS ALLEGATIONS

68.    In response to ¶ 68, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

69.    NCOPM admits that Defendant purports to bring a class action, but NCOPM denies that this suit meets the requirements of a class action.

70.    NCOPM denies the allegations in ¶ 70 and further denies that this suit meets the requirements of a class action.

71.    NCOPM denies the allegations in ¶ 71 and further denies that this suit meets the requirements of a class action.

72.    NCOPM denies the allegations in ¶ 72 and further denies that this suit meets the requirements of a class action.

73.    NCOPM denies the allegations in ¶ 73 and further denies that this suit meets the requirements of a class action.

74.    NCOPM denies the allegations in ¶ 74 and further denies that this suit meets the requirements of a class action.

75.    NCOPM denies the allegations in ¶ 75.

76.    NCOPM denies the allegations in ¶ 76 and further denies that this suit meets the requirements of a class action.

77.    NCOPM denies the allegations in ¶ 77 and further denies that this suit meets the requirements of a class action.

78.    NCOPM denies the allegations in ¶ 78 and further denies that this suit meets the requirements of a class action.

79.    NCOPM denies the allegations in ¶ 79 and further denies that this suit meets the requirements of a class action.

80.    NCOPM denies the allegations in ¶ 80 and further denies that this suit meets the requirements of a class action.

81.    NCOPM denies the allegations in ¶ 81 and further denies that this suit meets the requirements of a class action.

82.    NCOPM denies the allegations in ¶ 82 and further denies that this suit meets the requirements of a class action.

83.    NCOPM denies the allegations in ¶ 83 and further denies that this suit meets the requirements of a class action.

84.    NCOPM denies the allegations in ¶ 84 and further denies that this suit meets the requirements of a class action.

85.    NCOPM denies the allegations in ¶ 85 and further denies that this suit meets the requirements of a class action.

## COUNT ONE – Class Claim: FDCPA

86.    In response to ¶ 86, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

87.    NCOPM denies the allegations in ¶ 87.

88.    NCOPM denies the allegations in ¶ 88.

89.    NCOPM denies the allegations in ¶ 89, including sub-parts (a)-(e).

90.     NCOPM denies the allegations in ¶ 90.

91.     NCOPM denies the allegations in ¶ 91.

**COUNT TWO – Class Claim: Deceptive, Unfair or Unconscionable Acts**

92.     In response to ¶ 92, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

93.     NCOPM denies the allegations in ¶ 93 for lack of sufficient information to justify a belief therein.

94.     NCOPM denies the allegations in ¶ 94.

95.     NCOPM denies the allegations in ¶ 95.

96.     NCOPM denies the allegations in ¶ 96, including sub-parts (a)-(c).

97.     NCOPM denies the allegations in ¶ 97.

**COUNT THREE – Class Claim: Deceptive Trade Practices**

98.     In response to ¶ 98, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

99.     NCOPM denies the allegations in ¶ 99.

100.    NCOPM denies the allegations in ¶ 100.

**COUNT FOUR – Class Claim – Civil Conspiracy**

101.    In response to ¶ 101, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

102.    NCOPM denies the allegations in ¶ 102.

103.    NCOPM denies the allegations in ¶ 103.

104.    NCOPM denies the allegations in ¶ 104.

105.   NCOPM denies the allegations in ¶ 105.

## COUNT FIVE – Class Claim – Abuse of Process

106.   In response to ¶ 106, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

107.   NCOPM denies the allegations in ¶ 107.

108.   NCOPM denies the allegations in ¶ 108.

109.   NCOPM denies the allegations in ¶ 109.

110.   NCOPM denies the allegations in ¶ 110.

111.   NCOPM denies the allegations in ¶ 111.

## COUNT SIX – Class Claim: Defamation

112.   In response to ¶ 112, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

113.   NCOPM denies the allegations in ¶ 113.

114.   NCOPM denies the allegations in ¶ 114.

115.   NCOPM denies the allegations in ¶ 115.

116.   NCOPM denies the allegations in ¶ 116.

117.   NCOPM denies the allegations in ¶ 117.

## COUNT SEVEN – Individual Claim: FDCPA

118.   In response to ¶ 118, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

119.   NCOPM denies the allegations in ¶ 119.

120.   NCOPM denies the allegations in ¶ 120.

121.   NCOPM denies the allegations in ¶ 121.

### COUNT EIGHT – Individual Claim – Ohio CSPA

122.   In response to ¶ 112, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

123.   NCOPM denies the allegations in ¶ 123.

124.   NCOPM denies the allegations in ¶ 124.

### COUNT NINE – Individual Claim: Fraud

125.   In response to ¶ 125, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

126.   NCOPM denies the allegations in ¶ 126.

127.   NCOPM denies the allegations in ¶ 127.

128.   NCOPM denies the allegations in ¶ 128.

129.   NCOPM denies the allegations in ¶ 129.

130.   NCOPM denies the allegations in ¶ 130.

131.   NCOPM denies the allegations in ¶ 131.

132.   NCOPM denies the allegations in ¶ 132.

### COUNT TEN – Claim: Civil Conspiracy

133.   In response to ¶ 133, NCOPM hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

134.   NCOPM denies the allegations in ¶ 134.

135.   NCOPM denies the allegations in ¶ 135.

136.   NCOPM denies the allegations in ¶ 136.

137.   NCOPM denies the allegations in ¶ 137.

## Damages

138.   NCOPM denies the allegations in ¶ 138.

### PRAYER FOR RELIEF

139.   NCOPM denies that plaintiff is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, NCOPM avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against NCOPM upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCOPM is found to be a debt collector as defined in the FDCPA, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCOPM, or for whom NCOPM is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

NCOPM is entitled to an offset to the claims set forth in the Complaint sufficient to diminish or defeat Defendant's recovery thereunder.

WHEREFORE, Defendant, NCO Portfolio Management respectfully requests that this answer be deemed good and sufficient, plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's costs, pursuant to Federal and State law, plaintiff be ordered to pay reasonable attorney's fees and costs for NCOPM, and for all other general and equitable relief.

Respectfully submitted,

Franklin C. Malemud, Esq. (0068356)
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio 44115-1093
Phone: (216) 687-1311
Fax: (216) 687-1841
Email: fmalemud@reminger.com

(per consent)
Allison Cannizaro, Esq
(*admitted pro hac vice*),
Sessions Fishman, Nathan and Israel LLP
3850 N. Causeway Blvd., Suite 1240
Metairie, Louisiana 70002-1752
email: acannizaro@sessions-law.biz
Phone (504) 828-3700, Fax (504) 828-3737.

11

*NCO Portfolio Management, Inc., NCOP Capital II, LLC d/b/a NCO Portfolio Management, NCO Financial Systems, Inc., and NCO Group, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing First Amended Answer was sent by regular U. S. Mail on this 12th day of November 2009 to the following:

Robert S. Belovich, Esq.
5638 Ridge Road
Parma, OH 44129

Anand N. Misra, Esq.
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, OH 44122

Michael D. Slodov, Esq.
Javitch, Block & Rathhbone, LLP
1100 Superior Ave., 19th Fl.
Cleveland, OH 44114-2518

Franklin C. Malemud, Esq. (0068356)

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: CV-09-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Judge: JOSEPH D RUSSO** |
| vs. | ) | |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | |
| vs. | ) | |
| | ) | |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

### Plaintiff's Motion to Dismiss its Complaint against Defendant

Now comes Plaintiff, NCO Portfolio Management, pursuant to Civ. R. 41(A)(2) , and hereby moves this Court to dismiss its complaint against the Defendant, Christopher Hrivnak.  Plaintiff states that a counterclaim has been filed by Defendant, thereby necessitating this Motion.  Further, this Court should dismiss its complaint against Defendant because Plaintiff is voluntarily withdrawing its claims, and because Defendant's counterclaim can remain pending for independent adjudication of the Court, should Plaintiff's complaint be dismissed.

Respectfully Submitted,

_____

R. GLENN KNIRSCH, SCR # 0080770
JAVITCH, BLOCK & RATHBONE
1100 Superior Avenue.,19th Floor
Cleveland, OH 44114
Ph:     (216) 623-0000 Ex. 3088
Fax:    (216) 525-4962
E-mail: gknirsch@jbandr.com
*Attorneys for Plaintiff*

1

**<u>Certificate of Service</u>**

The undersigned hereby certifies that the foregoing motion to dismiss was served upon Robert Belovich, attorney for the Defendant, at 5638 Ridge Road, Parma, OH, 44129 and Anand N. Misra, The Misra Law Firm, LLC, 3659 Green Road, Suite 100, Beachwood, Ohio 44122, via regular U.S. Mail postage pre-paid, this January 6, 2010.

Respectfully Submitted:


_____

R. GLENN KNIRSCH, SCR # 0080770

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

NCO Portfolio Management, et al.  )  CASE NO: CV-09-701481
                                                        )

       PLAINTIFF AND  )
       COUNTER-DEFENDANTS.  )  Judge Joseph D. Russo
                                                           )

       vs.  )

Christopher G. Hrivnak  )  DEFENDANT'S MOTION FOR LEAVE TO FILE
                                                   )  AMENDED ANSWER AND COUNTERCLAIM.
       DEFENDANT AND  )
       COUNTER-PLAINTIFF.  )

Defendant ~~and~~ moves the court, pursuant to Civ. R.15, for leave to file an amended answer and counterclaim.  An amendment to the counterclaim is necessitated by new information that the plaintiff in this case is non-existent, and that another entity is in fact the real, but hidden, plaintiff.

This information was not available to the defendant at the time he submitted his original Answer and Counterclaim.  This new information has necessitated the addition of parties as well as additional claims. A copy of the proposed amended pleading is attached.  The grounds for this motion are more fully discussed in the attached memorandum in support.

Respectfully submitted,

                                                        _Robert S. B_____

Robert S. Belovich (#0024187)
5638 Ridge Road
Parma, Ohio 44129
(440) 884-8018
rsb@belovichlaw.com

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752 3330
misraan@misralaw.com

Attorneys for Defendant

## Certificate of Service

I hereby certify that a copy of the foregoing was served on counsel for Plaintiff and

Counter-defendants: Franklin C. Malemud, Esq., Reminger Co., L.P.A.,  1400 Midland Bldg.,

101 Prospect Ave. West, Cleveland, OH 44115, and Michael D. Slodov, Esq., Javitch, Block &

Rathbone LLP, 1100 Superior Ave, 19th Floor, Cleveland OH 44114-2518, on January 11, 2010,

by facsimile transmission.

Robert S. Belovich (#0024187)
One of the Attorneys for Defendant

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| NCO Portfolio Management, et al. | ) CASE NO: CV-09-701481 |
| | ) |
| Plaintiff and | ) |
| Counter-Defendants. | ) |
| | ) Judge Joseph D. Russo |
| vs. | ) |
| | ) |
| Christopher G. Hrivnak | ) Memorandum in Support of Defendant's |
| | ) Motion for Leave to File Amended Answer and |
| Defendant and | ) Counterclaim. |
| Counter-Plaintiff. | ) |

Defendant respectfully seeks this court's permission to amend his counterclaim to add parties and claims that became known to him only after the filing of his original Answer and Counterclaim on July 6, 2009.

Plaintiff, NCO Portfolio Management ("Portfolio"), filed this case in the Bedford Municipal Court on June 4, 2009.    Thereafter, on 8/21/09, 8/27/09 and 10/16/09, it filed three documents with this court, including a motion to dismiss the counterclaim, without revealing that it was not an entity or that it was not the real party.    On 10/26/09, Portfolio filed an Answer and Affirmative Defenses to defendant's counterclaim, wherein it revealed for the first time that it was simply an alter ego for another entity (NCOP Capital II) which was the supposed real plaintiff.

Soon thereafter, on November 10, 2009, during the telephone Case Management Conference, defendant informed the court and the plaintiff and counterclaim-defendants that the new information as to the plaintiff's identity would necessitate an amendment to the counterclaim.    Defendant also sought discovery from plaintiff as to this and other issues. The amendments to the counterclaim, additional claims and parties, are directly a result of this

new information.

      Civil R. 15 provides that "leave of court shall be freely given when justice so requires."

Defendant respectfully submits that the additional claims and parties will allow full adjudication

of related claims and further the interests of justice, while promoting judicial economy.

Defendant has acted diligently in seeking necessary information and seeking this amendment.

Therefore, justice requires that defendant's motion for leave to file the Amended Answer and

Counterclaim be granted and the pleading attached hereto be filed with the court.

      Respectfully submitted,

                                     Robert S. Belovich (#0024187)
                                     5638 Ridge Road
                                   Parma, Ohio 44129
                                   (440) 884-8018
                                   rsb@belovichlaw.com

                                   Anand N. Misra (#0067594)
                                   The Misra Law Firm, LLC
                                   3659 Green Road, Suite 100
                                   Beachwood, Ohio 44122
                                   (216) 752 3330
                                   misraan@misralaw.com

                                   Attorneys for Defendant

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, et al. | ) | CASE NO: CV-09-701481 |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim-Defendants | ) | **Judge Joseph D. Russo** |
| | ) | |
| vs. | ) | |
| | ) | |
| Christopher G. Hrivnak | ) | |
| | ) | |
| Defendant and | ) | |
| Counterclaim-Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NCOP Nevada Holdings, LLC | ) | |
| 3763 Howard Hughes Parkway | ) | |
| Suite 170A | ) | DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM |
| Las Vegas, NV 89169 | ) | WITH JOINDER OF ADDITIONAL |
| | ) | COUNTERCLAIM-DEFENDANTS |
| And | ) | |
| | ) | |
| NCOP Capital II, LLC | ) | (JURY DEMAND ENDORSED HEREON) |
| 2520 St Rose Parkway | ) | |
| Suite 212 | ) | |
| Henderson, NV 89074 | ) | |
| | ) | |
| Additional | ) | |
| Counterclaim-Defendants | ) | |

**Answer**

1.    Denies.

2.    Denies.

3.    Denies.

4.    Denies.

5.    Denies.

6.    Denies.

7.    Denies.

8.   Denies.

9.   Denies.

### Affirmative Defenses

10.  The complaint fails to state a claim upon which relief may be granted.

11.  The complaint fails to join necessary parties under Rule 19.

12.  The complaint is barred in whole or in part by the statute of frauds.

13.  The court lacks jurisdiction.

14.  Plaintiff lacks standing to sue.

15.  Plaintiff lacks legal capacity or competence to sue.

16.  Plaintiff is not the real party in interest.

17.  Laches, waiver, and/or estoppel.

18.  Statute of limitations.

19.  Illegality.

20.  Fraud.

21.  Other matters constituting affirmative defenses are set forth in the following counterclaim or otherwise applicable.

22.  Plaintiff's claims are barred by additional defenses to be identified during this litigation that defendant reserves the right to assert.

### Counterclaim

23.  Defendant incorporates his previous admissions, denials, and averments.

24.  This counterclaim is an action for damages and other relief by a consumer for Counterclaim-Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.; ("FDCPA"), the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01 et seq. ("OCSPA"), Ohio Deceptive Trade Practices Act, Ohio Revised Code 4165.01 et seq. ("ODTPA"), and common law fraud, defamation, abuse of process, malicious prosecution, and civil conspiracy.

25.  Defendant Christopher G. Hrivnak is a "Consumer" as defined in the Ohio Consumer Sales Practice Act, R.C. § 1345.01(D) and similar consumer protection statutes.

26.  Counterclaim-Defendant NCO Group, Inc., "NCOG" is an entity engaged in the business of

purchasing debt that is already in default at the time of purchase.

27. NCOG operates its consumer debt collection business through a labyrinth of controlled entities, some of which are shown in Exhibit 1 attached hereto.

28. NCOG creates, and provides to its debt collectors, strategies, policies, practices, work standards, systems, tools and contracts for the collection of consumer debt.

29. NCOG's senior managers are directly involved in most, or all, controlled entities shown on Exhibit 1.

30. NCOG through its operation of such controlled entities is a firm regularly engaged in the collection of consumer debts in this state.

31. Counterclaim-Defendant NCO Portfolio Management, Inc., "PMI", is one of the entities controlled by NCOG.

32. PMI is a firm regularly engaged in the collection of consumer debts in this state.

33. Counterclaim-Defendant NCO Financial Systems, Inc., "FSI", is one of the entities controlled by NCOG.

34. FSI is a firm regularly engaged in the collection of consumer debts in this state.

35. Counterclaim-Defendant NCOP Nevada Holdings, LLC, "NHL", is one of the entities controlled by NCOG.

36. NHL, serves as a conduit for NCOG's debt collection actions, and is therefore a firm that is regularly engaged, directly or indirectly, in the collection of consumer debts in this state.

37. Counterclaim-Defendant NCOP Capital II, LLC, "C2L", is one of the entities controlled by NCOG.

38. Plaintiff NCO Portfolio Management has stated, in its First Amended Answer to Mr. Hrivnak's counterclaim, that C2L is its alter ego.

39. C2L serves as a conduit for NCOG's debt collection actions.

40. C2L is therefore a firm regularly engaged in the collection of consumer debts in this state.

41. Hereafter, when referred to collectively, Counterclaim-Defendants NCOG, PMI, FSI, NHL, C2L and NCO Portfolio Management will be referred to as "NCO."

42. Plaintiff NCO Portfolio Management, "Portfolio", is a fiction created by one or more of the NCO for regularly collecting consumer debt in Ohio and other states.

43. Portfolio is not a legal entity in any state.

44. NCO have filed several certificates with the county clerk of Clark County, Nevada, claiming therein that numerous entities, including the following, do business in Clark County under the fictitious name "NCO Portfolio Management":

> NCOP Lakes, Inc; NCOP Capital Inc; NCOP VI, Inc; NCOP V, Inc; NCOP IV, Inc; NCOP III, Inc; NCOP II, Inc; NCOP I, Inc; NCOP VII, Inc.; NCOP Capital I, LLC; NCOP Capital II, LLC; NCOP/CF/MED, LLC; NCOP/CF, LLC; NCOP VIII, LLC; NCOP Capital I, LLC; NCOP/CF II, LLC; NCOP Capital, IV, LLC; NCOP Capital III, LLC; NCOP X, LLC; NCOP XI, LLC; and NCOP IX, LLC.

45. Nevada law requires that "Every person doing business in this state under an assumed or fictitious name that is in any way different from the legal name of each person who owns an interest in the business must file with the county clerk of **each county** in which the business is being conducted a certificate containing the information required by NRS 602.020." Nevada Revised Statutes (NRS) § 602.010(1), emphasis added.

46. The form provided by the county clerk for Washoe County, Nevada, for filing the certificate required by NRS § 602.010, states the purpose of such filings as:

> "The purpose of the fictitious name statute is to prevent fraud and to inform the public of the true identity of those with whom the public conducts business."

See, Exhibit 2, hereto.

47. On information and belief, there is no law in Nevada that authorizes or permits the use of a fictitious name outside the Nevada county where a certificate for such fictitious name is filed.

48. NCO claim to have also filed, with the three counties in the state of Delaware, a certificate to use the fictitious name "NCO Portfolio Management" for Creditrust SPV2, LLC; Creditrust SPV98-2, LLC; and Creditrust SPV99-1, LLC.    See, Exhibit 3.

49. On information and belief, there is no law in Delaware that authorizes or permits the use of a fictitious name outside the Delaware county where a certificate for such fictitious name is filed.

50. On information and belief, NCO have filed no certificates to do business under the

fictitious name "NCO Portfolio Management" in any geographic area, or political subdivision, in the United States other than Clark County, Nevada, and Delaware, as described above.

51.  There is no fictitious name registration in Ohio for "NCO Portfolio Management."

52.  There is a similarly named legal entity "NCO Portfolio Management, Inc." registered with the Ohio Secretary of State.    This entity is the Counterclaim-Defendant PMI.

53.  NCO are incompetent to use the fictitious name "NCO Portfolio Management" in Ohio.

54.  NCO are incompetent to commence or maintain lawsuits in Ohio under the fictitious name "NCO Portfolio Management."

55.  On information and belief, NCO intentionally used the fiction of "NCO Portfolio Management" on the collection complaints it filed, in order to conceal and prevent consumer defendants from discovering the identity of the real party seeking to bring the collection lawsuit against consumers, including Mr. Hrivnak.

56.  NCO concocted and used the similarity in names between "NCO Portfolio Management" and its controlled entity "NCO Portfolio Management, Inc." to support and accomplish such fraudulent concealment.

57.  NCO succeeded in deceiving consumers, including Mr. Hrivnak, into believing that they were litigating against an entity named "NCO Portfolio Management," when in fact no such entity existed.

58.  Due to such concealment, consumers including Mr. Hrivnak did not have an opportunity to discover the illusory nature of "NCO Portfolio Management," resulting in such consumers not being able to assert an adequate defense to NCO's collection lawsuits, or not being able to assert their legal rights, or having to pay unnecessary amounts to NCO, or having to incur unnecessary expense.

59.  On information and belief, NCO continues to litigate numerous collection actions in the name of the non-existent "NCO Portfolio Management."

60.  On information and belief, NCO has also obtained judgments and collected amounts in the name of, and on behalf of, the non-existent "NCO Portfolio Management."

61.  On information and belief, NCO continues to collect amounts from consumers in the

name of, and on behalf of, the non-existent "NCO Portfolio Management."

62. NCO, individually and collectively, are "debt collector(s)" as defined in 15 U.S.C. §1692a(6) and similar consumer protection statutes.

63. NCO, individually and collectively, are "supplier(s)" as defined in Ohio R.C. § 1345.01(C) and similar consumer protection statutes.

64. On information and belief, NCO individually or collectively take, commit or perform the unlawful actions that are the subject of this Counterclaim.

65. On information and belief, NCOG takes individual actions in directing the unlawful actions of the other NCO that are the subject of this Counterclaim; authorizing or creating the procedures and business practices employed by such NCO in furtherance of such unlawful actions; obtaining, transferring and making available to such NCO the alleged claims to be made against consumers including Mr. Hrivnak; conspiring with such NCO to commit the unlawful actions, and providing necessary resources for the unlawful actions to be taken.

66. Counterclaim-Defendant Javitch, Block & Rathbone L.L.P. ("Javitch") is a law firm regularly engaged in the collection of debts with its principal place of business located at 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114.

67. Javitch is a "debt collector" as defined in 15 U.S.C. §1692a(6).

68. Javitch is a "supplier" as defined in Ohio R.C. § 1345.01(C) and similar consumer protection statutes.

69. Several courts have already determined that Javitch is a debt collector, who is subject to the FDCPA and OCSPA, for actions it takes in collection lawsuits while representing buyers of debt in default, who sue consumers alleging an assignment of debt.   These cases are examples of such a determination of Javitch's status: *Hartman et al. v. Great Seneca Financial Corp. et al.*, U.S. Ct. of App., 6th Cir., Opinion 09a0221p.06 (June 30, 2009); *Evans v. Midland Funding LLC*, No. 1:08-cv-180 (S. Dist. Ohio, Aug. 8, 2008); *Williams v. Javitch, Block & Rathbone*, LLP, 480 F. Supp.2d 1016, 1024 (S. Dist. Ohio 2007).

70. NCO are engaged in the business of buying debt in default, and thereafter attempting to collect the debt.

71. In this case, Portfolio has brought a claim against Mr. Hrivnak based on an alleged debt in

default that it claims to have purchased.

72. Bringing legal actions is an integral and important part of NCO's debt collection business.

73. NCO has filed thousands of unlawful consumer collection lawsuits making false statements, using false documents and with full knowledge that many lawsuits were being filed well beyond the applicable period of limitations.

74. This lawsuit against Mr. Hrivnak is one of the unlawful lawsuits described in the preceding paragraph.

75. In such lawsuits, NCO demand interest and costs.

76. Such lawsuits are based on debt allegedly acquired by NCO.

77. Such debt is already in default at the time it is so acquired by NCO.

78. At the time of acquisition and before filing the unlawful lawsuits, NCO know or should know about the lack of documentation as to the validity of the debt or to plead or prove liability for the amount claimed due, and the amount of interest contractually due.

79. The prices paid by NCO for the acquired debt reflect NCO's knowledge of the lack of such documentation.

80. NCO commence or cause to commence the unlawful lawsuits without adequate or reasonable investigation of the debt sought to be collected.

81. On information and belief, in order to conceal their inadequate investigation or to appear to meet pleading obligations, NCO and Javitch either fail to attach required documents to filed pleadings or attach documents that falsely represent the amount due or the agreement under which a consumer is allegedly bound.

82. Through such false documents and associated language in the pleadings, NCO and Javitch implicitly represent the existence and availability of agreements that entitle NCO to claimed amounts.

83. In this case and other cases where Javitch has represented one of more of the NCO entities, or their affiliates, Javitch has itself taken the unlawful individual actions described in this counterclaim.   Each such action violates consumer protection and other laws cited in this counterclaim, independent and apart from any action that may be taken by NCO.

84. Each of the above described actions, and those upon which Mr. Hrivnak's claims are

based, is a "Consumer Transaction" as defined in Ohio R.C. 1345.01(A) and similar consumer protection statutes.

85. On information and belief, NCO act in collaboration in the filing of unlawful lawsuits against consumers and to commit the unlawful acts described in this counterclaim.

86. On information and belief, NCO also collaborate with others, such as Javitch, in the filing of unlawful lawsuits against consumers and to commit the unlawful acts described in this counterclaim.

87. The claims made by NCO in its case against Mr. Hrivnak are false.

88. NCO has no claim against Mr. Hrivnak that would not be time-barred if filed on the same day that the complaint in this case was filed.

89. Counterclaim-Defendants NCO and Javitch knowingly made or caused to be made false statements in the complaint as to the fact, nature and amount of the debt allegedly owed by Mr. Hrivnak.

90. NCO and Javitch knowingly made or caused to be made false statements in the complaint as to the investigation they conducted to determine the truth of the claims made in the complaint.

91. NCO and Javitch knowingly made or caused to be made false statements in the complaint as to the efforts they made to meet obligations imposed upon them by the Ohio Rules of Civil Procedure.

92. NCO and Javitch filed the lawsuit against Mr. Hrivnak despite knowing that they were incompetent to do so because the statute of limitations had already expired.

93. NCO and Javitch concealed their incompetence to file the lawsuit despite being obligated to disclose such incompetence by the Ohio Rules of Civil Procedure.

94. NCO and Javitch demanded interest and costs in the lawsuit knowing that they did not have the ability to do so.

95. NCO and Javitch reported or caused to be reported inaccurate credit information about Mr. Hrivnak, as to the illegally filed lawsuit, which they knew or should have known was false.

## Class Allegations

96. Mr. Hrivnak repeats and realleges and incorporates by reference preceding paragraphs.

97. Counts One through Six and Counts Twelve through Fourteen of this Counterclaim are brought on behalf of Mr. Hrivnak and a class of Consumers, similarly situated to Mr. Hrivnak, who have been or may be subjected to Counterclaim-Defendants' unlawful collection related practices.

98. There are two classes of Consumers, and Mr. Hrivnak is a member of both classes.

99. The first class of Consumers consists of all persons who were named as a defendant in a civil action in which "NCO Portfolio Management" was the named plaintiff, and which was filed outside of the four counties discussed in ¶ 50 above.

100. The second class of Consumers consists of all persons who were named as a defendant in a civil action, filed in Ohio, in which an NCO entity was the named plaintiff and which action was filed beyond the period of limitations.

101. Certification of a class under Ohio Civil Rule 23 is appropriate in that the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative party are typical of the claims of the class, and the representative will fairly and adequately protect the interests of the class.

102. The class is so numerous that joinder of all members is impracticable.

103. NCO, in collaboration with Javitch or others, has filed numerous cases without having the legal competence to do so.

104. It is therefore reasonable to infer that the number of class members exceeds those required for satisfaction of the numerosity requirement.

105. There are questions of law and fact common to the class, including the nature and extent of Counterclaim-Defendants' collection practices, procedures and policies, and whether these practices, procedures and policies violate consumer protection laws including the Fair Debt Collection Practices Act.

106. These common questions of law or fact predominate over any questions affecting only individual members.

107. A class action is superior to other available methods for the fair and efficient adjudication

of this controversy.

108. The claims and defenses of Mr. Hrivnak are typical of the claims and defenses of the class members.   All are based on the same legal and factual theories and predominant common questions.

109. Mr. Hrivnak will fairly and adequately protect the interest of the class.  He has a substantial pecuniary stake in the controversy, and has retained experienced counsel. Neither Mr. Hrivnak nor his counsel have any interests which might cause them not to vigorously pursue this action.

110. Counterclaim-Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

111. Each class member's claim is relatively small, thus it is impracticable for class members to file individual actions.   Also, because Counterclaim-Defendants are well capitalized entities and effective presentation of the causes of action asserted requires significant expense, the interest of members of the class in individually controlling the prosecution or defense of separate actions is minimal.

112. NCO, in collaboration with Javitch and others, institute collection actions and secure default judgments against Consumers, thus Consumers are unaware of their rights.   A class action is therefore essential to prevent a failure of justice.

113. The difficulties likely to be encountered in the management of this class action are much less than in the case of many types of actions routinely certified, such as class actions for securities fraud.

## Count One -    Class Claim: FDCPA

114. Mr. Hrivnak repeats and realleges and incorporates by reference preceding paragraphs.

115. NCO and Javitch are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

116. NCO and Javitch violated the FDCPA through their consumer debt collection activities.

117. Counterclaim-Defendants' violations include, but are not limited to, the following:

    a.   Counterclaim-Defendants violated 15 U.S.C. § 1692e when they commenced and maintained time-barred debt collection lawsuits against Mr. Hrivnak and class

    b.   Counterclaim-Defendants violated 15 U.S.C. § 1692e and § 1692f when they made false, misleading and/or unfounded representations in lawsuits as to agreements under which a consumer was allegedly bound.

    c.   Counterclaim-Defendants violated 15 U.S.C. § 1692f when they demanded payment for costs and interest in such lawsuits.

    d.   Counterclaim-Defendants violated 15 U.S.C. § 1692e(8) by reporting or causing to report inaccurate credit information, as to the illegally filed lawsuits, which they knew or should have known was false.

    e.   Counterclaim-Defendants violated 15 U.S.C. § 1692e, § 1692f and § 1692d when they employed a pattern and practice of filing invalid lawsuits, with inadequate investigation of the debt before filing the lawsuit, with the use of false documents and false representations with the improper motive of cheating unsuspecting or unsophisticated consumers.

118. Mr. Hrivnak and the class suffered damages as a result of Counterclaim-Defendants' violations.

119. As a result of the violations of the FDCPA, Counterclaim-Defendants are liable to Mr. Hrivnak and the class for declaratory judgment that Counterclaim-Defendants' conduct violated the FDCPA, and actual damages, statutory damages, and costs and attorney's fees.

**Count Two -**    **Class Claim: Deceptive, Unfair or Unconscionable Acts**

120. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

121. Transactions between Counterclaim-Defendants and the class are consumer transactions.

122. In connection therewith, Counterclaim-Defendants knowingly committed unfair, deceptive and/or unconscionable acts or practices.

123. These acts of the Counterclaim-Defendants, to violate OCSPA, have been determined by courts of this state to violate Ohio R.C. § 1345.02 or Ohio RC § 1345.03, and were committed by Counterclaim-Defendants after such decisions were made available for

public inspection under Ohio R.C. § 1345.05(A)(3).

124. Such conduct included:

    a. Actions taken in violation of FDCPA;

    b. Actions taken to commence and maintain debt collection lawsuits against the class members, even though they did not have the legal right to do so.

    c. Actions taken to commence and maintain debt collection lawsuits against the class members, with the use of false or misleading representations in such lawsuits;.

125. Mr. Hrivnak and the class suffered damages as a result of Counterclaim-Defendants' violations.

## Count Three -  Class Claim: Deceptive Trade Practices

126. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

127. Counterclaim-Defendants knowingly engaged in deceptive trade practices in violation of Ohio R.C. §4165.02(A)(2), §4165.02(A)(3), §4165.02(A)(7), and §4165.02(A)(9) by misrepresenting the origin, nature and validity of the illegally filed lawsuits, and the monetary elements constituting the sums claimed as due from Mr. Hrivnak and the class he seeks to represent, and causing confusion as to affiliation, connection, or association of the party named as plaintiff in such lawsuits.

128. Mr. Hrivnak and the class were injured and are likely to suffer further injury as a result of the deceptive trade practices of the Counterclaim-Defendants.

## Count Four -  Class Claim: Civil Conspiracy

129. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

130. NCO created joint collection platforms and strategies and acted in concert, with each other and with Javitch, under an agreement to commit the unlawful acts described above, and to initiate lawsuits in an unlawful manner.

131. In accordance with agreement, plan or understanding, one or more of the Counterclaim-Defendants did commit the above described unlawful acts against Mr.

Hrivnak and the class.

132. Mr. Hrivnak and the class suffered injury as a result of these actions.

133. Counterclaim-Defendants therefore committed the tort of civil conspiracy.

### Count Five –    Class Claim: Abuse of Process

134. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

135. Counterclaim-Defendants filed time-barred collection actions against consumers.

136. Counter- Defendants filed such actions for the improper purpose of placing unwarranted pressure upon consumers to make payments or face damage to their credit history, for the improper purpose of taking unfair advantage of unsophisticated consumers, or for the improper purpose of obtaining more money from consumers than Counterclaim-Defendants' knew could possibly be due, owing or payable on an underlying obligation.

137. Consumers, like Mr. Hrivnak and the class he seeks to represent, have suffered and continue to suffer damage as a direct result of this wrongful use of process.

138. Counterclaim-Defendants have therefore committed the tort of abuse of process.

139. Mr. Hrivnak and the class were injured as a result of Counterclaim-Defendants' actions.

### Count Six –    Class Claim: Defamation

140. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

141. Counterclaim-Defendants published false information about Mr. Hrivnak and the class by disseminating or causing information to be disseminated that these consumers were the subject of legally authorized collection lawsuits.

142. Such defamatory information was published to the public, prospective employers, potential creditors, or merchants causing injury to the reputation generally and credit reputation in particular of Mr. Hrivnak and the class.

143. Mr. Hrivnak alleges that the publication of such defamatory information by Counterclaim-Defendants was done maliciously, without privilege, and with intent to

apply undue coercion and to injure Mr. Hrivnak and the class.

144. Counterclaim-Defendants have therefore defamed Mr. Hrivnak and the class.

145. Mr. Hrivnak and the class suffer continuing injury from the defamatory publications by Counterclaim-Defendants.

### Count Seven -  Individual Claim: FDCPA

146. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

147. Counterclaim-Defendants falsely represented the amount and character of the alleged debt by falsely stating, in the Complaint, that Mr. Hrivnak owed $11,481.84 "on the contract." See Complaint ¶ 6.

148. Counterclaim-Defendants violated the FDCPA, including 15 U.S.C. § 1692e(2)(A).

149. Mr. Hrivnak was injured as a result of the actions of Counterclaim-Defendants.

### Count Eight -  Individual Claim: Ohio CSPA

150. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

151. Counterclaim-Defendants also knowingly committed unfair, deceptive and/or unconscionable acts or practices through the above actions described under Count Seven, including actions taken in violation of statutory obligations.

152. Mr. Hrivnak was injured as a result of the actions of Counterclaim-Defendants.

### Count Nine -  Individual Claim: Fraud

153. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

154. Counterclaim-Defendants committed fraud by falsely stating, in the Complaint, that Mr. Hrivnak owed $11,481.84 "on the contract."    See Complaint ¶ 6.

155. Such false representations were made to the court and to Mr. Hrivnak.

156. The dates, times and place of such false representations are documented in the court docket for this case.

157. Counterclaim-Defendants knew or should have known of the falsity of these representations.

158. Counterclaim-Defendants made such false representations with the purpose and intention to mislead Mr. Hrivnak and the court.

159. Mr. Hrivnak and the court were justified in relying upon such representations and did so rely.

160. Mr. Hrivnak suffered damages as a proximate result of such reliance.

## Count Ten -    Individual Claim: Civil Conspiracy

161. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

162. Counterclaim-Defendants created joint collection plans and strategies and acted in concert with each other and under an agreement to commit the unlawful acts described in Counts Seven through Nine and Eleven.

163. In accordance with agreement, plan or understanding, Counterclaim-Defendants did commit the above described unlawful acts against Mr. Hrivnak.

164. Mr. Hrivnak suffered injury as a result of these actions.

165. Counterclaim-Defendants therefore committed the tort of civil conspiracy.

## Count Eleven -    Individual Claim: Malicious Civil Prosecution

166. Mr. Hrivnak repeats and realleges and incorporates by reference preceding paragraphs.

167. Counterclaim-Defendants maliciously filed and maintained proceedings, in this case, against Mr. Hrivnak without legal competence to do so and without probable cause.

168. This conduct resulted in Mr. Hrivnak suffering a seizure of property during the course of such proceedings due to credit damage or expenses incurred.

169. On January 8th, 2010, plaintiff Portfolio filed a motion with this court seeking to dismiss its Complaint against Mr. Hrivnak.    Therefore, it is reasonable to believe that prior to submission of this case to a trier of fact, the proceedings against Mr. Hrivnak will have terminated in his favor.    This claim is made at this time, prior to the court's action on Portfolio's motion, to avoid waste of time and judicial resources that would be necessary

for a second amendment of Mr. Hrivnak's counterclaim should the court dismiss the Complaint as requested by Portfolio.

170. Counterclaim-Defendants have therefore committed the tort of malicious civil prosecution.

171. Mr. Hrivnak was injured as a result of the actions of the Counterclaim-Defendants.

## Count Twelve - Additional Class Claim: FDCPA

172. Mr. Hrivnak repeats and realleges and incorporates by reference preceding paragraphs.

173. In addition to the FDCPA violations described in Count One, NCO and Javitch committed additional FDCPA violations including the following:

  a. Counterclaim-Defendants violated 15 U.S.C. § 1692e, § 1692f and § 1692d when they commenced and maintained debt collection lawsuits against Mr. Hrivnak and class members in the name of a fiction, even though they were legally incompetent to do so.

  b. Counterclaim-Defendants violated 15 U.S.C. § 1692e when they concealed or misrepresented the identity of the person initiating such lawsuits.

  c. Counterclaim-Defendants violated 15 U.S.C. § 1692e when they employed a deceptive name to initiate such lawsuits.

  d. Counterclaim-Defendants violated 15 U.S.C. § 1692f when they demanded payment for costs and interest in such lawsuits.

  e. Counterclaim-Defendants violated 15 U.S.C. § 1692e(8) by reporting or causing to report inaccurate credit information, as to the illegally filed lawsuits, which they knew or should have known was false.

174. Mr. Hrivnak and the class suffered damages as a result of Counterclaim-Defendants' violations.

## Count Thirteen - Additional Class Claim: Deceptive, Unfair or Unconscionable Acts

175. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

176. Transactions between Counterclaim-Defendants and the class are consumer transactions.

177. In connection therewith, Counterclaim-Defendants knowingly committed unfair, deceptive and/or unconscionable acts or practices.

178. These acts of the Counterclaim-Defendants, to violate OCSPA, have been determined by courts of this state to violate Ohio R.C. § 1345.02 or Ohio RC § 1345.03, and were committed by Counterclaim-Defendants after such decisions were made available for public inspection under Ohio R.C. § 1345.05(A)(3).

179. In addition to the OCSPA violations described in Count Two, Counterclaim-Defendants have also violated the OCSPA through conduct including:

d. Actions, described in Count Twelve, taken in violation of FDCPA;

e. Actions, described in Count Twelve, taken to commence and maintain debt collection lawsuits against the class members, even though they did not have the legal right to do so.

f. Actions, described in Count Twelve, taken to commence and maintain debt collection lawsuits against the class members, with the use of false or misleading representations in such lawsuits.

180. Mr. Hrivnak and the class suffered damages as a result of Counterclaim-Defendants' violations.

## Count Fourteen -Additional Class Claim: Civil Conspiracy

181. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

182. Counterclaim-Defendants created joint collection plans and strategies and acted in concert with each other and under an agreement to commit the unlawful acts described in Counts Twelve and Thirteen above.

183. In accordance with agreement, plan or understanding, one or more of the Counterclaim-Defendants did commit the above described unlawful acts against Mr. Hrivnak and the class.

184. Mr. Hrivnak and the class suffered injury as a result of these actions.

185. Counterclaim-Defendants therefore committed the tort of civil conspiracy.

## Damages

186. Mr. Hrivnak and each member of the class described above have been or may be injured by Counterclaim-Defendants' unlawful acts and practices, in one or more of the following ways:

   a. Monetary, reputation or credit injuries.

   b. Expenditure of money, time or effort in resisting Counterclaim-Defendants' illegal actions.

   c. Creation of an unlawful and fictitious indebtedness, for which the consumer is ostensibly liable.

   d. Payment of charges which are unreasonable, unnecessary or a penalty.

WHEREFORE, Mr. Hrivnak respectfully requests that judgment be entered against Counterclaim-Defendants for the following:

   a. Award statutory, compensatory and punitive damages in an amount exceeding $25,000.00.

   b. Order Counterclaim-Defendants to refrain from all debt collection activities for a period of time as the court in its discretion may determine.

   c. Order Counterclaim-Defendants to establish procedures which will prevent attempts or actions to collect debt through conduct, as alleged in this case, which violates applicable federal or state laws.

   d. Order Counterclaim-Defendants to operate according to procedures which will prevent attempts or actions to collect debt through conduct, as alleged in this case, which violates applicable federal or state laws.

   e. Award attorney's fees, costs, and expenses.

   f. Award any other relief to which Mr. Hrivnak and the class may be entitled to in law or equity.

   g. Make declaratory judgments and order such other and further relief as may be just and proper.

Defendant Hrivnak demands a jury to hear and decide all issues triable to a jury.

Respectfully submitted,

_____

Robert S. Belovich (#0024187)
5638 Ridge Road
Parma, Ohio 44129
(440) 884-8018
rsb@belovichlaw.com

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752 3330
misraan@misralaw.com

Attorneys for Defendant

## Certificate of Service

I hereby certify that a copy of the foregoing was served on counsel for Plaintiff and Counter-defendants: Franklin C. Malemud, Esq., Reminger Co., L.P.A., 1400 Midland Bldg., 101 Prospect Ave. West, Cleveland, OH 44115, and Michael D. Slodov, Esq., Javitch, Block & Rathbone LLP, 1100 Superior Ave, 19th Floor, Cleveland OH 44114-2518, on January 11, 2010, by facsimile transmission.

_____

Robert S. Belovich
One of the Attorneys for Defendant



As of September 30, 2008

From: A Misra          Fax: (216) 373-0640          To: Michael Slodov          Fax: +1 (216) 685-3038          Page 26 of 45 1/11/2010 4:16

# CERTIFICATE OF BUSINESS: FICTITIOUS FIRM NAME
*THIS CERTIFICATE EXPIRES 5 YEARS FROM FILE DATE*

☐ Renewal          ☐ New Filing

THE UNDERSIGNED do(es) hereby certify that _____ **I AM / WE ARE / IT IS** _____
*Please circle one above*

conducting a _____ **BRIEF DESCRIPTION OF THE TYPE OF BUSINESS** _____ business at

**PHYSICAL BUSINESS ADDRESS (STREET ADDRESS, CITY & ZIP CODE)** *NO MAIL BOXES /MAIL DROPS,* Nevada

under the fictitious firm name of

_____ **NAME OF BUSINESS** _____

and that said firm is composed of the following person(s)     **OR**     and that said firm is composed of the following legal entity
whose full name(s) and street address(es) are as follows:          (on file with the Nevada Secretary of State) whose mailing
                                                                  address and signing officer's name and title are as follows:

_____ **LIST NAME AND PHYSICAL ADDRESS OF OWNER(S)** _____     **LIST NAME (CORPORATE / LLC / OTHER) & ADDRESS OF OWNER(S)**

_____ **PLEASE REFER TO THE INSTRUCTIONS PAGE OF THIS SAMPLE** FORM FOR **COMPLETING THE OWNERSHIP PORTION OF THE CERTIFICATE**

Alternate Mailing Address: _____ **IF DESIRED, ENTER A MAILING ADDRESS FOR OWNER(S)**

Prior Related DBA Filing (if applicable): _____ **IF, FOR BANK OR BUSINESS LICENSE PURPOSES, YOU NEED TO REFERENCE A PREVIOUSLY FILED FICTITIOUS FIRM NAME, DO SO HERE**

WITNESS my hand this _____ day of _____, 20 ____.

_____

_____

_____

_____
*Signature(s) of: owner(s), partners or authorized officer*

STATE OF _____ )
                         ) ss.     **NOTARY MUST COMPLETE LOWER PORTION OF THIS DOCUMENT**
COUNTY OF _____ )

On this _____ day of _____, 20 ___ personally appeared before me, a Notary Public,

_____

_____ **NAME OF INDIVIDUAL(S) WHOSE SIGNATURE IS BEING NOTARIZED** _____

who acknowledged that he executed the above instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official stamp at my office in the County of

_____ the day and year in this certificate first above written.

_____
Signature of Notary Public

*Rev  08/07*

## *** SUBMIT ORIGINAL, THREE COPIES, AND $20.00 FILING FEE ***

**Exhibit 2 - Page 1**

PURSUANT TO NRS 602.010 EVERY PERSON (OR ENTITY) DOING BUSINESS IN THIS STATE UNDER AN ASSUMED OR FICTITIOUS NAME WHICH DOES NOT INDICATE THE REAL NAME OF EACH PERSON WHO OWNS AN INTEREST IN THE BUSINESS MUST FILE WITH THE COUNTY CLERK OF EACH COUNTY IN WHICH THE BUSINESS IS BEING CONDUCTED A CERTIFICATE CONTAINING THE INFORMATION REQUIRED BY NRS 602.020.

*The purpose of the fictitious name statute is to prevent fraud and to inform the public of the true identity of those with whom the public conducts business.*

**TO COMPLETE THE OWNER SECTION, IF AN OWNER IS:**

**INDIVIDUAL(S):** STATE FULL NAME AND STREET ADDRESS.  ALL OWNERS MUST BE LISTED AND SIGN.

**CORPORATION:** STATE THE FULL CORPORATE NAME AND ADDRESS.  STATE THE NAME AND TITLE OF THE OFFICER SIGNING FOR THE CORPORATION.

**LIMITED LIABILITY COMPANY:** STATE THE FULL LIMITED LIABILITY COMPANY NAME AND ADDRESS.  STATE THE NAME OF THE MANAGER/MEMBER.  IF A MANAGING MEMBER HAS NOT BEEN DESIGNATED, STATE THE NAME OF THE MEMBER SIGNING FOR THE LIMITED LIABILITY COMPANY AND STATE "MEMBER" AFTER THE NAME.

**LIMITED PARTNERSHIP:** STATE THE FULL LIMITED PARTNERSHIP NAME AND ADDRESS.  A GENERAL PARTNER MUST SIGN FOR THE LIMITED PARTNERSHIP.  STATE THE NAME AND TITLE OF THE GENERAL PARTNER AND DESIGNATE "GENERAL PARTNER" AFTER THE NAME.

**GENERAL PARTNERSHIP:** STATE FULL NAME AND STREET ADDRESS OF EACH PARTNER.  EACH PARTNER MUST SIGN.

**TRUST:** STATE FULL NAME OF THE TRUST.  STATE THE NAME AND STREET ADDRESS OF EACH TRUSTEE, AND DESIGNATE "TRUSTEE" AFTER EACH NAME.  ALL TRUSTEES MUST SIGN.

**BUSINESS TRUST:** STATE FULL NAME (AS IT APPEARS IN THE RECORDS OF SECRETARY OF STATE) AND MAILING ADDRESS OF THE BUSINESS TRUST.  STATE THE NAME AND TITLE OF THE TRUSTEE SIGNING FOR THE BUSINESS TRUST.

- A BUSINESS TRUST THAT IS NOT ON FILE WITH SECRETARY OF STATE OF NEVADA IS TREATED AS A PERSONAL TRUST, ALL TRUSTEES MUST BE LISTED, WITH ADDRESSES, AND ALL MUST SIGN THE DOCUMENT.

**ALL SIGNATURES MUST BE NOTARIZED**

**HELPFUL INFORMATION:**

\* MULTIPLE OWNERS SHOULD ALL BE LISTED AND ALL SIGN ON THE SAME DOCUMENT.

\* ALL CORPORATIONS, LIMITED LIABILITY COMPANIES, BUSINESS TRUSTS, LIMITED PARTNERSHIPS AND NON-PROFIT ORGANIZATIONS MUST BE ON FILE WITH THE SECRETARY OF STATE OF NEVADA AND MUST BE IN "GOOD STANDING" STATUS. (CONTACT CLERK'S OFFICE FOR ADDITIONAL FORMS: I.E. EXEMPTION .)

\* POST OFFICE BOXES AND PRIVATE MAIL BOXES/DROPS CANNOT BE USED IN LIEU OF A STREET ADDRESS.

\* THE REAL ESTATE DIVISION REQUIRES PRIOR APPROVAL OF THE BUSINESS NAME.

\* IT IS SUGGESTED THAT CONTRACTORS HAVE NAME APPROVAL BY THE NEVADA CONTRACTORS BOARD PRIOR TO THIS FILING.

\* INSURANCE BUSINESSES MUST HAVE THE REQUIRED LICENSING, OR AN APPLICATION PENDING, WITH THE NEVADA DIVISION OF INSURANCE PRIOR TO THIS FILING.

\* FINANCE RELATED BUSINESSES MUST HAVE THE REQUIRED LICENSING, OR AN APPLICATION PENDING, WITH THE NEVADA DIVISION OF FINANCIAL INSTITUTIONS PRIOR TO THIS FILING.

**PLEASE SUBMIT AN <u>ORIGINAL AND 3 COPIES</u>, WITH <u>$20.00 FILING FEE</u> TO:**

| MAIL: | WASHOE COUNTY CLERK | OVERNIGHT: | WASHOE COUNTY CLERK |
|---|---|---|---|
|  | PO BOX 30083 |  | 75 COURT ST, ROOM 131 |
|  | RENO, NV 89520-3083 |  | RENO, NV 89501-1982 |

**QUESTIONS? CALL (775) 328-3270**

**Exhibit 2 - Page 2**

## CERTIFICATE OF BUSINESS: FICTITIOUS FIRM NAME
*\* THIS CERTIFICATE EXPIRES 5 YEARS FROM FILE DATE \**

☐ Renewal          ☐ New Filing

THE UNDERSIGNED do(es) hereby certify that _____
*Please circle one above*

conducting a _____ business at

_____, Nevada
(STREET ADDRESS, CITY & ZIP CODE)
under the fictitious firm name of

_____

and that said firm is composed of the following person(s)   OR   and that said firm is composed of the following legal entity
whose full name(s) and street address(es) are as follows:        (on file with the Nevada Secretary of State) whose mailing
                                                                 address and signing officer's name and title are as follows:

_____          _____

_____          _____

_____          _____

_____          _____

Alternate Mailing Address: _____

Prior Related DBA Filing (if applicable): _____

WITNESS my hand this _____ day of _____, 20 ____.

                                         _____

                                         _____

                                         _____

                                         _____
                                         *Signature(s) of: owner(s), partners or authorized officer*

STATE OF _____ )
                           ) ss.
COUNTY OF _____ )

On this _____ day of _____, 20 ___ personally appeared before me, a Notary Public,

_____
(NAME OF INDIVIDUAL(S) WHOSE SIGNATURE IS BEING NOTARIZED)

who acknowledged that he executed the above instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official stamp at my office in the County of

_____ the day and year in this certificate first above written.

                                         _____
                                         Signature of Notary Public

Rev 08/07

**Exhibit 2 - Page 3**

## NCO GROUP, INC. AND ITS SUBSIDIARIES

### CORPORATE ENTITY INFORMATION

(Revised July 31, 2009)

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |

NCO-004

**Exhibit 3 - Page 1**

NCO-005

**Exhibit 3 - Page 2**

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID, NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| Creditrust SPV2, LLC<br>Prior Name: None<br>Minute Book: BR LLP<br>Tax ID #52-2120359<br>Assumed Name: NCO Portfolio Management (filed in 1 DE counties) | Delaware -<br>June 17, 1998 | 1201 Market Street<br>Suite 800<br>Wilmington, Delaware<br>19801 | Unlimited No. of Units<br>Class A Units<br>Class B Unit | Michael J. Barrist<br>Michael R. Moringelo<br>Joshua Gindin | Michael J. Barrist – Chief Financial Officer and President<br>Michael R. Moringelo – Vice President and Assistant Secretary<br>Richard J. Palmer – Chief Financial Officer and Treasurer<br>Joshua Gindin – Secretary | NCO Portfolio Management, Inc. – 100%<br>(Units not certificated/pledged)<br><br>*No Actions – unless changes* |
| Creditrust SPV99-2, LLC<br>Prior Name: None<br>Minute Book: BR LLP<br>Tax ID #52-2135532<br>Assumed Name: NCO Portfolio Management (filed in 3 DE counties) | Delaware -<br>December 21, 1998 | 1201 Market Street<br>Suite 800<br>Wilmington, Delaware<br>19801 | Unlimited No. of Units | Michael J. Barrist<br>Michael R. Moringelo<br>Joshua Gindin | Michael J. Barrist – Chief Financial Officer and President<br>Michael R. Moringelo – Vice President and Assistant Secretary<br>Richard J. Palmer – Chief Financial Officer and Treasurer<br>Joshua Gindin – Secretary | NCO Holdings, LLC – 100%<br>(Units not certificated/pledged)<br><br>*No Actions – unless changes* |
| Creditrust SPV 99-1, LLC<br>Prior Name: None<br>Minute Book: BR LLP<br>Tax ID #52-2187782<br>Assumed Name: NCO Portfolio Management (filed in 3 DE counties) | Delaware -<br>August 24, 1999 | 1201 Market Street<br>Suite 800<br>Wilmington, Delaware<br>19801 | Unlimited No. of Units | Michael J. Barrist<br>Michael R. Moringelo<br>Joshua Gindin | Michael J. Barrist – Chief Financial Officer and President<br>Michael R. Moringelo – Vice President and Assistant Secretary<br>Richard J. Palmer – Chief Financial Officer and Treasurer<br>Joshua Gindin – Secretary | NCO Nevada Holdings, Inc. – 100%<br>(Units not certificated/pledged)<br><br>*No Actions – unless changes* |

NCO-006

**Exhibit 3 - Page 3**

NCO-007

**Exhibit 3 - Page 4**

NCO-009
**Exhibit 3 - Page 6**

From: A Misra          Fax: (216) 373-0840          To: Michael Slodov          Fax: +1 (216) 685-3038          Page  36 of 45 1/11/2010 4:16

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX I.D NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP Capital, Inc.<br>Prior Name: None<br>Minute Book: Candy/Corra<br>Tax ID #41-2065744<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>November 20, 2002 | 5250 Sunt Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 1,000 @ $1.00 | Albert Zezulinski (10/5/06)<br>Michael B. Moringelo<br>Joshua Gindin<br>Richard J. Palmer<br>Candace R. Corra (5/1/04) | Albert Zezulinski – President (Chief Executive Officer) (10/5/06)<br>Michael B. Moringelo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Joshua Gindin – Secretary<br>Candace R. Corra – Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100<br>(not pledged)<br><br>* Annual Actions by Candy/Corra* |

101358.00100/10916646.19

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP Capital I, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #01-0404905<br>Assumed Name: NCOP Portfolio Management (Filed in Nevada) | Nevada -<br>March 30, 2005 | 2530 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meiriquilo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 72<br>CFSC Capital Corp. LXIV - 28<br>(not pledged)<br><br>*No Actions - unless changes* |
| NCOP Capital II, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #11-2757348<br>Assumed Name: NCOP Portfolio Management (Filed in Nevada) | Nevada -<br>July 26, 2005 | 2530 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meiriquilo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 100<br>(pledged 4/06)<br><br>*No Actions - unless changes* |
| NCOP Capital III, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #11-3814547<br>Assumed Name: NCOP Portfolio Management (Filed in Nevada) | Nevada -<br>May 30, 2007 | 2530 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. | Officers not provided for in the operating agreement | NCOP Nevada Holdings, Inc. - 50<br>CVI GVF Finco, LLC - 50<br><br>*No actions - unless changes* |
| NCOP Capital IV, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #42-1738117<br>Assumed Name: NCOP Portfolio Management (Filed in Nevada) | Nevada -<br>August 23, 2007 | 2530 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Office)<br>Michael B. Meiriquilo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 100<br><br>*No actions - unless changes* |
| NCOPCH, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #72-1605884<br>Assumed Name: NCOP Portfolio Management (Filed in Nevada) | Nevada -<br>August 25, 2005 | 2530 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Office) (10/5/06)<br>Michael B. Meiriquilo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 75<br>CFSC Capital Corp. LXIV - 25<br>(not pledged)<br><br>*No actions - unless changes* |
| NCOPFCF, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #11-3814651<br>Assumed Name: NCOP Portfolio Management (Filed in Nevada) | Nevada -<br>May 30, 2007 | 2530 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. | Offices not provided for in the operating agreement | NCOP Nevada Holdings, Inc. - 75<br>CVI GVF Finco, LLC - 25<br><br>*No actions - unless changes* |

101538.001001109166444.19

NCO-012

**Exhibit 3 - Page 9**

From: A Misra    Fax: (216) 373-0640    To: Michael Slodov    Fax: +1 (216) 685-3038    Page 38 of 45 1/11/2010 4:16

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP Labtec, Inc.<br>Prior Name: None<br>Minute Book: Candy Cerra<br>Tax ID #06-1429591<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>July 24, 2002 | 2520 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 1,000 @ $1.00 | Albert Zezulinski (10/5/06)<br>Michael B. Meringolo<br>Joshua Gindin<br>Richard J. Palmer<br>Candace R. Cerra (5/1/04) | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Cerra - Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100<br>(pledged 9/02)<br><br>* Annual Actions by Candy Cerra* |
| NCOP I, LLC<br>Prior Name: NCOP I, Inc.<br>Minute Book: Candy Cerra<br>Tax ID #52-2300747<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>February 8, 2001<br><br>*Converted from Inc. to LLC 2/29/09 | 2520 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br><br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Cerra (2/27/09) | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Cerra - Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100%<br>(Cert #1 pledged 3/09)<br><br>*No action - unless changes*. |
| NCOP II, LLC<br>Prior Name: NCOP II, Inc.<br>Minute Book: Candy Cerra<br>Tax ID #52-2340745<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>February 8, 2001<br><br>*Converted from Inc. to LLC 2/29/09 | 2520 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br><br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Cerra (2/27/09) | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Cerra - Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100%<br>(Cert #1 pledged 3/09)<br><br>*No Actions - unless changes*. |
| NCOP III, LLC<br>Prior Name: NCOP III, Inc.<br>Minute Book: Candy Cerra<br>Tax ID #52-2340742<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>February 8, 2001<br><br>*Converted from Inc. to LLC 2/29/09 | 2520 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br><br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Cerra (2/27/09) | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Cerra - Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100%<br>(Cert #1 pledged 3/09)<br><br>*No Actions - unless changes*. |

101358.00100/10916644v.19

NCO-013

**Exhibit 3 - Page 10**

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP IV, Inc.<br>Prior Name: NCOP IV, Inc.<br>Minute Book: Candy Corea<br>Tax ID 03-1431081<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada – July 16, 2002<br>*Converted from Inc. to LLC 2/29/09 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (D/27/09)<br>Michael B. Meringolo (D/27/09)<br>Joshua Gindin (D/27/09)<br>Richard J. Palmer (D/27/09)<br>Candace R. Corea (D/27/09) | Albert Zezulinski – President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Candace R. Corea – Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. -- 100%<br>(Cert #1 pledged 3/09)<br><br>*No Actions - unless changed* |
| NCOP V, LLC<br>Prior Name: NCOP V, LLC<br>Minute Book: Candy Corea<br>Tax ID P42-0883319<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada –<br>November 12, 2002<br>*Converted from Inc. to LLC 2/29/09 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (D/27/09)<br>Michael B. Meringolo (D/27/09)<br>Joshua Gindin (D/27/09)<br>Richard J. Palmer (D/27/09)<br>Candace R. Corea (D/27/09) | Albert Zezulinski – President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Joshua Gindin – Secretary<br>Candace R. Corea – Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. -- 100%<br>(Cert #1 pledged 3/09)<br><br>*No Actions - unless changed* |
| NCOP VI, LLC<br>Prior Name: NCOP VI, Inc.<br>Minute Book: Candy Corea<br>Tax ID P71-1928501<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada –<br>November 17, 2003<br>*Converted from Inc. to LLC 2/29/09 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (D/27/09)<br>Michael B. Meringolo (D/27/09)<br>Joshua Gindin (D/27/09)<br>Richard J. Palmer (D/27/09)<br>Candace R. Corea (D/27/09) | Albert Zezulinski – President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Joshua Gindin – Secretary<br>Candace R. Corea – Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. -- 100%<br>(Cert #1 pledged 3/09)<br><br>*No Actions - unless changed* |
| NCOP VII, LLC<br>Prior Name: NCOP VII, Inc.<br>Minute Book: Candy Corea<br>Tax ID P26-3239667<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada –<br>November 23, 2004<br>*Converted from Inc. to LLC 2/29/09 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | Albert Zezulinski (D/27/09)<br>Michael B. Meringolo (D/27/09)<br>Joshua Gindin (D/27/09)<br>Richard J. Palmer (D/27/09)<br>Candace R. Corea (D/27/09) | Albert Zezulinski – President (Chief Executive Officer)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Joshua Gindin – Secretary<br>Candace R. Corea – Assistant Secretary | NCOP Nevada Holdings, Inc. -- 100%<br>(Cert #1 pledged 4/06)<br><br>*No Actions - unless changed* |
| NCOP VIII, LLC<br>Prior Name: None<br>Minute Book: Candy Corea<br>Tax ID P93-0319025<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada –<br>January 10, 2006 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski – President (Chief Executive Officer)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Candace R. Corea – Assistant Secretary | NCOP Nevada Holdings, Inc. -- 100%<br>(units not certificated, but interest is pledged)<br><br>*No Actions - unless changed* |
| NCOP IX, LLC<br>Prior Name: None<br>Minute Book: Candy Corea<br>Tax ID P20-5095942<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada –<br>November 27, 2006 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Unit | NCOP Nevada Holdings, Inc. | Albert Zezulinski – President (Chief Executive Officer)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Joshua Gindin – Secretary<br>Candace R. Corea – Assistant Secretary | NCOP Nevada Holdings, Inc. -- 100%<br>(Cert #1 pledged to bank 2/29/05)<br><br>*No Actions - unless changed* |
| NCOP X, LLC<br>Prior Name: None<br>Minute Book: Candy Corea<br>Tax ID P31-3357594<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada –<br>December 12, 2007 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Unit | NCOP Nevada Holdings, Inc. | Albert Zezulinski – President (Chief Executive Office)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Joshua Gindin – Secretary<br>Candace R. Corea – Assistant Secretary | NCOP Nevada Holdings, Inc. -- 100%<br>(Cert #1 pledged to bank 2/29/05)<br><br>*No Actions - unless changed* |

101258.00100/10016644v.19

| COMPANY NAME; PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP XI, LLC Prior Name: None Minute Book: Candy Corra Tax ID #26-3893942 Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada – December 1, 2008 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski – President (Chief Executive Officer) Michael B. Meoringfo – Vice President and Assistant Secretary Richard J. Palmer – Treasurer (Chief Financial Officer) Joshua Gindin – Secretary Candace R. Corra – Assistant Secretary | NCOP Nevada Holdings, Inc. – 100 Units

*Annual Actions by Candy Corra* |

From: A Misra          Fax: (216) 373-0840          To: Michael Slodov          Fax: +1 (216) 685-3038          Page  41 of 45 1/11/2010 4:16

NCO-016

**Exhibit 3 - Page 13**

From: A Misra    Fax: (216) 373-0640    To: Michael Slodov    Fax: +1 (216) 685-3038    Page 45 of 45 1/11/2010 4:16

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| | | | DISSOLVED OR MERGED ENTITIES | | | |
| Cleveland Partners, LLC f/k/a NCO Portfolio Management Minute Book #138 | Delaware | August 24, 1998 | Unlimited No of Units | Michael J. Barrist Michael B. Manroupalis Joshua Gindin | Michael J. Barrist - CHIEF EXECUTIVE OFFICER and President Michael B. Manroupalis - VP and Asst. Secretary Richard J. Palmer - CFO & Treasurer Joshua Gindin - Secretary | NCOP Holdings, LLC |
| Cleveland Partners II, LLC f/k/a NCO Financial Management Minute Book #139 | Delaware | July 20, 1999 | Unlimited No of Units | Michael J. Barrist Michael Manroupalis Joshua Gindin | Michael J. Barrist - CHIEF EXECUTIVE OFFICER and President Michael Manroupalis - VP and Asst. Secretary Richard J. Palmer - CFO & Treasurer Joshua Gindin - Secretary | NCO Group Holdings, Inc. |



61176648

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

NCO PORTFOLIO MANAGEMENT
    Plaintiff

Case No: CV-09-701481

Judge: JOSEPH D RUSSO

CHRISTOPHER G HRIVNAK  ET AL
    Defendant

## <u>JOURNAL ENTRY</u>

PLAINTIFF NCO PORTFOLIO MANAGEMENT'S MOTION TO DISMISS ITS COMPLAINT AGAINST DEFENDANT
CHRISTOPHER HRIVNAK, FILED 01/08/2010, IS GRANTED.
DEFENDANT CHRISTOPHER HRIVNAK'S COUNTERCLAIM AND THIRD PARTY COMPLAINT REMAIN PENDING.

_____

Judge Signature               01/11/2010

01/11/2010

**Melissa Campbell**

| | |
|---|---|
| **From:** | Maureen Fitzgerald on behalf of Cuyahoga County CCP Notices |
| **Sent:** | Friday, January 15, 2010 3:00 PM |
| **To:** | Special Mail Department; DMS GD |
| **Subject:** | FW: Cuyahoga County Clerk of Courts Notification [CV-09-701481] |

FILE NO. H25574

-----Original Message-----
From: CLERK_E-NOTICE@CUYAHOGACOUNTY.US [mailto:CLERK_E-NOTICE@CUYAHOGACOUNTY.US]
Sent: Wednesday, January 13, 2010 4:33 PM
To: Cuyahoga County CCP Notices
Subject: Cuyahoga County Clerk of Courts Notification [CV-09-701481]

This is an automated notification.  Please DO NOT REPLY to this E-Mail.
This E-Mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please destroy all copies of this original E-Mail message.
---------------------------------------------------------------------------------

Case: CV-09-701481
Case Caption: NCO PORTFOLIO MANAGEMENT vs. CHRISTOPHER G HRIVNAK  ET AL
Judge: JOSEPH D RUSSO
Room: 22D  JUSTICE CENTER
Docket Date:  01/13/2010
Notice ID/Batch: 14956889 - 779244

To: R. GLENN KNIRSCH

TELEPHONE CONFERENCE SET FOR 02/11/2010 AT 11:30 AM.     (Notice Sent).

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: CV-09-701481 |
| | ) | 2010 JAN 19 A 10: 11 |
| Plaintiff, | ) | |
| | ) | **Judge: JOSEPH D RUSSO** |
| vs. | ) | CLERK OF COURTS |
| | ) | CUYAHOGA COUNTY |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | |
| vs. | ) | |
| | ) | |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| Additional Counterclaim | ) | |
| Defendants. | | |

## OPPOSITION TO MOTION AMEND ANSWER & COUNTERCLAIM

Now comes Javitch, Block & Rathbone, LLP, by and through the undersigned counsel, and in response to Defendant and Counter-Plaintiff's Motion for Leave to File Amended Answer & Counterclaim, states that it is opposed to the motion, and the same ought to be denied, for the reasons set forth below.

### A. Background Facts

Plaintiff NCO Portfolio Management commenced this action on June 4, 2009, in the Bedford Municipal Court seeking recovery on an unpaid credit card debt of $11,481.84, originally owed by Mr. Hrivnak to Citibank. In response, Mr. Hrivnak filed a counterclaim containing 138 paragraphs and ten counts, and added as "additional counter-defendants" pursuant to Civ.R. 13(H), NCO Group, Inc., NCO Financial Systems, Inc., and Javitch, Block & Rathbone, LLP. The case was transferred to this Court on motion of the Defendant, as exceeding the municipal court's monetary jurisdiction. On January 8, 2010, Plaintiff NCO filed its motion to dismiss the complaint it

1

filed against Mr. Hrivnak, which this court granted on January 11, 2010.  Thus, the only remaining claims pending in this matter are those of Mr. Hrivnak.

The gravamen of the initial counterclaim filed July 9, 2009 in the Bedford Municipal Court was that the counter-plaintiff and additional counter-defendants routinely filed lawsuits beyond the statute of limitations, which Defendant refers to as "unlawful" and as "time-barred lawsuits." ¶¶ 45, 60, 64, 89. The counterclaim included claims against the Plaintiff and additional counter-defendants "for damages and other relief by a consumer for Counter-Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.; ("FDCPA"), the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01 et seq. ("OCSPA"), Ohio Deceptive Trade Practices Act, Ohio Revised Code 4165.01 et seq. ("ODTPA"), and common law fraud, defamation, and civil conspiracy." Counterclaim ¶24.

The proposed amended counterclaim includes an entirely new theory of liability premised on the failure of NCO Portfolio Management to be licensed or registered in the state of Ohio, ¶¶ 26-51. At the same time, the proposed amended counterclaim acknowledges NCO Portfolio Management, Inc. is licensed in the state of Ohio. Amended Counterclaim, ¶52.

### B. Law & Argument

The first 22 paragraphs of Mr. Hrivnak's proposed amended answer and counterclaim set forth his proposed responses and affirmative defenses to the Plaintiff's complaint, which are, in light of the dismissal of the complaint, moot and superfluous.

The proposed amended answer and counterclaim goes on to add three new counts – counts 11, 12 and 13, which seek to plead an individual claim for malicious prosecution, class claims for violations of the FDCPA under 15 U.S.C. §1692e, §1692f and §1692d premised on the filing of suit without being licensed and being a fiction. ¶42.

2

At its core, the Defendants motion for leave to amend should be denied on the grounds of futility and because Defendant has not provided sufficient support for the addition of the newly named defendants or claims to the counterclaim. "Where a Plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleadings." *Wilmington Steel Products, Inc. v. Cleveland Electric Illuminating Company* (1991), 60 Ohio St.3d 120, syllabus. "Where an amendment to the complaint would have been futile, the trial court also does not abuse its discretion in denying the motion." *State ex rel. Brewer-Garrett Co. v. MetroHealth Sys.*, 8th Dist. App., 2006-Ohio-5244 ¶17, 2006 WL 2831017, 4.

Licensure of foreign corporations is not regulated by the Fair Debt Collection Practices Act nor the Ohio Consumer Sales Practices Act, and even if it were, licensure is not required for an entity that is alleged to do nothing more than file lawsuits to collect debts. As this Court held in *Collins Financial Services, Inc. v. Ballard*, Unreported Cuyahoga Co. Common Pleas Case No. CV 638304, 5-18-09, attached as Exhibit A, pp. 5-7, 2009 WL 1401693, (Trial Order) (Burnside, J.):

> Although not defined in chapter 1703, "transacting business" is defined in other contexts. Revised Code 1776.88(A) defines the term for the limited liability partnership chapter of Title 17 of the Revised Code. That section specifically omits maintaining, defending or settling court actions from the definition. Likewise, the Ohio Supreme Court has defined "transacting business" for purposes of the long-arm statute, R.C. 2307.382, as "to prosecute negotiations; to carryon business; [or] to have [business] dealings." *Ky. Oaks Mall Co.* v. *Mitchell's Formal Wear* (1990), 53 Ohio St. 3d 73, 75. Although "transacting business" is broadly defined, it does not include the act of filing a lawsuit. ... Defendant's counterclaim is limited to the allegation that Plaintiff collects debts in Ohio by filing lawsuits. Defendant does not allege that Plaintiff in any other way transacts business in Ohio. Based on the legislature's and the Supreme Court's definitions, this Court interprets R.C. 1703.29(A) in conjunction with R.C. 1703.03 to mean that the term "transacting business" in Ohio encompasses more than the mere filing of a legal action.

> Without an allegation that Plaintiff engages in business dealings or negotiations, or other conduct, Defendant's counterclaim fails to state a claim upon which relief may be granted. Plaintiff is not required to hold a license solely in order to initiate an action in an Ohio court. Such a filing cannot therefore constitute an unfair and deceptive act. Defendant's second counterclaim for relief is hereby dismissed for failure to state a claim.

See generally *Oliver v. Chesapeake & O. Ry. Co.* 132 N.E.2d 646, 647 (Franklin Com.Pl.1955)("'It has been said to be a general rule and practice for a judge of the Common Pleas Court to follow the former decisions of that Court that are unreversed, even though made in a different case.').

There is no basis for asserting that "NCO Portfolio Management" should have or needed to register as a fictitious name in Ohio for two reasons. First, because the fictitious name statute R.C. 1329.01 and 1329.10 only requires registration if the entity is "doing business" under a trade name or fictitious name, and there are no allegations in the amended complaint that NCOPM was doing business in Ohio or entered into a contract which it was trying to enforce, there would be no need for such a registration. As the Court held in *Collins Financial Services, Inc. v. Ballard,* construing the requirement for licensure under R.C. §1703.03, "[m]aintaining, defending, or settling an action or proceeding ... collecting debts ... [and] [t]ransacting business in interstate commerce ... do not constitute transacting business . . . ." R.C. § 1776.88(A)(1),(7),(10). Second, the statute defines fictitious names in such a way that the name of a foreign corporation registered to do business in Ohio need not be registered as a fictitious name:

> 'Fictitious name' means a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name. **It does not include the name of record of** any domestic corporation that is formed under Chapter 1701. or 1702. of the Revised Code, any **foreign corporation that is registered pursuant to Chapter 1703. of the Revised Code,** any domestic or foreign limited liability company that is formed under or registered pursuant to Chapter 1705. of the Revised Code, any domestic or foreign limited partnership that is formed under or registered pursuant to Chapter 1782. of the Revised Code, or any domestic or foreign limited liability partnership that is formed under or registered pursuant to Chapter 1775. or 1776. of the Revised Code.

R.C. § 1329.01(A)(2). See Exhibit B.  The complaint filed in Bedford identified the Plaintiff as "NCO Portfolio Management, assignee of Citibank, NA, 507 Prudential Rd, Horsham, PA 19044." NCO Portfolio Management, Inc. is licensed to do business in the state of Ohio, and it lists its business address as 507 Prudential Rd, Horsham, PA 19044. Exhibit B; Amended Counterclaim, ¶52. Clearly, NCO Portfolio Management Inc. did not need to register.

Further, Mr. Hrivnak purports to set forth a putative nationwide class for violations of the FDCPA and the CSPA in proposed Amended counts 12 and 13, due to the use of the name NCO Portfolio Management without the "Inc." attached and because another NCO entity was the true owner of his debt. Even if one of the other NCO entities used NCO Portfolio Management as a "dba," it is well-settled that failure to register a fictitious name under R.C. §1329.10 does not constitute a violation of the Ohio Consumer Sales Practices Act, R.C. §§1345.02 & 1345.03. See *Crull v. Maple Park Body Shop* 36 Ohio App.3d 153, 155, 521 N.E.2d 1099, 1102 (12th Dist. App. 1987)("the mere failure to register a fictitious name is not an "unfair or deceptive act" for which appellant can obtain relief under the Consumer Sales Practices Act"); *Ganson v. Vaughn* 135 Ohio App.3d 689, 694, 735 N.E.2d 483, 487 (1st Dist. App. 1999)("the sole failure to report the use of the fictitious name does not provide the consumer with an individual cause of action.") ; *Charvat v. Farmers Ins. Columbus, Inc.*, 178 Ohio App.3d 118, 138, 897 N.E.2d 167, 182 (10th Dist. App. Dist. 2008)("Where no other deceptive acts are alleged in connection with the use of a fictitious business name, the mere failure to register does not violate the CSPA."); *Abele v. Bayliner Marine Corp.*, 11 F.Supp.2d 955, 965 (N.D.Ohio 1997) ("Failure to register a trade name with the Secretary of State is not, per se, an unfair or deceptive act or practice in violation of OCSPA."); *Ferron v. VC E-Commerce Solutions, Inc.*, 2007 Westlaw 295455, *5-7 (S.D. Ohio 2007).

Similarly, the putative nationwide class claim which Mr. Hrivnak seeks to add to this case requires more than the rote assertions of the elements of a class action. As the Court observed in *Ritt v. Billy Blanks Ents.* 8th Dist. App., 171 Ohio App.3d 204, 2007 -Ohio- 1695, 870 N.E.2d 212, at ¶¶94-102, 96 "nationwide class action movants must creditably demonstrate, through an 'extensive analysis' of state law variances, 'that class certification does not prevent insuperable obstacles.'" (internal citations omitted). Having made no effort to articulate or acknowledge the heavy burden Defendant carries in seeking to maintain a nationwide class, insuperable obstacles do exist to the

maintenance of a nationwide class action under the FDCPA and the Ohio CSPA premised on the absence of the word "Inc." from the caption of a complaint filed in the Bedford Municipal Court.

In addition, adding parties to a pending matter, which are sought to be added as additional counterclaim parties, is governed by Civ.R. 13(H), which provides: "Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19, Rule 19.1, and Rule 20. Such persons shall be served pursuant to Rule 4 through Rule 4.6." Mr. Hrivnak's motion offers no assessment of why he believes that the proposed additional parties are necessary parties or meet the requirements of compulsory or permissive joinder.

As such, this Court should find that the proposed amendment here is not actionable under the FDCPA or the CSPA and is therefore, futile. 1 Baldwin's Oh. Prac. Civ. Prac. §§ 13:11, 13.16, 13:20 (2009).

Respectfully Submitted:

_____
Michael D. Slodov, SCR #0051678
Javitch, Block, & Rathbone LLP
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
Ph:     (216) 623-0000 ex. 3057
Fax:    (216) 685-3038
E-mail: mslodov@jbandr.com

**Certificate of Service**

The undersigned hereby certifies that the foregoing was served upon Robert Belovich, attorney for the Defendant, at 5638 Ridge Road, Parma, OH, 44129 and Anand N. Misra, The Misra Law Firm, LLC, 3659 Green Road, Suite 100, Beachwood, Ohio 44122, and Franklin C. Malemud, Esq., Reminger Co., L.P.A., 101 Prospect Avenue, West, Cleveland, OH 44115-1093, Allison L. Cannizaro, Sessions, Fishman, Nathan & Israel, LLP, 3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 via regular U.S. Mail postage pre-paid, this ___ day of January, 2010.

Michael D. Slodov, SCR #0051678

CH6801

| | |
|---|---|
| STATE OF OHIO ) | IN THE COURT OF COMMON PLEAS |
| ) SS: | |
| CUYAHOGA COUNTY ) | CASE NO. CV-638304 |

COLLINS FINANCIAL )
SERVICES, INC., )
)
    Plaintiff )
)
vs. )          **JUDGMENT ENTRY**
)
JANE BALLARD, )
)
    Defendant )
)

〔MAY 1 8 2009

**JANET R. BURNSIDE, JUDGE:**

    This matter comes before the Court for decision upon Plaintiff's motion to dismiss

Defendant's counterclaim, Defendant's brief in opposition, and Plaintiff's reply.

    Plaintiff filed the above captioned case alleging Defendant owed a sum certain on a credit

card account. Both parties agree that the substantive law of New Hampshire applies. Defendant

filed a first amended counterclaim against Plaintiff asserting two violations of the Fair Debt

Collection Practices Act ("FDCPA") and the Ohio Consumer Sales Practices Act ("CSPA")

namely (1) filing a lawsuit on a time-barred debt and (2) failing to obtain a license from the Ohio

Secretary of State prior to the filing of a lawsuit. Defendant seeks class certification upon those

two claims.

    Plaintiff moved to dismiss both Defendant's claims. In ruling on a motion to dismiss

pursuant to Civil Rule 12(B)(6), the Court accepts all factual allegations of the counterclaim and

items properly incorporated therein as true. The Court must afford the Defendant all reasonable

inferences derived from the pleadings. In order to grant the motion to dismiss, it must appear

EXHIBIT A

beyond doubt that Defendant can prove no set of facts entitling her to relief. *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St. 3d 279, 280. The Court will address each argument in turn.


## STATUTE OF LIMITATIONS

Defendant's counterclaim alleges that Defendant defaulted on her debt in July 2003. Plaintiff filed the current action on February 7, 2007[1] after the expiration of the statute of limitations period in New Hampshire. Plaintiff claims that Ohio's fifteen-year limitation period for written contracts applies. Defendant maintains that the New Hampshire statute of limitations of three years is controlling as applied through R.C. 2305.03(B). N.H. Rev. Stat 508:4. Revised Code 2305.03(B), commonly known as the Borrowing Statute, states that:

> [n]o civil action that is based upon a cause of action that accrued in any other state, territory, district, or foreign jurisdiction may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state, territory, district, or foreign jurisdiction has expired or the period of limitation that applies to that action under the laws of this state has expired.

Prior to the adoption of the Borrowing Statute, in this situation Ohio courts applied the limitations period under Ohio law. It is undisputed that absent R.C. 2305.03(B), Plaintiff's filing would have been timely.

Plaintiff argues that R.C. 2305.03 applies prospectively, providing Plaintiff the statute of limitations period applicable under Ohio law at the time the action arose—either fifteen-years or six-years depending on whether Plaintiff's cause of action relies on a written contract or account. Plaintiff filed this case less than four years after the cause of action accrued when in July 2003 Defendant defaulted on her debt. Revised Code 2305.03 became effective on April 7, 2005. Defendant correctly applies R.C. 2305.03 to the present case. However, the Court disagrees as to

---

[1] Plaintiff originally filed this case in Rocky River Municipal Court. The case was transferred to this Court based on Defendant's counterclaim which exceeded the municipal court's monetary jurisdiction.

Defendant's claim that the statute of limitations period under New Hampshire law commenced to run on the 2003 accrual date. Under Defendant's theory, Plaintiff had until July 2006 to file its action.

Plaintiff initiated the present action on February 7, 2007. The 2005 amendment of R.C. 2305.03 changed the statute of limitations by requiring Ohio courts to apply a foreign state's statute of limitations when applicable. In the current case, the cause of action relies on New Hampshire law which maintains a three-year limitation period on Plaintiff's claim. Defendant implicitly argues that the Borrowing Statute applies retroactively. The Court agrees with Plaintiff as to the prospective nature of the statute, but disagrees as to that practical effect.

The main issue with Defendant's position lies with the date from which the statute of limitations period commences. Defendant essentially argues for a retroactive application of the shorter statute of limitations. In order to establish that Plaintiff initiated a legal proceeding on a time-barred debt when it filed suit on February 7, 2007, the three-year statute of limitations period from New Hampshire law would have to commence running prior to the 2005 effective date of the Borrowing Statute, sometime before 02/07/2004. When Plaintiff's cause of action accrued in 2003, Plaintiff was entitled to and therefore reasonably anticipated a six or fifteen-year limitations period under Ohio law within which to file its action. Plaintiff's entitlement to that period did not change until R.C. 2305.03(B) became effective. Therefore, to apply the shorter limitations period to Plaintiff's action, the Court would have to reach back and hold Plaintiff to a limitations period not contemplated in 2003 when the cause of action accrued. In other words, R.C. 2305.03(B) would have to retroactively apply to causes of actions which accrued prior to the statute's effective date.

The Supreme Court has provided a two-part test when confronting the retroactive

3

application of statutes. *Hyle v. Porter* (2008), 117 Ohio St.3d 165, 167. First, courts must determine whether the legislature expressly intended a retroactive effect through a clear proclamation in the statute. Second, if the legislature so intended, courts must determine whether the right affected is substantive or remedial in nature. *Id.* Defendant argues that an amended statute of limitations is remedial in nature and therefore can operate to cut off a vested cause of action as long as the Plaintiff is afforded a reasonable time after the effective date of the amendment to file a claim. *See Cook v. Matvejs* (1978), 56 Ohio St. 2d 234, 237. Although a correct statement of the law, this Court need not address Defendant's arguments because the Borrowing Statute is not expressly retroactive.

Revised Code 2305.03(B) is devoid of any retroactive language indicating it applies to causes of actions accruing prior to the effective date of the statute. The statute therefore must be applied prospectively. To that end, the *Cook* case is instructive. The *Cook* plaintiff was injured in a car accident before reaching the age of majority. Prior to reaching the age of majority of twenty-one, but after plaintiff turned eighteen, Ohio lowered its age of majority to eighteen. The Supreme Court dealt with the implications of a cause of action accruing prior to the effective date of the new age of majority statute, R.C. 3109.01. The Court held that R.C. 3109.01 applies prospectively on claims filed after the effective date so that the statute of limitations commences to run on the effective date of R.C. 3109.01 or on the date the minor reaches the age of majority, whichever is later. *Id.* at 238.

Plaintiff here argues that the fifteen-year statute of limitations for a written contract applies—providing Plaintiff until 2018 to file its action. However, the Borrowing Statute was effective prior to Plaintiff's initial filing. According to the *Cook* decision and R.C. 2305.03(B), the three-year statute of limitations as borrowed from New Hampshire law applies. Using the

4

Supreme Court's holding in *Cook*, the shorter limitations period commenced on the effective date of R.C. 2305.03(B), namely, April 7, 2005. Plaintiff filed its action on 02/07/2007, within the newer statute of limitations period.

Finally, the Court notes that Defendant's reliance on *Eberly v. Optimum Nutrition, Inc.* (2007), N.D. Ohio No 3:06 CV 1487, 2007 U.S. Dist. LEXIS 49706, is misplaced. *Eberly* held that the applicable statute of limitations expired without providing an analysis or specificity as to when the limitation period ran. The *Eberly* Court simply stated that the plaintiff filed suit in 2006, outside the one-year statute of limitations under Florida law, on a cause of action which accrued in 2003. The *Eberly* decision comports with the Ohio law explained before. It is important to review the procedural history of that case. The plaintiff in *Eberly* filed the action fourteen months after the effective date of R.C. 2305.03. The prospective application of R.C. 2305.03 entitled the plaintiff in *Eberly* to file suit up to April 7, 2006, one year after the statute's effective date. The plaintiff, however, filed that case on June 16, 2006 after the new limitation period already expired.

Plaintiff initiated its action within the applicable statute of limitations and Defendant can prove no set of facts entitling her to relief under count one of the counterclaim. The Court hereby dismisses count one of Defendant's counterclaim due to her failure to state a claim upon which relief may be granted. Plaintiff did not violate the CSPA or FDCPA by filing this action when it did.

## FAILURE TO OBTAIN A LICENSE

Defendant alleges Plaintiff failed to obtain a license from the Ohio Secretary of State prior to initiating this action as required by R.C. 1703.29(A). Revised Code 1703.29(A) requires foreign corporations to maintain licenses before "transacting business" in Ohio. Plaintiff argues

5

that its licensure is not necessary because it does not transact business in Ohio. In the alternative, Plaintiff argues its recent registration with the Ohio Secretary of State moots Defendant's counterclaim.

Defendant argues that under R.C. 1703.29(A) foreign corporations require licenses from the Ohio Secretary of State, prior to maintaining actions in any court. Revised Code 1703.03 details when foreign corporations are required to obtain those licenses. Foreign corporations are required to hold unexpired and uncanceled licenses before "transacting business" in Ohio. R.C. 1703.03(A).

Plaintiff asserts that initiating a court action is not "transacting business" as the term is used in R.C. 1703.03. Plaintiff points out that the definition of "transacting business" in the American Bar Association's Model Business Corporation Act Section 15.01 excludes maintaining, defending or settling court proceedings. Defendant counters by citing to a federal trial court which held that "the meaning of 'transacting business' in [section] 1703.03 . . . prohibits an unlicensed corporation from 'maintain[ing] any action in any court until it has obtained such license.'" *Evans v. Midland Funding LLC* (S.D. Ohio 2008), 574 F. Supp. 2d 808, 815-16.

The *Evans* decision is unpersuasive. First, the *Evans* court relied on an "analogous" case declaring the failure to register a fictitious name with the Secretary of State to be a violation of the FDCPA. *Evans*, and the authority cited therein, is distinguishable because an unregistered fictitious name lacks capacity to sue *per se*. The fictitious name statute, R.C. 1329.10, requires registration of the fictitious name with the Secretary of State prior to commencing or maintaining an action. In contrast, R.C. 1703.29(A) speaks of requiring the license prior to "maintaining any action." It is silent as to commencing actions.

6

The *Evans* court failed to take into account the full language of the cited sentence from R.C.1703.29(A) which reads in full,

> The failure of any corporation to obtain a license under sections 1703.01 to 1703.31, inclusive, of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation *which should have obtained such license* shall maintain any action in any court until it has obtained such license.

R.C. 1703.29(A).  That section only prohibits foreign corporations from maintaining actions if the corporation should have first obtained a license.  Revised Code 1703.03 establishes that only foreign corporations "transacting business" are required to hold a license.  The definition of "transacting business" is the central issue to Defendant's second counterclaim for relief.

Although not defined in chapter 1703, "transacting business" is defined in other contexts. Revised Code 1776.88(A) defines the term for the limited liability partnership chapter of Title 17 of the Revised Code.  That section specifically omits maintaining, defending or settling court actions from the definition.  Likewise, the Ohio Supreme Court has defined "transacting business" for purposes of the long-arm statute, R.C. 2307.382, as "to prosecute negotiations; to carry on business; [or] to have [business] dealings."  *Ky. Oaks Mall Co. v. Mitchell's Formal Wear* (1990), 53 Ohio St. 3d 73, 75.  Although "transacting business" is broadly defined, it does not include the act of filing a lawsuit.

Defendant fails to cite any other authority for the proposition that a foreign corporation must maintain a license in order to initiate a court action.  Defendant's counterclaim is limited to the allegation that Plaintiff collects debts in Ohio by filing lawsuits.  Defendant does not allege that Plaintiff in any other way transacts business in Ohio.  Based on the legislature's and the Supreme Court's definitions, this Court interprets R.C. 1703.29(A) in conjunction with R.C. 1703.03 to mean that the term "transacting business" in Ohio encompasses more than the mere

7

filing of a legal action.

Without an allegation that Plaintiff engages in business dealings or negotiations, or other conduct, Defendant's counterclaim fails to state a claim upon which relief may be granted. Plaintiff is not required to hold a license solely in order to initiate an action in an Ohio court. Such a filing cannot therefore constitute an unfair and deceptive act. Defendant's second counterclaim for relief is hereby dismissed for failure to state a claim.

The remaining claims for relief in Defendant's counterclaim are for class action certifications based on the dismissed counts one and two. Accordingly, the Court hereby dismisses Defendant's counterclaim in its entirety for failure to state claims upon which relief can be granted. Plaintiff's claims against Defendant remain pending. The dispositive motion schedule on Plaintiff's complaint is as follows: Motion for Summary Judgment to be filed by June 8, 2009; Brief in Opposition to be filed by July 8, 2009; reply, if any, to be filed by July 24, 2009.

**IT IS SO ORDERED.**

May _____, 2009

_____
JANET R. BURNSIDE, JUDGE

**COPIES TO:**

R. Glenn Knirsch, Esq.
1100 Superior Ave., 19th Fl.
Cleveland, OH 44114
*Counsel for Plaintiff*

Ronald I. Frederick, Esq.
Suite 1300
55 Public Square
Cleveland, OH 44113
*Counsel for Defendant*

8

| DATE: | DOCUMENT ID | DESCRIPTION | FILING | EXPED | PENALTY | CERT | COPY |
|-------|-------------|-------------|--------|-------|---------|------|------|
| 04/15/2004 | 200410600006 | MERGER/FOREIGN (FMR) | 175.00 | 100.00 | .00 | .00 | .00 |

**Receipt**
This is not a bill. Please do not remit payment.

C.T. CORPORATION SYSTEM
17 S. HIGH STREET
COLUMBUS, OH 43215

# STATE OF OHIO
## CERTIFICATE
### Ohio Secretary of State, J. Kenneth Blackwell

1449460

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**NCO PORTFOLIO MANAGEMENT, INC.**

and, that said business records show the filing and recording of:

Document(s)                                    Document No(s):

**MERGER/FOREIGN**                             **200410600006**



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of
the Secretary of State at Columbus,
Ohio this 14th day of April, A.D.
2004.

*J. Kenneth Blackwell*

Ohio Secretary of State



EXHIBIT B

| DATE: | DOCUMENT ID | DESCRIPTION | FILING | EXPED | PENALTY | CERT | COPY |
|---|---|---|---|---|---|---|---|
| 04/15/2004 | 200410600006 | MERGED OUT OF EXISTENCE (MEX) | .00 | .00 | .00 | .00 | .00 |

**Receipt**

This is not a bill. Please do not remit payment.

C.T. CORPORATION SYSTEM
17 S. HIGH STREET
COLUMBUS, OH 43215

# STATE OF OHIO
## CERTIFICATE

### Ohio Secretary of State, J. Kenneth Blackwell

**1222897**

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**NCO PORTFOLIO MANAGEMENT, INC.**

and, that said business records show the filing and recording of:

Document(s)                                                    Document No(s):

**MERGED OUT OF EXISTENCE**                      **200410600006**



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of
the Secretary of State at Columbus,
Ohio this 14th day of April, A.D.
2004.

*J Kenneth Blackwell*

Ohio Secretary of State



PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE CERTIFICATE OF MERGER, WHICH MERGES:

"NCO PORTFOLIO MANAGEMENT, INC.", A DELAWARE CORPORATION, WITH AND INTO "NCPM ACQUISITION CORPORATION" UNDER THE NAME OF "NCO PORTFOLIO MANAGEMENT, INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, WAS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-SIXTH DAY OF MARCH, A.D. 2004, AT 11:41 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION SHALL BE GOVERNED BY THE LAWS OF THE STATE OF DELAWARE.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3734497  8330

040264046

AUTHENTICATION: 3045082

DATE: 04-12-04

APR-14-2004 10:54                    P.03/06

Doc ID. -->       200410600006



Prescribed by **J. Kenneth Blackwell**
Ohio Secretary of State
Central Ohio: (614) 466-3910
Toll Free: 1-877-SOS-FILE (1-877-767-3453)

www.state.oh.us/sos
e-mail: busserv@sos.state.oh.t

| Expedite this Form: (Select One) |
|---|
| ☒ Yes   PO Box 1390   Columbus, OH 43216   *** Requires an additional fee of $100 *** |
| ○ No   PO Box 1028   Columbus, OH 43216 |

## STATEMENT UNDER SECTION 1703.17

### (For Foreign, Profit or Non-Profit)

(164-1703-17)

Pursuant to the provisions of Section 1703.17 of the Revised Code of Ohio,

NCO Portfolio Management, Inc. _____     1222897_____, a
(Name of Corporation)                                                        (Ohio License No.)

corporation organized under the laws of the state of    Delaware    states that the address to which the
(state)

Secretary of State may mail any process against such corporation that may be served upon him, and may mail any
other notices, certificates, or statements is

507 Prudential Road _____
(street address)

Horsham _____     Pennsylvania     19044 _____
(city, township, or village)              (state)             (zip code)

NCO Portfolio Management, Inc. (f/k/a NCPM Acquisition Corporation) _____
(Name of Corporation)

Signature: _____

Name: Joshua Gindin _____

Title:  EVP, General Counsel and Secretary _____

NOTE:  This certificate must accompany a certificate or certified copy of dissolution, merger, consolidation, or court
order terminating the existence of the corporation submitted in lieu of a certificate of surrender of license.

592
(101042 - 03/31/02) C T System Online

Last Revised: Jan. 2002

P.02/05                                                            APR-14-2004  10:54

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: CV-09-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Judge: JOSEPH D RUSSO** |
| vs. | ) | |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | |
| vs. | ) | |
| | ) | |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| Additional Counterclaim | ) | |
| Defendants. | | |

**MOTION TO REALLIGN THE PARTIES**

Now comes Javitch, Block & Rathbone, LLP, by and through the undersigned counsel, and moves this Honorable Court for an order pursuant to Ohio Civ.R. 16, 20(B), and 42(B) to realign the parties, following the dismissal of Plaintiff's Complaint against the Defendant, to require Defendant to plead his claims for relief against the other parties to this action as Plaintiff, and to designate the other parties to this action as Defendants, for the reasons set forth in the brief in support attached hereto and incorporated herein by reference, as though fully rewritten herein.

Respectfully Submitted:

_____
Michael D. Slodov, SCR #0051678
Javitch, Block, & Rathbone LLP
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
Ph:     (216) 623-0000 ex. 3057
Fax:    (216) 685-3038
E-mail: mslodov@jbandr.com

1

**Certificate of Service**

The undersigned hereby certifies that the foregoing was served upon Robert Belovich, attorney for the Defendant, at 5638 Ridge Road, Parma, OH, 44129 and Anand N. Misra, The Misra Law Firm, LLC, 3659 Green Road, Suite 100, Beachwood, Ohio 44122, and Franklin C. Malemud, Esq., Reminger Co., L.P.A., 101 Prospect Avenue, West, Cleveland, OH 44115-1093, Allison L. Cannizaro, Sessions, Fishman, Nathan & Israel, LLP, 3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227, via regular U.S. Mail postage pre-paid, this 14 day of January, 2010.

Michael D. Slodov, SCR #0051678

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: CV-09-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Judge: JOSEPH D RUSSO** |
| vs. | ) | |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| | ) | |
| Defendant/Counterclaim | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| NCO Portfolio Management, et al., | ) | |
| | | |
| Additional Counterclaim | | |
| Defendants. | | |

BRIEF IN SUPPORT OF
MOTION TO REALLIGN THE PARTIES

### A. Background Facts

JB&R incorporates by reference herein the background facts set forth in its Opposition to Defendant's Motion for Leave to Amend, filed concurrently herewith, as if fully rewritten herein.

### B. Law & Argument

Under Ohio Civ.R. 16(2), 20(B), and 42(B), the Court has the authority to simplify the proceedings in this case, by severing the Plaintiff's claims against the Defendant, from the Defendant's claims against the Plaintiff and the additional counter-defendants, and to order the only party with any claims remaining in this case to proceed as Plaintiff, and the other parties as Defendants so to avoid confusion, prejudice and delay.

Defendant/counterclaim Plaintiff has already brought four new parties into this litigation and currently seeks to add two more, under Civ.R. 13(H), which permits a defendant to bring

3

additional counterclaim parties into litigation "in accordance with Rule 19, 19.1 and Rule 20." Requiring the severance of Defendant's claims from those of the Plaintiff's would permit the court to redesignate the Defendant as the Plaintiff in this litigation and proceed as such.

There are four advantages to doing so. First, by ordering the Defendant to proceed as a Plaintiff, he would be required to set forth all his claims against all the other parties, who would thereby be treated as Defendants, thereby simplifying the denomination of each of the parties to this action. The Defendant/counter-Plaintiff would be the 'plaintiff;' the additional counter-defendants would simply be referred to as the "defendants."

Second, once that were done, it would afford the Defendants the right to remove this action to federal court, pursuant to 28 U.S.C. §1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . .").

Third, the additional counterclaim parties to this action are prejudiced by the maintenance of this FDCPA action in state court because the Ohio Rules of Civil Procedure do not contain an offer of judgment rule comparable to Fed.R.Civ.P. 68(d), and they have no incentive to settle. The Federal Rule, which provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed.R.Civ.P. 68(d).

Under federal practice, the Defendants can cut off a Plaintiff's right to attorneys fees by making a complete offer of judgment, which precludes recovery of attorneys fees for time spent after the offer, when the outcome of the case does not exceed the offer. *Marek v. Chesny* (1985), 473

U.S. 1, 87 L.Ed.2d 1, 105 S.Ct. 3012. There is no comparable procedure under Ohio Rules of Civil Procedure that would permit the court to cut off a prevailing parties right to attorneys fees.

If counsel for the Defendant want to spend the next seven years litigating this case, they would be doing so at their peril if the litigation were taking place in federal court, were the additional counterclaim parties permitted to make such an offer of judgment.  The purpose of the federal rule is to facilitate settlement – and counsel for the Defendant has made it clear that they have no intent to settle this case unless they get class-wide relief, injunctive relief and punitive damages.

Finally, the theories of recovery raised by the Defendant's counsel in this proceeding were also raised and are currently pending in the U.S. District Court for the Northern District of Ohio, in the following cases, both of which were removed to federal court from this court:

1. Zigdon & Ruth v. LVNV Funding, LLC, et al., Case 1:09-cv-00050 (originally filed in Cuyahoga County Common Pleas, Case No. CV 08 678250);

2. Thacker v. Javitch, Block & Rathbone, LLP, et al., Case 1:09-cv-01199 (originally filed in Cuyahoga County Common Pleas, Case No. CV 09 690960).

For all the foregoing reasons, Javitch, Block & Rathbone prays the Court order a realignment of the parties, and to order Defendant to plead his claims for relief against the other parties to this action as Plaintiff, and to designate the other parties to this action as Defendants.

Respectfully Submitted:

_____
Michael D. Slodov, SCR #0051678
Javitch, Block, & Rathbone LLP
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
Ph:     (216) 623-0000 ex. 3057
Fax:    (216) 685-3038
E-mail: mslodov@jbandr.com

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

NCO Portfolio Management,         )    CASE NO.: 09-CV-701481
                          )
        Plaintiff,        )
                          )
vs.                   )    JUDGE JOSEPH RUSSO
                          )
Christopher Hrivnak,         )
                          )
        Defendant.    )
vs.                   )    **MOTION FOR ADMISSION PRO**
                          )    **HAC VICE**
NCO Portfolio Management, et al.,  )
                          )
    "Third Party Defendants."    )

Undersigned counsel for NCO Portfolio Management, Inc., NCO Financial Systems, Inc., and NCO Group, Inc., moves in accordance with Rule I, Section 8A of the Rules for Government of the Bar, for admission *pro hac vice* of Brian D. Roth, and in support of this Motion and as set forth in the Affidavits, states as follows:

1.      Affiant is a member in good standing of the Bar of the State Louisiana (See attached Exhibit "A" - State of Louisiana Bar Certificate of Good Standing), and is eligible to practice before, among other courts, the United States Districts Court for the Eastern, Western and Middle Districts of Louisiana.  Affiant has never been disbarred, suspended or denied admission to practice.  (See attached Exhibit "B" – Affidavit of Brian D. Roth, Esq. dated 1/13/10).

2.      Affiant recognizes that *pro hac vice* admission is designed for allowing attorneys who infrequently appear in this Court to do so without the necessity of going through the more formal admission requirements.  Should this Motion be granted, Affiant agrees to be subject to the disciplinary rules of this Court.

3.    Affiant has read and is familiar with the Local Rules, Civil Rules, and Rules of Evidence and Code of Professional Responsibility.

4.    Affiant is familiar with the instant case and it would serve the interest of efficiency if she were allowed to appear as counsel in this matter.

5.    Affiant is aware that if this Motion is granted, all appearances made in Court will require that another attorney admitted to practice in this Court accompany her. (See Exhibit "C" – Franklin C. Malemud, Esq. Affidavit dated 1/19/10).

WHEREFORE, the undersigned respectfully requests this Court enter the attached Order allowing Brian D. Roth, Esq. to appear as counsel of record in the instant matter.

Respectfully submitted,

Franklin C. Malemud, Esq. (0068356)
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio  44115-1093
Phone:  (216) 687-1311
Fax:     (216) 687-1841
Email:  fmalemud@reminger.com
*Attorney for NCO Portfolio Management*
*NCO Group, Inc.*
*NCO Financial Systems, Inc.*
*NCO Portfolio Management*

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by regular U. S. Mail on this 20th day of January 2010 to

the following:

Robert S. Belovich, Esq.
5638 Ridge Road
Parma, OH  44129

Anand N. Misra, Esq.
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, OH  44122

Michael D. Slodov, Esq.
Javitch, Block & Rathhbone, LLP
1100 Superior Ave., 19th Fl.
Cleveland, OH  44114-2518

_____
Franklin C. Malemud, Esq. (0068356)

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOSEPH RUSSO |
| Christopher Hrivnak, | ) | |
| Defendant. | ) | **ORDER ADMITTING BRIAN D.** |
| vs. | ) | **ROTH PRO HAC VICE** |
| NCO Portfolio Management, et al., | ) | |
| "Third Party Defendants." | ) | |

**THIS MATTER** having been opened to the Court by Franklin C. Malemud, attorney for Plaintiffs/"Third-Party Defendants" NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., for the admission pro hac vice of Brian D. Roth, Esq., to appear on behalf of Plaintiffs/"Third-Party Defendants" as co-counsel, and the court having considered the Affidavits submitted in support of said application, and good cause having been shown;

**IT IS** on this _____ day of _____, 2010 ordered that Brian D. Roth, Esq., of the firm Sessions, Fishman, Nathan & Israel, L.L.P., is hereby admitted pro hac vice to appear in this matter as co-counsel on behalf of the Plaintiffs/"Third-Party Defendants", NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., in accordance with, and pursuant to, Rule I, Section 8A of the Rules for the Government of the Bar.

It is ordered.

_____
JUDGE JOSEPH RUSSO

Prepared by:
Franklin C. Malemud (0068356)

# United States of America

## State of Louisiana

# Supreme Court of the State of Louisiana

I, JOHN TARLTON OLIVIER, Clerk of the Supreme Court of the State of Louisiana,

do hereby certify that

### *BRIAN D. ROTH, ESQ.,  #22148*

was duly admitted and licensed to practice as an attorney and counselor at law in this Court

and the several courts of the State of Louisiana, on the 23rd Day of April, 1993 A.D.; and is

currently in good standing, and sufficiently qualified to perform the duties of an attorney and

counselor at law.

IN WITNESS WHEREOF, I hereunto sign
my name and affix the  seal of this Court, at
the City of New Orleans, this the 28th Day
of December, 2009, A.D.

Clerk of Court
Supreme Court of Louisiana


EXHIBIT

A

## CUYAHOGA COUNTY COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | |
| vs. | ) | |
| | ) | |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

### AFFIDAVIT OF BRIAN D. ROTH IN SUPPORT
### OF MOTION TO BE ADMITTED PRO HAC VICE

I, Brian D. Roth, Esquire, hereby certify as follows:

1.  I am an attorney at law of the State of Louisiana and a member of the firm of Sessions, Fishman, Nathan & Israel, L.L.P.  My firm maintains an office at 3850 N. Causeway Blvd., Suite 200, Metairie, Louisiana 70002.  I make this Affidavit in support of my application, pursuant to Rule I, Section 8A of the Rules for the Government of the Bar, for admission pro hac vice as counsel for Plaintiffs/Third-Party Defendants, NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., in the within matter.

2.  I am a member in good standing of the Bar of the Supreme Court of the State of Louisiana, the highest court of the State.  I have been admitted to practice before the Supreme Court of Louisiana since April 23, 1993 and have remained a member in good standing since that time. I am also a member in good standing to practice before all of the United States District Courts for Louisiana, and the United States Fifth Circuit Court of Appeals.  My license to practice law has never been suspended or revoked, nor have I ever been subjected to any disciplinary proceedings

EXHIBIT

B

in any jurisdiction.   Annexed hereto as Exhibit "A" is a true copy of a Certificate of Good Standing issued by the Supreme Court of Louisiana.

3.  I am associated in this matter with Franklin C. Malemud, Esq., Reminger Co., LPA, 1400 Midland Building, 101 Prospect Avenue, West, Cleveland, Ohio 44115, who will serve as counsel of record.

4.  I am familiar with the Local Rules, Civil Rules, and Rules of Evidence and Code of Professional Responsibility, and will confer with the undersigned counsel during the course of this litigation concerning the Local Rules.

5.  I make this Certification in support of my application for admission pro hac vice in order to represent my clients, NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., who have requested my representation in the within action.

6.  I agree that local counsel will sign all pleadings or other papers and participate meaningfully in the preparation and trial of the case or proceedings to the extent required by the court.

7.  Based upon all of the above, it is respectfully requested that my application for admission pro hac vice on behalf of Plaintiffs/Third-Party Defendants, NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., be granted.

BRIAN D. ROTH

Dated: January 13, 2010

Sworn and subscribed to
Before me this 13 day of
2010.

Notary Public

Michelle H. Lyon
Notary Public, State of Louisiana
LA Bar #23133
My Commission is for life.

\\sfnfs02\prolawdocs\6947\6947-24787\Hrivnak, Christopher G\49299.doc

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOSEPH RUSSO |
| vs. | ) | |
| | ) | |
| Christopher Hrivnak, | ) | **AFFIDAVIT OF FRANKLIN C.** |
| | ) | **MALEMUD, ESQ. IN SUPPORT OF** |
| Defendant. | ) | **MOTION FOR ADMISSION PRO** |
| vs. | ) | **HAC VICE OF BRIAN D. ROTH,** |
| | ) | **ESQ.** |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| "Third Party Defendants." | ) | |

County of Cuyahoga )
State of Ohio          ) ss

I, Franklin C. Malemud, Esq., being duly sworn, upon his oath deposes and says the following is true:

1.  I am an attorney at law of the State of Ohio and a member of the firm Reminger Co., LPA, attorneys for Plaintiffs/"Third-Party Defendants" NCO Portfolio Management, Inc,, NCO Financial Systems, Inc. and NCO Group, Inc., in the within matter.  I make this Certification in support of the application, pursuant to Rule I, Section 8A of the Rules for the Government of the Bar, to admit Brian D. Roth, Esq. pro hac vice as counsel for Plaintiffs/"Third-Party Defendants", NCO Portfolio Management, Inc,, NCO Financial Systems, Inc. and NCO Group, Inc, in the within matter.

2.  Brian D. Roth is an attorney at law of the State of Louisiana and a member of the firm of Sessions, Fishman, Nathan & Israel, L.L.P. He has had an attorney-client relationship with the Plaintiffs/"Third-Party Defendants" for an extended period of time.



In addition, Mr. Roth is fully conversant with the facts and issues involved in this action and the Plaintiffs/"Third Party Defendants" wish to be represented by her in this matter.

3.   My firm, Reminger Co., LPA, will act as counsel of record for the Plaintiffs/"Third-Party Defendants" in the within matter.  Pursuant to the terms of Rule I, Section 8A of the Rules for the Government for the Bar, if the motion to permit Brian D. Roth to appear pro hac vice is granted, I will sign all papers and be responsible for the conduct of the proceedings.

Further Affiant Sayeth Naught.

_____

Franklin C. Malemud

**Verfication**

Sworn and subscribed to before me by Franklin C. Malemud on this 19th day of January 2010:

Notary Public

ALICIA Z. PETTRY
Notary Public – State of Ohio, Cuya. Cty.
My Commission Expires March 2, 2013

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

NCO Portfolio Management,  )    CASE NO.: 09-CV-701481
                                 )
         Plaintiff,  ) 
                                 )    JUDGE JOSEPH RUSSO
vs.  )
                                 )
Christopher Hrivnak,  )
                                 )    **MOTION FOR ADMISSION OF PRO**
         Defendant.  )    **HAC VICE**
vs.  )
                                 )
NCO Portfolio Management, et al.,  )
                                 )
     "Third Party Defendants."  )

       Comes the undersigned counsel for NCO Portfolio Management, Inc., NCO Financial Systems, Inc., and NCO Group, Inc., and hereby moves in accordance with Rule I, Section 8A of the Rules for Government of the Bar, for admission *pro hac vice* of David Israel, and in support of this Motion and as set forth in the Affidavits of Malemud and Israel (Exhibits 1 and 2 attached hereto, and incorporated by reference), states as follows:

       1.     Attorney Israel is a member in good standing of the Bar of the State Louisiana, and is eligible to practice before, among other courts, the United States Districts Court for the Eastern, Western and Middle Districts of Louisiana. Affiant has never been disbarred, suspended or denied admission to practice.

       2.     Attorney Israel recognizes that *pro hac vice* admission is designed for allowing attorneys who infrequently appear in this Court to do so without the necessity of going through the more formal admission requirements.  Should this Motion be granted, Attorney Israel agrees to be subject to the disciplinary rules of this Court.

3.      Attorney Israel has read and is familiar with the Local Rules, Civil Rules, and Rules of Evidence and Code of Professional Responsibility.

4.      Attorney Israel is familiar with the instant case and it would serve the interest of efficiency if he were allowed to appear as counsel in this matter.

5.      Attorney Israel is aware that if this Motion is granted, all appearances made in Court will require that another attorney admitted to practice in this Court accompany him.

WHEREFORE, the undersigned respectfully requests this Court to enter the attached Order allowing David Israel to appear as counsel of record in the instant matter.

Respectfully submitted,

Franklin C. Malemud, Esq. (0068356)
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio   44115-1093
Phone:  (216) 687-1311
Fax:      (216) 687-1841
Email:  fmalemud@reminger.com
*Attorney for NCO Portfolio Management*
*NCO Group, Inc.*
*NCO Financial Systems, Inc.*
*NCO Portfolio Management*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was sent by regular U. S. Mail on this 26 day of January 2010 to

the following:

Robert S. Belovich, Esq.
5638 Ridge Road
Parma, OH  44129

Anand N. Misra, Esq.
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, OH  44122

Michael D. Slodov, Esq.
Javitch, Block & Rathhbone, LLP
1100 Superior Ave., 19th Fl.
Cleveland, OH  44114-2518

_____
Franklin C. Malemud, Esq. (0068356)

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOSEPH RUSSO |
| vs. | ) | |
| | ) | |
| Christopher Hrivnak, | ) | **Judgment Entry** |
| | ) | |
| Defendant. | ) | |
| vs. | ) | |
| | ) | |
| NCO Portfolio Management, et al., | ) | |
| | ) | |
| "Third Party Defendants." | ) | |

**ORDER ADMITTING DAVID ISRAEL <u>PRO HAC VICE</u>**

**THIS MATTER** is before the Court upon motion filed by Franklin C. Malemud, attorney for Plaintiffs/Third-Party Defendants for the admission <u>pro hac vice</u> of David Israel, Esq., to appear on behalf of Plaintiffs/Third-Party Defendants as co-counsel, and the court having considered the Affidavits submitted in support of said application, and good cause having been shown;

**IT IS** on this _____ day of _____, 2010 ordered that David Israel, Esq., of the firm Sessions, Fishman, Nathan & Israel, L.L.P., is hereby admitted <u>pro hac vice</u> to appear in this matter as co-counsel on behalf of the Plaintiffs/Third-Party Defendants, NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., in accordance with, and pursuant to, Rule I, Section 8A of the Rules for the Government of the Bar.

_____
JUDGE JOSEPH RUSSO

Prepared by:
Franklin C. Malemud (0068356)

## CUYAHOGA COUNTY COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

NCO Portfolio Management, )
                    )
           Plaintiff, )
                    )
      vs. )    CASE NO.: 09-CV-701481
                    )
Christopher Hrivnak, )
                    )
           Defendant. )
      vs. )
                    )
NCO Portfolio Management, et al., )
                    )
       Third Party Defendants. )

### AFFIDAVIT OF DAVID ISRAEL IN SUPPORT
### OF MOTION TO BE ADMITTED PRO HAC VICE

    I, David Israel, Esquire, hereby certify as follows:

    1.  I am an attorney at law of the State of Louisiana and a member of the firm of Sessions, Fishman, Nathan & Israel, L.L.P.  My firm maintains an office at 3850 N. Causeway Blvd., Suite 200, Metairie, Louisiana 70002.  I make this Affidavit in support of my application, pursuant to Rule I, Section 8A of the Rules for the Government of the Bar, for admission pro hac vice as counsel for Plaintiffs/Third-Party Defendants, NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., in the within matter.

    2.  I am a member in good standing of the Bar of the Supreme Court of the State of Louisiana, the highest court of the State.  I have been admitted to practice before the Supreme Court of Louisiana since October 14, 1981 and have remained a member in good standing since that time. I am also a member in good standing to practice before all of the United States District Courts for Louisiana, and the United States Fifth Circuit Court of Appeals.  My license to practice law has never been suspended or revoked, nor have I ever been subjected to any disciplinary



proceedings in any jurisdiction.  Annexed hereto as Exhibit "A" is a true copy of a Certificate of Good Standing issued by the Supreme Court of Louisiana.

3.  I am associated in this matter with Franklin C. Malemud, Esq., Reminger Co., LPA, 1400 Midland Building, 101 Prospect Avenue, West, Cleveland, Ohio 44115, who will serve as counsel of record.

4.  I am familiar with the Local Rules, Civil Rules, and Rules of Evidence and Code of Professional Responsibility, and will confer with the undersigned counsel during the course of this litigation concerning the Local Rules.

5.  I make this Certification in support of my application for admission pro hac vice in order to represent my clients, NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., who have requested my representation in the within action.

6.  I agree that local counsel will sign all pleadings or other papers and participate meaningfully in the preparation and trial of the case or proceedings to the extent required by the court.

7.  Based upon all of the above, it is respectfully requested that my application for admission pro hac vice on behalf of Plaintiffs/Third-Party Defendants, NCO Portfolio Management, Inc., NCO Financial Systems, Inc. and NCO Group, Inc., be granted.

Dated: January 19ᵀᴴ, 2010

DAVID ISRAEL

Sworn and subscribed to
Before me this 19 day of
January 2010.

Notary Public

\\sfnfs02\prolawdocs\6947\6947-24787\Hrivnak, Christopher G\51717.doc

Kevin G. Barreca
Notary Public, No. 54583
State of Louisiana
My commission is for life.

2

# United States of America

## State of Louisiana

# Supreme Court of the State of Louisiana

I, JOHN TARLTON OLIVIER, Clerk of the Supreme Court of the State of Louisiana,

do hereby certify that

## *DAVID ISRAEL, ESQ., #7174*

was duly admitted and licensed to practice as an attorney and counselor at law in this Court

and the several courts of the State of Louisiana, on the 9th Day of October, 1981 A.D.; and is

currently in good standing, and sufficiently qualified to perform the duties of an attorney and

counselor at law.

IN WITNESS WHEREOF, I hereunto sign

my name and affix the  seal of this Court, at

the City of New Orleans, this the 8th Day of

January, 2010, A.D.



**Clerk of Court**
**Supreme Court of Louisiana**



**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

NCO Portfolio Management,                    )        CASE NO.: 09-CV-701481
                                                            )
                          Plaintiff,               )
                                                            )        JUDGE JOSEPH RUSSO
        vs.                                          )
                                                            )
Christopher Hrivnak,                          )        **AFFIDAVIT OF FRANKLIN C.**
                                                            )        **MALEMUD IN SUPPORT OF**
                          Defendant.          )        **MOTION FOR ADMISSION PRO HAC**
        vs.                                          )        **VICE OF DAVID ISRAEL ESQ.**
                                                            )
NCO Portfolio Management, et al.,        )
                                                            )
        "Third Party Defendants."        )

State of Ohio              )
                                  ) ss
County of Cuyahoga   )

        I, Franklin C. Malemud, being duly sworn, upon his oath deposes and says:

    1.  I am an attorney at law of the State of Ohio and a member of the firm Reminger Co.,

LPA, attorneys for Plaintiffs/Third-Party Defendants, NCO Portfolio Management, Inc,,

NCO Financial Systems, Inc. and NCO Group, Inc., in the within matter.  I make this

Certification in support of the application, pursuant to Rule I, Section 8A of the Rules for

the Government of the Bar, to admit David Israel, Esq. pro hac vice as counsel for

Plaintiffs/Third-Party Defendants, NCO Portfolio Management, Inc,, NCO Financial

Systems, Inc. and NCO Group, Inc, in the within matter.

    2.  David Israel is an attorney at law of the State of Louisiana and a member of the firm

of Sessions, Fishman, Nathan & Israel, L.L.P. He has had an attorney-client relationship

with the Plaintiffs/Third-Party Defendants for an extended period of time.  In addition,



Mr. Israel is fully conversant with the facts and issues involved in this action and the Plaintiffs/Third Party Defendants wish to be represented by him in this matter.

3. My firm, Reminger Co., LPA, will act as counsel of record for the Plaintiffs/Third-Party Defendants in the within matter. Pursuant to the terms of Rule I, Section 8A of the Rules for the Government for the Bar, if the motion to permit David Isrel to appear pro hac vice is granted, I will sign all papers and be responsible for the conduct of the proceedings.

_____
Franklin C. Malemud

Sworn and subscribed to before me
this 26th day of January 2010

_____
Notary Public

NANCY LENTZ
Notary Public, State of Ohio, Lorain Cty.
My Commission Expires 7-9-2010

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| NCO Portfolio Management, et al. | ) | CASE NO: CV-09-701481 |
| | ) | |
| PLAINTIFF AND | ) | |
| COUNTERCLAIM-DEFENDANTS. | ) | Judge Joseph D. Russo |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANT'S OPPOSITION TO |
| Christopher G. Hrivnak | ) | COUNTER-DEFENDANT JAVITCH, BLOCK & RATHBONE |
| | ) | LLP'S MOTION TO REALIGN THE PARTIES (MOTION |
| DEFENDANT AND | ) | FILED 1/19/2010). |
| COUNTERCLAIM-PLAINTIFF. | ) | |

## I.  Introduction

Counterclaim-Defendant Javitch, Block & Rathbone LLP ("JBR") has moved this court to re-label the parties, to force Mr. Hrivnak to shed the "defendant" designation thrust upon him by their having sued him , and to force Mr. Hrivnak to plead his claims against the counterclaim-defendants as a "plaintiff."   According to JBR, the plaintiff NCO Portfolio Management , the remaining NCO counterclaim-defendants and JBR itself should now be called "defendants."

The plaintiff and other NCO counterclaim-defendants have not joined JBR's motion and have not otherwise sought any "realignment." JBR does not disclose how or why it purports to speak for, and seek relief on behalf, of the NCO entities in this motion.   There is also no discussion of any potential conflicts between JBR and NCO entities.

JBR states that it makes this request "pursuant to Ohio Civ. R. 16, 20(B), and 42(B)." Other than the identification of these rules, JBR makes no effort to demonstrate what exactly in these rules justify its request.   The reason for this neglect is simple – none of these rules offer any support for JBR's request.   JBR also offers not a single case to support its request.

JBR justifies its request principally by asserting that it does not like the Ohio Rules of Civil Procedure and therefore it should be allowed to utilize the Federal procedural rules. Thus, JBR advocates that federal jurisdiction can be created by a party simply by expressing a preference for federal procedural rules.    JBR also asks this court to assist the counterclaim-defendants in contriving federal jurisdiction, when none exists, by simply re-labeling the parties.    As discussed below, federal courts reject such contrived jurisdiction. JBR's suggested course of action can have only one result – a delay of months, if not years, in this litigation from a removal to federal court followed by a remand to this court.    The delay will be accompanied by a tremendous and unnecessary burden on the resources of the US District Court and on the parties themselves.

## II.    Argument

JBR's motion seeks unprecedented actions by this court which also have no support in the Civil Rules JBR has only identified, but not discussed:

**Civ. R. 16(2)** states: "In any action, the court may schedule one or more conferences before trial to accomplish the following objectives: … (2) The simplification of the issues." There is no legal or logical support for the JBR's assumed proposition that "simplification of issues" equates to renaming of party designations.    How would the badge placed against a party's name "simplify issues"?    It would not, and this rule is plainly inapplicable.

**Civ. R. 20(B)** states: "Permissive Joinder of Parties. … (B) Separate trials. The court may make such orders as will prevent a party from being prejudiced, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent prejudice or delay."

JBR does not specify why or how the designation of parties will hinder this court's ability to order separate trials or enter other orders, as it deems appropriate.   JBR will have every opportunity to seek a separate trial no matter what badge it is wearing right before trial.   JBR has not identified any other party of the sort discussed in the rule, nor has it identified any prejudice from a joint trial.   JBR has also not identified how a delay may occur at trial because of its current designation.   The only claim of prejudice that can be gleaned from JBR's memorandum is JBR's dislike for the Ohio Rules of Civil Procedure and a preference for the federal rules.   This claimed prejudice has no logical connection to the "separate trials" provision of Civ. R. 20(B), thus this Rule is plainly inapplicable.

**Civ. R. 42(B)** states: "Consolidation; Separate Trials … (B) Separate trials. The court, after a hearing, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, or third-party claims, or issues, always preserving inviolate the right to trial by jury."

Again, as for Civ. R. 20(B), JBR's designation will not hinder or prevent its efforts to seek a separate trial, if it can demonstrate the sort of prejudice discussed in the rule.   Again, this Rule provides no basis for JBR's request for a change in party designation.

### "Confusion, prejudice and delay"

JBR does not identify who or how someone may be confused by the parties' current designations.   The concept of a counterclaim-defendant derives directly from Ohio Civil Rule 13.   Other party designations are also provided for in the Civil Rules.   Myriad cases have

3

and continue to use these designations without anyone being confused.    To the contrary, if JBR's request were granted, a potential juror may wonder why a consumer who was sued by NCO would be called a "plaintiff."    Thus, JBR's unsubstantiated assertion of confusion is not credible.

The sections below will describe that, while counterclaim-defendants will suffer no prejudice from a denial of this motion, Mr. Hrivnak will suffer substantial and unwarranted prejudice should the motion be granted.

Similarly, the sections below describe that while no delay will result from maintenance of a status quo, substantial delay and expense will result from removal and remand litigation, if the motion is allowed.

JBR has claimed four "advantages" if its motion is allowed.    The following discussion demonstrates that the "advantages" flow only to JBR and the other counterclaim-defendants, and come at a significant cost to the federal and state judiciaries, and to Mr. Hrivank and the putative class.

## A.  "Simplifying the denominations"

In a cursory sentence, JBR claims that use of the shorter designations would be simpler. Because JBR does not explain precisely how this is advantageous, Mr. Hrivnak speculates that perhaps JBR is concerned with the length of memoranda that may be filed.    If so, a simpler solution would be to use party names or abbreviations thereof, such as the "JBR" used in this memorandum.    As explained in the next few sections, a re-designation of parties is not simply superficial; rather it prejudicially affects the substantive rights and obligations of parties. Thus, this claimed "advantage" is without merit.

4

## B.  JBR's "right to remove"

A "right to remove" to federal court is defined and limited by the US Constitution and Congressional action.    A counterclaim-defendant is not a "defendant" for removal purposes, and has no right to remove under 28 U.S.C. § 1441 and the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d).    See, e.g., *Palisades Collections, LLC v. Shorts*, 552 F.3d 327 (4th. Cir. 2008), cert. denied 129 S. Ct. 2826.

JBR seeks to subvert this clear expression of federal jurisdiction by misleading this court into re-labeling it a "defendant", just so that it can wiggle into federal court.    In doing so, JBR asks this court to disregard the US Constitution, federal statutes and Supreme Court decisions — all of which clearly deny JBR the right to be in federal court.    All this because JBR says that it prefers federal procedural rules over Ohio's rules.

JBR's forum shopping should not be condoned.    However, even if JBR managed to get into federal court its scheme is destined to fail.    Federal courts have consistently rejected such contrived efforts to manufacture federal jurisdiction, for example:

- In *City of Indianapolis v. Chase Nat'l. Bank*, 314 U.S. 63, 69 (1941), the Supreme Court stated, "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants."

- Federal courts also disregard party designations under state procedural law, if such designations conflict with federal rules.    See, e.g., *Mason City & Fort Dodge R. R. Co. v. Boynton*, 204 U.S. 570 (1907); *General Motors Corp. v. Gunn*, 752 F.Supp. 729 (N.D. Miss 1990).    Thus, even if Ohio procedural rules allowed, which they do not, the re-designation sought by JBR, a federal court would disregard it and restore the

original designations for removal purposes.

- It is well-settled that "the parties' status for purposes of removal is not affected by any affirmative defenses or counter-pleadings." *Estate of Spragins v. Citizens Nat'l Bank of Evansville*, 563 F. Supp. 424, 426 (N.D. Miss. 1983) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. at 106-107, 61 S.Ct. at 871-872).

JBR's attempt to manufacture federal jurisdiction is both unlawful and futile.    The only result, should JBR succeed in the re-labeling, would be months of expensive and needless litigation in federal court before the case is remanded back to this court.    While JBR may view this delay and cost as a tactical "advantage", Mr. Hrivnak would be severely prejudiced.    The federal court would also be greatly prejudiced by expending needless resources.

## C.  JBR's "prejudice" because Ohio Rules of Civil Procedure lack a provision equivalent to Fed. R. Civ. Proc. 68.

JBR and its plaintiff client chose state court to sue Mr. Hrivnak.    Now JBR claims that it does not like the Ohio civil rules because it cannot make a FRCP 68 Offer of Judgment.    Yet, JBR remains unconcerned that through its own state court filing, Mr. Hrivnak also did not have the option to make an offer of judgment.

JBR's argument that litigants should be able to transfer cases simply based on a preference for procedural rules, borders on the absurd.    If this court allows JBR to proceed to federal court on this preference, what is to stop every other litigant in any state court to transfer cases to federal court, based on the same preference?    JBR seems to be advocating abolition of state judiciary.

JBR's extensive discussion of the merits of FRCP 68 is for naught, because federal jurisdiction does not exist in this case and federal procedural rules are inapplicable.    If JBR

6

does not like Ohio procedural rules, it should attempt to have them changed.    Manufacturing jurisdiction when it is expressly denied is not the answer.

Mr. Hrivnak would suffer substantial prejudice under JBR's suggested course of action, because he would unfairly have to face added financial risk, which does not currently exist under Ohio Civil Rules.    JBR states that it wishes to use federal procedural rules to "cut off a prevailing parties right to attorneys fees."    Thus, Mr. Hrivnak may suffer additional prejudice by not being able to recover his attorneys' fees even if he proves that JBR violated the FDCPA. Thus, JBR attempts to subvert congressional intent to hold wrongdoing debt collectors liable for attorney fees when they violate the FDCPA.

There is simply no precedent or valid reason to allow a litigant to transfer a case to a forum with a preferred set of procedural rules.    Again, while JBR may consider it an "advantage" to deny Mr. Hrivnak attorney fees which the law allows him, its request to transfer this case to federal court has no legal standing.

### D. Alleged common "theories of recovery"

Without explanation JBR claims that certain other cases have "common theories of recovery" which justify removal to federal court.    This argument is not only factually misleading, it is also an improper reason to claim a right to removal.    In the two cases cited by JBR, all the parties except for JBR are different.    The facts upon which the consumers have alleged collection violations are different.    The identities, policies, practices and procedures of the debt-buyer-collectors are different.    JBR does not even attempt to argue that these cases could be consolidated in federal court – they simply cannot.

It is probable that there are thousands of cases in courts around the country that allege

7

FDCPA violations. There may be even thousands of such cases against the NCO entities. A logical extension of JBR's argument would be to remove and consolidate all these cases in federal court. There is simply no legal basis for such an argument.

JBR also states that the Zigdon and Thacker cases were removed to federal court. This is correct. Those cases were filed by consumers as plaintiffs alleging FDCPA violations. The defendants in those cases properly removed based on federal question jurisdiction. That is not the case here – JBR and the NCO entities are not "defendants", and they have no right to remove.

## III.    Conclusion

JBR has offered no valid basis to justify its request for a re-labeling of parties in this case. There is no reason for this court to be complicit with JBR in manufacturing federal jurisdiction, where none exists. Granting this motion can only result in years of delay and an abundance of wasted resources. For these reasons, Mr. Hrivnak respectfully requests that the court deny JBR's motion.

Respectfully submitted,

_____
Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752 3330
misraan@misralaw.com

Robert S. Belovich (#0024187)
5638 Ridge Road
Parma, Ohio 44129
(440) 884-8018
rsb@belovichlaw.com

Attorneys for Defendant

8

**Certificate of Service**

I hereby certify that a copy of the foregoing was served on counsel for Plaintiff and
Counter-defendants: Franklin C. Malemud, Esq., Reminger Co., L.P.A.,    1400 Midland Bldg.,
101 Prospect Ave. West, Cleveland, OH 44115, and Michael D. Slodov, Esq., Javitch, Block &
Rathbone LLP, 1100 Superior Ave, 19th Floor, Cleveland OH 44114-2518, on January 29, 2010,
by facsimile transmission.

Anand N. Misra
One of the Attorneys for Defendant

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, et al. | ) | CASE NO: CV-09-701481 |
| | ) | |
| PLAINTIFF AND | ) | |
| COUNTERCLAIM-DEFENDANTS. | ) | Judge Joseph D. Russo |
| | ) | |
| vs. | ) | |
| | ) | |
| Christopher G. Hrivnak | ) | DEFENDANT'S *INSTANTER* MOTION FOR LEAVE TO |
| | ) | FILE A REPLY IN SUPPORT OF HIS MOTION FOR LEAVE |
| DEFENDANT AND | ) | TO FILE AMENDED ANSWER AND COUNTERCLAIM. |
| COUNTERCLAIM-PLAINTIFF. | ) | |

Pursuant to Local Rule 11(D), Defendant moves instanter for leave to file a Reply to

Javitch, Block & Rathbone LLP's ("JBR") Opposition to Defendant's Motion to Amend Answer

and Counterclaim.   This Reply brief is necessitated because JBR has filed what amounts to a

preemptive motion to dismiss, claiming that Mr. Hrivnak's claims are futile.   JBR has also

asserted factual inaccuracies which need to be addressed.   A copy of the proposed Reply brief

is attached hereto.

Respectfully submitted,

_____

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752 3330
misraan@misralaw.com

Robert S. Belovich (#0024187)
5638 Ridge Road
Parma, Ohio 44129
(440) 884-8018
rsb@belovichlaw.com

Attorneys for Defendant

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

NCO Portfolio Management, et al.  ) CASE NO: CV-09-701481
              )
  PLAINTIFF AND      )
  COUNTERCLAIM-DEFENDANTS. ) Judge Joseph D. Russo
              )
  vs.          )
              )
Christopher G. Hrivnak    ) DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION
              ) FOR LEAVE TO FILE AMENDED ANSWER AND
  DEFENDANT AND     ) COUNTERCLAIM.
  COUNTERCLAIM-PLAINTIFF.  )

   Mr. Hrivnak has sought leave to file an Amended Answer and Counterclaim because of new facts recently revealed by the plaintiff.   The amended counterclaim adds two new parties, one of which claims to be the real plaintiff in this case, and the other is the first's parent.   The counterclaim also adds new claims based solely on the new information.

   Counterclaim-defendant Javitch, Block & Rathbone LLP ("JBR") has opposed Mr. Hrivnak's motion to amend making two objections:

   (1) "Defendant has not provided sufficient support for the addition of the newly named defendants or claims to the counterclaim."   JBR Opp. pg. 3.

   (2) "Futility."   *Id*.

### Sufficient support for added counterclaim-defendants and claims

   Plaintiff, NCO Portfolio Management ("Portfolio"), filed this case on 6/4/2009.   On 10/26/09, Portfolio revealed for the first time that it was simply an alter ego for another entity (NCOP Capital II) which was the supposed real plaintiff.   During the intervening almost five months, Portfolio concealed this information while filing three documents with this court.

Promptly upon learning the new information, on 11/10/2009, Mr. Hrivnak informed all parties and the court that the new information would necessitate amendment to the Counterclaim.

JBR in its current opposition brief again misleads this court by asserting that the plaintiff "NCO Portfolio Management" is the same as counterclaim-defendant "NCO Portfolio Management, Inc."  See JBR Opp., at pg. 4 (emphasis added):

> "The complaint filed in Bedford identified the Plaintiff as "**NCO Portfolio Management**, assignee of Citibank, NA, 507 Prudential Rd, Horsham, PA 19044." **NCO Portfolio Management, Inc. is licensed** to do business in the state of Ohio, and it lists its business address as 507 Prudential Rd, Horsham, PA 19044. Exhibit B; Amended Counterclaim, ¶52. Clearly, **NCO Portfolio Management Inc.** did not need to register.

JBR compounds its misrepresentation by also claiming that the two parties are the same, and the word "Inc." is simply absent from the Complaint.   JBR Opp., at pg. 6.

This JBR assertion can be verified as false by comparison to plaintiff's Answer and Affirmative Defenses to defendant's counterclaim, filed on 10/26/2009, which states in the first paragraph: "Now Comes **Plaintiff** and Defendant-in-Counterclaim, **NCOP Capital II, LLC d/b/a NCO Portfolio Management** (hereinafter NCOPM), ..." Emphasis added.

"d/b/a" means "doing business as," therefore establishing that NCO Portfolio Management is a mere fiction used by NCOP Capital II.   By plaintiff's own admission, it is not the entity "NCO Portfolio Management, Inc."

The use of a phantom or phony name to sue Ohio consumers is the basis of the new claims, along with the misrepresentation of the identity of the true plaintiff.   This misrepresentation takes two forms:   First, the identity of the true plaintiff, here "NCOP Capital II", is concealed from the consumer being sued.   Second, a phony name is used on Complaints that is deceptively similar to that of an entity that is not the plaintiff.   This is the same

3

misrepresentation, discussed above, that JBR has attempted in its brief by confusing "NCO Portfolio Management" with "NCO Portfolio Management, Inc."

JBR also claims that Mr. Hrivnak "offers no assessment of why he believes that the proposed additional parties are necessary parties." JBR Opp. pg 6. As noted above, proposed new counterclaim-defendant "NCOP Capital II" has claimed that it is the true plaintiff. Therefore, it is a necessary party, and JBR's objection to its addition is baffling. The only other entity to be added is NCOP Capital II's parent, who defendant believes participates in the wrongful acts challenged in the counterclaim.

These facts newly revealed to Mr. Hrivnak provide the necessary support for the requested amendments to the counterclaim. JBR seeks to profit from its own wrongful concealment by now arguing that Mr. Hrivnak may not assert claims based on the concealed information. Civil R. 15 provides that "leave of court shall be freely given when justice so requires." The above facts demonstrate that justice will be served by allowing Mr. Hrivnak's proposed amendments. Additionally, the proceedings at a relatively early stage, and JBR has not even claimed any prejudice if the amendments are allowed.

**Proposed additional claims are well supported in law and are not "futile"**

JBR's arguments of "futility" are in effect a covert and preemptive Civ. R. 12(B) motion. JBR seeks to contort Mr. Hrivnak's proposed claims by asserting they are based on "the filing of suit without being licensed." JBR Opp. pg. 2.

As noted above, JBR first attempts to confuse the identity of the plaintiff by alleging that the plaintiff was "NCO Portfolio Management, Inc." and the "Inc." was simply missing from the caption. As admitted by plaintiff, and noted above, this assertion is blatantly false because

4

the claimed plaintiff is "NCOP Capital II." Building on this misrepresentation, JBR then argues that "NCO Portfolio Management, Inc." was already registered. JBR then distorts the ruling in *Collins Financial Services, Inc. v. Ballard*, Unreported Cuyahoga Co. Common Pleas Case No. CV 638304,5-18-09, by citing sections of the order relating to ORC 1703 and corporations. Here the entity used for filing the challenged lawsuits was not a corporation, but a fiction subject to ORC 1329.10. JBR did not discuss the fact that the *Ballard* court had drawn a distinction between the ORC 1703.29 and ORC 1329.10, stating:

> **[A]n unregistered fictitious name lacks capacity to sue per se**. The fictitious name statute, R.C. 1329.10, requires registration of the fictitious name with the Secretary of State prior to commencing or maintaining an action. In contrast, R.C. 1703.29(A) speaks of requiring the license prior to "maintaining any action." It is silent as to commencing actions.

*Ballard*, at pg. 6, emphasis added.

Thus, the excerpts of *Ballard* cited by JBR, and the discussion of ORC 1703, are irrelevant to the facts in this case. Moreover, JBR spends almost the entire page 5 of its Opposition brief citing cases for the unremarkable and irrelevant proposition that mere "failure to register" does not violate the CSPA or FDCPA. JBR misses the point. Mr. Hrivnak is not challenging the mere "failure to register" rather he is challenging the filing of lawsuits by a phantom who is incompetent to do so, and who misrepresents its competence during this collection activity.

Recent decisions by district courts in Ohio have explicitly held the acts of filing and maintaining such unlawful lawsuits, without the competence to do so, to be violations of the FDCPA and CSPA. See, *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783 (S.D. Ohio 2006) (Ohio AG PIF 10002518, 12/12/2006), and *Evans v. Midland Funding LLC*, No. 1:08-cv-180 (S.Dist. Ohio, Aug. 8, 2008). An FDCPA violation is also an OCSPA violation and false representations in a complaint are OCSPA violations. See, e.g., *Delawder v. Platinum Financial*

5

*Services Corp. et al.*, Case C-1-04-680 (U.S. Dist. Ct., S.D. Ohio, 3/10/2006); Doc.16, at 19.

(Ohio AG PIF 10002438, 3/11/2006.)

Finally, JBR argues that Mr. Hrivnak should be denied the right to amend because ""nationwide class action movants must creditably demonstrate, through an 'extensive analysis' of state law variances, 'that class certification does not prevent insuperable obstacles.'"  JBR Opp. pg. 5.  Mr. Hrivnak does not carry this burden at the pleading stage, and JBR does not identify any authority for such a pleading standard.  Mr. Hrivnak will adequately carry his burden during the class certification proceedings.

## Conclusion

JBR has offered no evidence of prejudice from the filing of the amended answer and counterclaim.  The amendment is based on information concealed by the counterclaim-defendants, and Mr. Hrivnak acted promptly upon learning the relevant facts. Each claim is supported by established law.  The proceedings are at an early stage, and justice will be served by allowing the proposed amendment.

Respectfully submitted,

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752 3330
misraan@misralaw.com

Robert S. Belovich (#0024187)
5638 Ridge Road
Parma, Ohio 44129
(440) 884-8018
rsb@belovichlaw.com

Attorneys for Defendant

6

**Certificate of Service**

I hereby certify that a copy of the foregoing was served on counsel for Plaintiff and Counter-defendants: Franklin C. Malemud, Esq., Reminger Co., L.P.A.,    1400 Midland Bldg., 101 Prospect Ave. West, Cleveland, OH 44115, and Michael D. Slodov, Esq., Javitch, Block & Rathbone LLP, 1100 Superior Ave, 19th Floor, Cleveland OH 44114-2518, on January 29, 2010, by facsimile transmission.

Anand N. Misra
One of the Attorneys for Defendant

220

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

FILED

NCO Portfolio Management,                    )    CASE NO.: CV-09-701481
                                             )
                    Plaintiff,               )    2010 FEB -1 P 2: 09
                                             )
                                             )    **Judge: JOSEPH D RUSSO**
        vs.                                  )
                                             )
Christopher Hrivnak,                         )
                                             )
                    Defendant.               )
        vs.                                  )
                                             )
NCO Portfolio Management, et al.,            )
                                             )
            Additional Counterclaim          )
            Defendants.

## NOTICE OF ADDITIONAL AUTHORITY IN SUPPORT OF
## OPPOSITION TO MOTION AMEND ANSWER & COUNTERCLAIM

Now comes Javitch, Block & Rathbone, LLP, by and through the undersigned counsel, and

hereby provides the Court with a copy of Midland Funding, L.L.C. v. Paras, 2010-Ohio-264, 2010

WL 323426, (Ohio App. 8 Dist. Jan 28, 2010) a recent decision of the Eighth District Court of

Appeals, holding Ohio's 15 year statute of limitations governs credit card debt claims. The same was

not available at the time of filing its opposition to the motion for leave to amend.

Respectfully Submitted:

Michael D. Slodov, SCR #0051678
Javitch, Block, & Rathbone LLP
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
Ph:      (216) 623-0000 ex. 3057
Fax:     (216) 685-3038
E-mail: mslodov@jbandr.com

## Certificate of Service

The undersigned hereby certifies that the foregoing was served upon Robert Belovich, attorney for the Defendant, at 5638 Ridge Road, Parma, OH, 44129 and Anand N. Misra, The Misra Law Firm, LLC, 3659 Green Road, Suite 100, Beachwood, Ohio 44122, and Franklin C. Malemud, Esq., Reminger Co., L.P.A., 101 Prospect Avenue, West, Cleveland, OH 44115-1093, Allison L. Cannizaro, Sessions, Fishman, Nathan & Israel, LLP, 3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 via regular U.S. Mail postage pre-paid, this 1st day of February, 2010.

Michael D. Slodov, SCR #0051678

[Cite as *Midland Funding, L.L.C. v. Paras*, 2010-Ohio-264.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 93442

---

# MIDLAND FUNDING, LLC

### PLAINTIFF-APPELLEE

vs.

# MARK PARAS

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-656327

**BEFORE:**     McMonagle, J., Kilbane, P.J., and Boyle, J.

**RELEASED:**                    January 28, 2010

**JOURNALIZED:**

**APPELLANT**

Mark Paras, pro se
4021 Riveredge Road
Cleveland, OH 44111

**ATTORNEYS FOR APPELLEE**

Sarah Ritz
James Oh
Javitch, Block & Rathbone, LLP
1100 Superior Avenue, 19th Floor
Cleveland, OH 44114

N.B.  This entry is an announcement of the court's decision.  See App.R. 22(B) and 26(A); Loc.App.R. 22.  This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(C) unless a motion for reconsideration with supporting brief, per App.R. 26(A), or a motion for consideration en banc with supporting brief per Loc.App.R. 25.1(B)(2), is filed within ten days of the announcement of the court's decision.  The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(C).  See, also, S.Ct. Prac.R. 2.2(A)(1).

CHRISTINE T. McMONAGLE, J.:

{¶ 1}  Defendant-appellant Mark Paras appeals the trial court's judgment granting summary judgment in favor of plaintiff-appellee Midland Funding, LLC, and against him.  We affirm.

{¶ 2}  Midland Funding initiated this action against Paras in April 2008 to recover the outstanding balance on a Capital One credit card account that it had acquired through assignment.  The customer agreement governing the account provided that "[t]his Agreement will be governed by Virginia law and Federal law."  Paras's answer did not deny the allegations in the complaint, but only asserted that, under Virginia law, the statute of limitations had expired.

{¶ 3}  Midland Funding filed a motion for summary judgment in which it contended that Paras failed to make the monthly payments under the agreement and the account was therefore closed in February 1998.  Paras opposed the motion, arguing the following: (1) Midland Funding failed to respond to his discovery requests; (2) the agreement provided it was governed by Virginia and federal laws; and (3) the statute of limitations for Virginia and federal laws had expired. [1]  The court granted Midland Funding's

---

[1] Under section 8.01-246(2) of the Virginia Code, the statute of limitations period

summary judgment motion.   Paras raises three assignments of error for our review.

{¶ 4}   Appellate review of summary judgments is de novo.   *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Zemcik v. La Pine Truck Sales & Equip.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court enunciated the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369-70, 696 N.E.2d 201, as follows:

{¶ 5}   "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."

{¶ 6}   The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.   *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264.   Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a

---

applicable to claims on a written contract is five years.   Under R.C. 2305.06, the statute of limitations applicable to claims on a written contract is 15 years.

genuine issue for trial." *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197; Civ.R. 56(E).  Doubts must be resolved in favor of the nonmoving party.  *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358-59, 604 N.E.2d 138.

{¶ 7}  In his first assignment of error, Paras contends that under the agreement the Virginia statute of limitations applied.  The Sixth Circuit Court of Appeals addressed this conflict of law issue in *Cole v. Milletti* (C.A.6, 1998), 133 F.3d 433:

{¶ 8}  "The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Laws as the governing law for Ohio conflicts issues. *Lewis v. Steinreich*, 73 Ohio St.3d 299, 652 N.E.2d 981, 984 (1995); *Morgan v. Biro Mfg. Co., Inc.*, 15 Ohio St.3d 339, 474 N.E.2d 286, 288-89 (1984).  When a conflict arises between two states' statutes of limitations, the Restatement provides:

{¶ 9}  "'An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state.'

{¶ 10}  "Restatement (Second) of Conflict of Laws § 142(2). Section 142(2) thus requires Ohio courts to apply Ohio's statute of limitations to breach of contract actions brought in Ohio, even if the action would be time-barred in another state. See *Males v. W.E. Gates & Associates*, 29 Ohio Misc.2d 13, 504

N.E.2d 494, 494-95 (Ohio Com.Pl.1985) (applying Ohio's fifteen-year statute of limitations to a breach of contract action that would have been barred by Virginia's five-year statute); cf. *Mahalsky v. Salem Tool Co.*, 461 F.2d 581, 586 (6th Cir.1972) (holding this rule does not deny full faith and credit); *Mackey v. Judy's Foods, Inc.*, 867 F.2d 325, 328-29 (6th Cir.1989) (affirming the district court's application of a similar rule in Tennessee). There is no question that this rule is both fair and constitutional. See *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722, 108 S.Ct. 2117, 2121, 100 L.Ed.2d 743 (1988) ("'[T]he Constitution does not bar application of the forum State's statute of limitations to claims that in their substance are and must be governed by the law of a different State.'"). *Charash* [*v. Oberlin College* (C.A.6, 1994),] 14 F.3d [291] at 299." *Cole* at 437.

{¶ 11} Thus, the Sixth Circuit Court of Appeals held that "[a]bsent an express statement that the parties intended another state's limitations statute to apply, the procedural law of the forum governs time restrictions on an action for breach, while the law chosen by the parties governs the terms of their contract." *Cole* at id.

{¶ 12} Here, there was no express statement in the agreement that the parties intended Virginia's statute of limitations to apply. Accordingly, Ohio's 15-year statute of limitations for written contracts applied and the

action was filed within that limitation.   The first assignment of error is overruled.

{¶ 13} In his second assigned error, Paras contends that the trial court erred by failing to require Midland Funding to respond to his discovery requests.

{¶ 14} "A party seeking discovery must take the appropriate procedural steps to compel discovery." *Delguidice v. Randall Park Mall* (June 4, 1992), Cuyahoga App. No. 60625.   Here, Paras did not file a motion to compel the alleged outstanding discovery.   Thus, the trial court did not abuse its discretion, the standard applied to a trial court's ruling on discovery issues,[2] by not compelling the alleged outstanding discovery.   The second assignment of error is overruled.

{¶ 15} In his final assignment of error, Paras contends that the trial court failed to consider the doctrine of res judicata.   Specifically, Paras maintains that "the Florida Courts have already determined, as a matter of law, that the 'Agreement' was governed by Virginia Law * * *."

{¶ 16} The Ohio Supreme Court has explained that the doctrine of res judicata means that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or

---

[2]Id.

occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226.

{¶ 17} The record here is devoid of any evidence (or even indication) that any issue or claim in this case had previously been decided. The doctrine of res judicata therefore does not apply. Accordingly, the third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

CHRISTINE T. McMONAGLE, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR



61512668

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

NCO PORTFOLIO MANAGEMENT
    Plaintiff

Case No: CV-09-701481

Judge: JOSEPH D RUSSO

CHRISTOPHER G HRIVNAK  ET AL
    Defendant

## JOURNAL ENTRY

DEFENDANTS NCO PORTFOLIO MANAGEMENT, INC., NCO GROUP, INC., AND NCO FINANCIAL SYSTEMS, INC.'S
MOTION FOR ADMISSION PRO HAC VICE [OF ATTORNEY DAVID ISRAEL AS CO-COUNSEL], FILED 01/26/2010, IS
GRANTED.
DEFENDANTS NCO PORTFOLIO MANAGEMENT, INC., NCO GROUP, INC., AND NCO FINANCIAL SYSTEMS, INC.'S
MOTION FOR ADMISSION PRO HAC VICE [OF ATTORNEY BRIAN D. ROTH AS CO-COUNSEL], FILED 01/20/2010, IS
GRANTED.

_____

Judge Signature           02/01/2010

02/01/2010

RECEIVED FOR FILING
02/02/2010 09:04:14
By: CLPAL
GERALD E. FUERST, CLERK

Page 1 of 1

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NCO Portfolio Management, | ) | CASE NO.: 09-CV-701481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE JOSEPH RUSSO |
| | ) | |
| Christopher Hrivnak, | ) | |
| | ) | |
| Defendant. | ) | **OPPOSITION TO COUNTERCLAIM-** |
| vs. | ) | **PLAINTIFF'S INSTANTER MOTION** |
| | ) | **FOR LEAVE TO FILE A REPLY IN** |
| NCO Portfolio Management, et al., | ) | **SUPPORT OF MOTION FOR LEAVE** |
| | ) | **TO FILE AMENDED ANSWER AND** |
| "Third Party Defendants." | ) | **COUNTERCLAIM** |

NOW COMES NCO Portfolio Management, Inc., NCOP Capital II, LLC d/b/a NCO Portfolio Management, NCO Financial Systems, Inc., and NCO Group, Inc. in opposition to counterclaim plaintiff's Leave to File a Reply in Support of his Motion for Leave to File Amended Answer and Counterclaim and states as follows:

As shown most recently in the Motion for Leave to File a Reply in Support of Motion for Leave to File Amended Answer and Counterclaim, instead of moving for leave to amend the counterclaim to eliminate unnecessary claims and parties, counterclaim plaintiff is intent on further multiplying the litigation and placing the parties ever further from litigating the material issues.

Counterclaim plaintiff seeks to unnecessarily add 2 additional NCO entities, NCOP Capital II, LLC and NCOP Nevada Holdings, LLC (a holding company that is the corporate parent for NCOP Capital II, LLC) to the 4 NCO entities, NCO Portfolio Management, Inc., NCO Portfolio Management, NCO Financial Systems, Inc., and NCO

Group, Inc., already named in the counterclaim. As stated in responsive pleadings, NCOP Capital II, LLC is a subsidiary of NCO Portfolio Management, Inc and registered to do and doing business as NCO Portfolio Management. NCO Group, Inc., a holding company, is the ultimate parent company of NCO Portfolio Management, Inc. and NCO Financial Systems, Inc. NCOP Capital II, LLC answered the complaint on behalf of NCO Portfolio Management.

None of the currently named NCO entities, nor any of the proposed new entities directly attempted to collect the debt. As stated in responsive pleadings, NCOP Capital II, LLC, a subsidiary of NCO Portfolio Management, Inc and registered to do and doing business as NCO Portfolio Management, filed a collection action through its counsel, Javitch, Block & Rathbone. NCOP Capitol II, LLC responded to the complaint and is already a party defendant to the counterclaim. The proper party counterclaim defendants – NCOP Capitol II, LLC and Javitch, Block & Rathbone – are already in the litigation and have answered. All remaining parties should be dismissed as they had no involvement in the collection suit at issue and their presence in the lawsuit does nothing more than further complicate the litigation.

The present counterclaims wholly lack substantive basis. Indeed, of particular importance to this case, the Eight District Court of Appeals recently held in *Midland Funding, L.L.C. v. Paras*, 2010-Ohio-264, 2010 WL 323426 (Ohio App. 8 Dist. Jan. 28, 2010), that Ohio's 15 year statute of limitations governs credit card debt claims. Nonetheless, instead of getting to the heart of his claims, counterclaim plaintiff seeks to substantially burden the parties and the Court with even more collateral and preliminary matters by adding more unnecessary parties and baseless claims.

The parties necessary to litigate the claims alleged are present and before the Court. The motion to leave to amend the counterclaim and motion for leave to file reply

2

to motion for leave to amend the counterclaim are without basis, futile and prejudicial and should be denied.

Respectfully submitted,

Franklin C. Malemud, Esq. (0068356)
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio   44115-1093
Phone: (216) 687-1311
Fax:     (216) 687-1841
Email: fmalemud@reminger.com

_____(per consent)
Allison Cannizaro, Esq
(*admitted pro hac vice*),
Sessions Fishman, Nathan and Israel LLP
3850 N. Causeway Blvd., Suite 1240
Metairie, Louisiana 70002-1752
email: acannizaro@sessions-law.biz
Phone (504) 828-3700, Fax (504) 828-3737.

*NCO Portfolio Management, Inc., NCOP Capital II, LLC d/b/a NCO Portfolio Management, NCO Financial Systems, Inc., and NCO Group, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing Opposition was sent by regular U. S. Mail on this 4th day of February 2010 to the following:

Robert S. Belovich, Esq.
5638 Ridge Road
Parma, OH  44129

Anand N. Misra, Esq.
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, OH  44122

Michael D. Slodov, Esq.
Javitch, Block & Rathhbone, LLP
1100 Superior Ave., 19th Fl.
Cleveland, OH  44114-2518

_____
Franklin C. Malemud, Esq. (0068356)

3



61672822

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

NCO PORTFOLIO MANAGEMENT
    Plaintiff

Case No: CV-09-701481

Judge: JOSEPH D RUSSO

CHRISTOPHER G HRIVNAK  ET AL
    Defendant

## JOURNAL ENTRY

JAVITCH, BLOCK & RATHBONE, LLP'S MOTION TO REALIGN THE PARTIES, FILED 01/19/2010, IS GRANTED.
CHRISTOPHER HRIVNAK IS TO FILE A COMPLAINT ASSERTING HIS AFFIRMATIVE CLAIMS FOR RELIEF AGAINST
THE OTHER PARTIES TO THIS ACTION, WITHIN 30 DAYS.
CHRISTOPHER HRIVNAK'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM, FILED
01/11/2010, IS MOOT.
CHRISTOPHER HRIVNAK'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND COUNTERCLAIM, FILED 01/29/2010, IS MOOT.

_____

Judge Signature           02/11/2010

02/10/2010

RECEIVED FOR FILING
02/11/2010 10:45:40
By: CLPAL
GERALD E. FUERST, CLERK

Page 1 of 1



61729325

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

NCO PORTFOLIO MANAGEMENT
    Plaintiff

CHRISTOPHER G HRIVNAK  ET AL
    Defendant

Case No: CV-09-701481

Judge: JOSEPH D RUSSO

## JOURNAL ENTRY

CMC BY PHONE SET FOR 04/22/2010 AT 02:00 PM BY TELEPHONE.
COUNSEL FOR PLAINTIFF CHRIS HRIVNAK IS TO INITIATE A CONFERENCE CALL TO ALL OTHER
PARTIES/COUNSEL, AND THEN TO THE COURT AT 216-443-7326.
RESET DUE TO RECENT MOTION RULINGS.

_____
Judge Signature           02/19/2010

02/16/2010

RECEIVED FOR FILING
02/19/2010 11:05:19
By: CLPAL
GERALD E. FUERST, CLERK



61672822

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

NCO PORTFOLIO MANAGEMENT
  Plaintiff

CHRISTOPHER G HRIVNAK  ET AL
  Defendant

Case No: CV-09-701481

Judge: JOSEPH D RUSSO

## **JOURNAL ENTRY**

JAVITCH, BLOCK & RATHBONE, LLP'S MOTION TO REALIGN THE PARTIES, FILED 01/19/2010, IS GRANTED.
CHRISTOPHER HRIVNAK IS TO FILE A COMPLAINT ASSERTING HIS AFFIRMATIVE CLAIMS FOR RELIEF AGAINST
THE OTHER PARTIES TO THIS ACTION, WITHIN 30 DAYS.
CHRISTOPHER HRIVNAK'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM, FILED
01/11/2010, IS MOOT.
CHRISTOPHER HRIVNAK'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND COUNTERCLAIM, FILED 01/29/2010, IS MOOT.

_____
Judge Signature                    02/11/2010

02/10/2010



61729325

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

NCO PORTFOLIO MANAGEMENT
  Plaintiff

CHRISTOPHER G HRIVNAK  ET AL
  Defendant

Case No: CV-09-701481

Judge: JOSEPH D RUSSO

## JOURNAL ENTRY

CMC BY PHONE SET FOR 04/22/2010 AT 02:00 PM BY TELEPHONE.
COUNSEL FOR PLAINTIFF CHRIS HRIVNAK IS TO INITIATE A CONFERENCE CALL TO ALL OTHER
PARTIES/COUNSEL, AND THEN TO THE COURT AT 216-443-7326.
RESET DUE TO RECENT MOTION RULINGS.

_____
Judge Signature                    02/19/2010

02/16/2010

RECEIVED FOR FILING
02/19/2010 11:05:19
By: CLPAL
GERALD E. FUERST, CLERK

Page 1 of 1

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Christopher G. Hrivnak, | ) | CASE NO: CV-09-701481 |
| | ) | |
| Plaintiff, relabeled pursuant | ) | |
| to Journal Entry dated | ) | **Judge Joseph D. Russo** |
| 2/11/2010 | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NCO Portfolio Management, | ) | |
| NCO Portfolio Management, Inc., | ) | |
| NCO Group, Inc., | ) | |
| NCO Financial Systems, Inc., and | ) | HRIVNAK'S AMENDED PLEADING RELABELED |
| Javitch, Block & Rathbone L.L.P. | ) | "COMPLAINT" IN ACCORDANCE WITH JOURNAL ENTRY |
| | ) | DATED 2/11/2010 |
| Defendants, relabeled | ) | |
| pursuant to Journal Entry | ) | (JURY DEMAND ENDORSED HEREON) |
| dated 2/11/2010. | ) | |

1. On 1/11/2010, the court entered a Journal Entry granting the motion by NCO Portfolio Management, Plaintiff in the original action, dismissing its Complaint against Mr. Hrivnak without prejudice. The court noted in this Journal Entry that Mr. Hrivnak's Counterclaim and "Third Party Complaint" remain pending.

2. On 2/11/2010, the court entered a Journal Entry granting the motion by Javitch, Block & Rathbone L.L.P., counterclaim-defendant in the original action, to realign the parties. The court also ordered Mr. Hrivnak to file his affirmative claims for relief against counterclaim-defendants, which he had stated in his proposed Amended Answer and Counterclaim, in a new pleading to be relabeled "Complaint." Mr. Hrivnak assumes from this Journal Entry that it also requires a relabeling of parties, such that Mr. Hrivnak would be relabeled "Plaintiff" and all opposing parties would be relabeled "Defendants." Thus, hereafter in this pleading, parties are labeled accordingly.

3. Mr. Hrivnak incorporates herein by reference, as if fully rewritten, the admissions, denials, averments, and affirmative defenses contained in the Answer and Counterclaim he filed,

in July 2009, in response to NCO Portfolio Management's Complaint (hereafter "Original Complaint") in this case.

4.  This Complaint is an action for damages and other relief by a consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.; ("FDCPA"), the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01 et seq. ("OCSPA"), Ohio Deceptive Trade Practices Act, Ohio Revised Code 4165.01 et seq. ("ODTPA"), and common law fraud, defamation, abuse of process, malicious prosecution, and civil conspiracy.

5.  Plaintiff Christopher G. Hrivnak is a "Consumer" as defined in the Ohio Consumer Sales Practice Act, R.C. § 1345.01(D) and similar consumer protection statutes.

6.  Defendant NCO Group, Inc., "NCOG" is an entity engaged in the business of purchasing and collecting debt that is already in default at the time of purchase.

7.  NCOG operates its consumer debt collection business through a labyrinth of controlled entities, some of which are shown in Exhibit 1 attached hereto.

8.  NCOG creates, and provides to its debt collectors, strategies, policies, practices, work standards, systems, tools and contracts for the collection of consumer debt.

9.  NCOG's senior managers are directly involved in most, or all, controlled entities shown on Exhibit 1.

10.  NCOG through its operation of such controlled entities is a firm regularly engaged in the collection of consumer debts in this state.

11.  Defendant NCO Portfolio Management, Inc., "PMI", is one of the entities controlled by NCOG.

12.  PMI is a firm regularly engaged in the collection of consumer debts in this state.

13.  Defendant NCO Financial Systems, Inc., "FSI", is one of the entities controlled by NCOG.

14.  FSI is a firm regularly engaged in the collection of consumer debts in this state.

15.  NCOP Nevada Holdings, LLC, "NHL", is one of the entities controlled by NCOG.

16.  NHL, serves as a conduit for NCOG's debt collection actions, and is therefore a firm that is regularly engaged, directly or indirectly, in the collection of consumer debts in this state.

17.  NCOP Capital II, LLC, "C2L", is one of the entities controlled by NCOG.

18. Plaintiff in the Original Complaint, NCO Portfolio Management, has stated, in its First Amended Answer to Mr. Hrivnak's counterclaim, that C2L is its alter ego.

19. C2L serves as a conduit for NCOG's debt collection actions.

20. C2L is therefore a firm regularly engaged in the collection of consumer debts in this state.

21. Hereafter, when referred to collectively, NCOG, PMI, FSI, NHL, C2L and NCO Portfolio Management will be referred to as "NCO."

22. Plaintiff in the Original Complaint, NCO Portfolio Management ("Portfolio"), is a fiction created by one or more of the NCO for regularly collecting consumer debt in Ohio and other states.

23. Portfolio is not a legal entity in any state.

24. NCO have filed several certificates with the county clerk of Clark County, Nevada, claiming therein that numerous entities, including the following, do business in Clark County under the fictitious name "NCO Portfolio Management":

    NCOP Lakes, Inc; NCOP Capital Inc; NCOP VI, Inc; NCOP V, Inc; NCOP IV, Inc; NCOP III, Inc; NCOP II, Inc; NCOP I, Inc; NCOP VII, Inc.; NCOP Capital I, LLC; NCOP Capital II, LLC; NCOP/CF/MED, LLC; NCOP/CF, LLC; NCOP VIII, LLC; NCOP Capital I, LLC; NCOP/CF II, LLC; NCOP Capital, IV, LLC; NCOP Capital III, LLC; NCOP X, LLC; NCOP XI, LLC; and NCOP IX, LLC.

25. Nevada law requires that "Every person doing business in this state under an assumed or fictitious name that is in any way different from the legal name of each person who owns an interest in the business <u>must file with the county clerk of <b>each county</b> in which the business is being conducted</u> a certificate containing the information required by NRS 602.020." Nevada Revised Statutes (NRS) § 602.010(1), emphasis added.

26. The form provided by the county clerk for Washoe County, Nevada, for filing the certificate required by NRS § 602.010, states the purpose of such filings as:

    "The purpose of the fictitious name statute is to prevent fraud and to inform the public of the true identity of those with whom the public conducts business."

See, Exhibit 2, hereto.

27. On information and belief, there is no law in Nevada that authorizes or permits the use of

a fictitious name outside the Nevada county where a certificate for such fictitious name is filed.

28. NCO claim to have also filed, with the three counties in the state of Delaware, a certificate to use the fictitious name "NCO Portfolio Management" for Creditrust SPV2, LLC; Creditrust SPV98-2, LLC; and Creditrust SPV99-1, LLC.   See, Exhibit 3.

29. On information and belief, there is no law in Delaware that authorizes or permits the use of a fictitious name outside the Delaware county where a certificate for such fictitious name is filed.

30. On information and belief, NCO have filed no certificates to do business under the fictitious name "NCO Portfolio Management" in any geographic area, or political subdivision, in the United States other than Clark County, Nevada, and Delaware, as described above.

31. There is no fictitious name registration in Ohio for "NCO Portfolio Management."

32. There is a similarly named legal entity "NCO Portfolio Management, Inc." registered with the Ohio Secretary of State.   This entity is the Defendant PMI.

33. NCO are incompetent to use the fictitious name "NCO Portfolio Management" in Ohio.

34. NCO are incompetent to commence or maintain lawsuits in Ohio under the fictitious name "NCO Portfolio Management."

35. On information and belief, NCO intentionally used the fiction of "NCO Portfolio Management" on the collection complaints it filed, in order to conceal and prevent consumer defendants from discovering the identity of the real party seeking to bring the collection lawsuit against consumers, including Mr. Hrivnak.

36. NCO concocted and used the similarity in names between "NCO Portfolio Management" and its controlled entity "NCO Portfolio Management, Inc." to support and accomplish such fraudulent concealment, and to prevent consumers from undertaking efforts to discover the non-existence of "NCO Portfolio Management."

37. NCO succeeded in deceiving consumers, including Mr. Hrivnak, into believing that they were litigating against an entity named "NCO Portfolio Management," when in fact no such entity existed.

38. Due to such concealment, consumers including Mr. Hrivnak did not have an opportunity to discover the illusory nature of "NCO Portfolio Management," resulting in such consumers not being able to assert an adequate defense to NCO's collection lawsuits, or not being able to assert their legal rights, or having to pay unnecessary amounts to NCO, or having to incur unnecessary expense.

39. On information and belief, NCO continues to litigate numerous collection actions in the name of the non-existent "NCO Portfolio Management."

40. On information and belief, NCO has also obtained judgments and collected amounts in the name of, and on behalf of, the non-existent "NCO Portfolio Management."

41. On information and belief, NCO continues to collect amounts from consumers in the name of, and on behalf of, the non-existent "NCO Portfolio Management."

42. NCO, individually and collectively, are "debt collector(s)" as defined in 15 U.S.C. §1692a(6) and similar consumer protection statutes.

43. NCO, individually and collectively, are "supplier(s)" as defined in Ohio R.C. § 1345.01(C) and similar consumer protection statutes.

44. On information and belief, NCO individually or collectively take, commit or perform the unlawful actions that are the subject of this Complaint.

45. On information and belief, NCOG takes individual actions in directing the unlawful actions of the other NCO that are the subject of this Complaint; authorizing or creating the procedures and business practices employed by such NCO in furtherance of such unlawful actions; obtaining, transferring and making available to such NCO the alleged claims to be made against consumers including Mr. Hrivnak; conspiring with such NCO to commit the unlawful actions, and providing necessary resources for the unlawful actions to be taken.

46. Defendant Javitch, Block & Rathbone L.L.P. ("Javitch") is a law firm regularly engaged in the collection of debts with its principal place of business located at 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114.

47. Javitch is a "debt collector" as defined in 15 U.S.C. §1692a(6).

48. Javitch is a "supplier" as defined in Ohio R.C. § 1345.01(C) and similar consumer protection statutes.

49. Several courts have already determined that Javitch is a debt collector, who is subject to the FDCPA and OCSPA, for actions it takes in collection lawsuits while representing buyers of debt in default, who sue consumers alleging an assignment of debt.   These cases are examples of such a determination of Javitch's status: *Hartman et al. v. Great Seneca Financial Corp. et al.*, U.S. Ct. of App., 6th Cir., Opinion 09a0221p.06 (June 30, 2009); *Evans v. Midland Funding LLC*, No. 1:08-cv-180 (S. Dist. Ohio, Aug. 8, 2008); *Williams v. Javitch, Block & Rathbone*, LLP, 480 F. Supp.2d 1016, 1024 (S. Dist. Ohio 2007).

50. NCO are engaged in the business of buying debt in default, and thereafter attempting to collect the debt.

51. In this case, Portfolio has brought a claim against Mr. Hrivnak based on an alleged debt in default that it claims to have purchased.

52. Bringing legal actions is an integral and important part of NCO's debt collection business.

53. NCO has filed thousands of unlawful consumer collection lawsuits making false statements, using false documents and with full knowledge that many lawsuits were being filed well beyond the applicable period of limitations.

54. This lawsuit against Mr. Hrivnak is one of the unlawful lawsuits described in the preceding paragraph.

55. In such lawsuits, NCO demand interest and costs.

56. Such lawsuits are based on debt allegedly acquired by NCO.

57. Such debt is already in default at the time it is so acquired by NCO.

58. At the time of acquisition and before filing the unlawful lawsuits, NCO know or should know about the lack of documentation as to the validity of the debt or to plead or prove liability for the amount claimed due, and the amount of interest contractually due.

59. The prices paid by NCO for the acquired debt reflect NCO's knowledge of the lack of such documentation.

60. NCO commence or cause to commence the unlawful lawsuits without adequate or reasonable investigation of the debt sought to be collected.

61. On information and belief, in order to conceal their inadequate investigation or to appear to meet pleading obligations, NCO and Javitch either fail to attach required documents to

filed pleadings or attach documents that falsely represent the amount due or the agreement under which a consumer is allegedly bound.

62. Through such false documents and associated language in the pleadings, NCO and Javitch implicitly represent the existence and availability of agreements that entitle NCO to claimed amounts.

63. In this case and other cases where Javitch has represented one of more of the NCO entities, or their affiliates, Javitch has itself taken the unlawful individual actions described in this Complaint.    Each such action violates consumer protection and other laws cited in this Complaint, independent and apart from any action that may be taken by NCO.

64. Each of the above described actions, and those upon which Mr. Hrivnak's claims are based, is a "Consumer Transaction" as defined in Ohio R.C. 1345.01(A) and similar consumer protection statutes.

65. On information and belief, NCO act in collaboration in the filing of unlawful lawsuits against consumers and to commit the unlawful acts described in this Complaint.

66. On information and belief, NCO also collaborate with others, such as Javitch, in the filing of unlawful lawsuits against consumers and to commit the unlawful acts described in this Complaint.

67. The claims made by NCO in its case against Mr. Hrivnak are false.

68. NCO has no claim against Mr. Hrivnak that would not be time-barred if filed on the same day that the Original Complaint in this case was filed.

69. Defendants NCO and Javitch knowingly made or caused to be made false statements in the Original Complaint as to the fact, nature and amount of the debt allegedly owed by Mr. Hrivnak.

70. NCO and Javitch knowingly made or caused to be made false statements in the Original Complaint as to the investigation they conducted to determine the truth of the claims made in the Original Complaint.

71. NCO and Javitch knowingly made or caused to be made false statements in the Original Complaint as to the efforts they made to meet obligations imposed upon them by the Ohio Rules of Civil Procedure.

72. NCO and Javitch filed the lawsuit against Mr. Hrivnak despite knowing that they were incompetent to do so because the statute of limitations had already expired.

73. NCO and Javitch concealed their incompetence to file the lawsuit despite being obligated to disclose such incompetence by the Ohio Rules of Civil Procedure.

74. NCO and Javitch demanded interest and costs in the lawsuit knowing that they did not have the ability to do so.

75. NCO and Javitch reported or caused to be reported inaccurate credit information about Mr. Hrivnak, as to the illegally filed lawsuit, which they knew or should have known was false.

## Class Allegations

76. Mr. Hrivnak repeats and realleges and incorporates by reference preceding paragraphs.

77. Counts One through Six and Counts Twelve through Fourteen of this Complaint are brought on behalf of Mr. Hrivnak and a class of Consumers, similarly situated to Mr. Hrivnak, who have been or may be subjected to Defendants' unlawful collection related practices.

78. There are two classes of Consumers, and Mr. Hrivnak is a member of both classes.

79. The first class of Consumers consists of all persons who were named as a defendant in a civil action in which "NCO Portfolio Management" was the named plaintiff, and which was filed outside of the four counties discussed in ¶ 30 above.

80. The second class of Consumers consists of all persons who were named as a defendant in a civil action, filed in Ohio, in which an NCO entity was the named plaintiff and which action was filed beyond the period of limitations.

81. Certification of a class under Ohio Civil Rule 23 is appropriate in that the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative party are typical of the claims of the class, and the representative will fairly and adequately protect the interests of the class.

82. The class is so numerous that joinder of all members is impracticable.

83. NCO, in collaboration with Javitch or others, has filed numerous cases without having the legal competence to do so.

84. It is therefore reasonable to infer that the number of class members exceeds those required for satisfaction of the numerosity requirement.

85. There are questions of law and fact common to the class, including the nature and extent of Defendants' collection practices, procedures and policies, and whether these practices, procedures and policies violate consumer protection laws including the Fair Debt Collection Practices Act.

86. These common questions of law or fact predominate over any questions affecting only individual members.

87. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

88. The claims and defenses of Mr. Hrivnak are typical of the claims and defenses of the class members.   All are based on the same legal and factual theories and predominant common questions.

89. Mr. Hrivnak will fairly and adequately protect the interest of the class.   He has a substantial pecuniary stake in the controversy, and has retained experienced counsel. Neither Mr. Hrivnak nor his counsel have any interests which might cause them not to vigorously pursue this action.

90. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

91. Each class member's claim is relatively small, thus it is impracticable for class members to file individual actions.   Also, because Defendants are well capitalized entities and effective presentation of the causes of action asserted requires significant expense, the interest of members of the class in individually controlling the prosecution or defense of separate actions is minimal.

92. NCO, in collaboration with Javitch and others, institute collection actions and secure default judgments against Consumers, thus Consumers are unaware of their rights.   A class action is therefore essential to prevent a failure of justice.

93. The difficulties likely to be encountered in the management of this class action are much

less than in the case of many types of actions routinely certified, such as class actions for securities fraud.

### Count One -    Class Claim: FDCPA

94.  Mr. Hrivnak repeats and realleges and incorporates by reference preceding paragraphs.

95.  NCO and Javitch are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

96.  NCO and Javitch violated the FDCPA through their consumer debt collection activities.

97.  Defendants' violations include, but are not limited to, the following:

    a.  Defendants violated 15 U.S.C. § 1692e when they commenced and maintained time-barred debt collection lawsuits against Mr. Hrivnak and class members, even though they did not have the legal right to do so.

    b.  Defendants violated 15 U.S.C. § 1692e and § 1692f when they made false, misleading and/or unfounded representations in lawsuits as to agreements under which a consumer was allegedly bound.

    c.  Defendants violated 15 U.S.C. § 1692f when they demanded payment for costs and interest in such lawsuits.

    d.  Defendants violated 15 U.S.C. § 1692e(8) by reporting or causing to report inaccurate credit information, as to the illegally filed lawsuits, which they knew or should have known was false.

    e.  Defendants violated 15 U.S.C. § 1692e, § 1692f and § 1692d when they employed a pattern and practice of filing invalid lawsuits, with inadequate investigation of the debt before filing the lawsuit, with the use of false documents and false representations with the improper motive of cheating unsuspecting or unsophisticated consumers.

98.  Mr. Hrivnak and the class suffered damages as a result of Defendants' violations.

99.  As a result of the violations of the FDCPA, Defendants are liable to Mr. Hrivnak and the class for declaratory judgment that Defendants' conduct violated the FDCPA, and actual damages, statutory damages, and costs and attorney's fees.

## Count Two - Class Claim: Deceptive, Unfair or Unconscionable Acts

100. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

101. Transactions between Defendants and the class are consumer transactions.

102. In connection therewith, Defendants knowingly committed unfair, deceptive and/or unconscionable acts or practices.

103. These acts of the Defendants, to violate OCSPA, have been determined by courts of this state to violate Ohio R.C. § 1345.02 or Ohio RC § 1345.03, and were committed by Defendants after such decisions were made available for public inspection under Ohio R.C. § 1345.05(A)(3).

104. Such conduct included:

   a. Actions taken in violation of FDCPA;

   b. Actions taken to commence and maintain debt collection lawsuits against the class members, even though they did not have the legal right to do so.

   c. Actions taken to commence and maintain debt collection lawsuits against the class members, with the use of false or misleading representations in such lawsuits;.

105. Mr. Hrivnak and the class suffered damages as a result of Defendants' violations.

## Count Three - Class Claim: Deceptive Trade Practices

106. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

107. Defendants knowingly engaged in deceptive trade practices in violation of Ohio R.C. §4165.02(A)(2), §4165.02(A)(3), §4165.02(A)(7), and §4165.02(A)(9) by misrepresenting the origin, nature and validity of the illegally filed lawsuits, and the monetary elements constituting the sums claimed as due from Mr. Hrivnak and the class he seeks to represent, and causing confusion as to affiliation, connection, or association of the party named as plaintiff in such lawsuits.

108. Mr. Hrivnak and the class were injured and are likely to suffer further injury as a result of the deceptive trade practices of the Defendants.

## Count Four -    Class Claim: Civil Conspiracy

109. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

110. NCO created joint collection platforms and strategies and acted in concert, with each other and with Javitch, under an agreement to commit the unlawful acts described above and in Counts Twelve and Thirteen below, and to initiate lawsuits in an unlawful manner.

111. In accordance with agreement, plan or understanding, one or more of the Defendants did commit the above described unlawful acts against Mr. Hrivnak and the class.

112. Mr. Hrivnak and the class suffered injury as a result of these actions.

113. Defendants therefore committed the tort of civil conspiracy.

## Count Five -    Class Claim: Abuse of Process

114. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

115. Defendants filed time-barred collection actions against consumers, including Mr. Hrivnak.

116. Defendants filed such actions for the improper purpose of placing unwarranted pressure upon consumers to make payments or face damage to their credit history, for the improper purpose of taking unfair advantage of unsophisticated consumers, or for the improper purpose of obtaining more money from consumers than Defendants' knew could possibly be due, owing or payable on an underlying obligation.

117. Consumers, like Mr. Hrivnak and the class he seeks to represent, have suffered and continue to suffer damage as a direct result of this wrongful use of process.

118. Defendants have therefore committed the tort of abuse of process.

119. Mr. Hrivnak and the class were injured as a result of Defendants' actions.

## Count Six -    Class Claim: Defamation

120. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

121. Defendants published false information about Mr. Hrivnak and the class by disseminating or causing information to be disseminated that these consumers were the subject of

legally authorized collection lawsuits.

122. Such defamatory information was published to the public, prospective employers, potential creditors, or merchants causing injury to the reputation generally and credit reputation in particular of Mr. Hrivnak and the class.

123. Mr. Hrivnak alleges that the publication of such defamatory information by Defendants was done maliciously, without privilege, and with intent to apply undue coercion and to injure Mr. Hrivnak and the class.

124. Defendants have therefore defamed Mr. Hrivnak and the class.

125. Mr. Hrivnak and the class suffer continuing injury from the defamatory publications by Defendants.

## Count Seven -   Individual Claim: FDCPA

126. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

127. Defendants falsely represented the amount and character of the alleged debt by falsely stating, in the Original Complaint, that Mr. Hrivnak owed $11,481.84 "on the contract." See Original Complaint ¶ 6.

128. Defendants violated the FDCPA, including 15 U.S.C. § 1692e(2)(A).

129. Mr. Hrivnak was injured as a result of the actions of Defendants.

## Count Eight -   Individual Claim: Ohio CSPA

130. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

131. Defendants also knowingly committed unfair, deceptive and/or unconscionable acts or practices through the above actions described under Count Seven, including actions taken in violation of statutory obligations.

132. Mr. Hrivnak was injured as a result of the actions of Defendants.

## Count Nine -   Individual Claim: Fraud

133. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

134. Defendants committed fraud by falsely stating, in the Original Complaint, that Mr. Hrivnak owed $11,481.84 "on the contract."   See Original Complaint ¶ 6.

135. Such false representations were made to the court and to Mr. Hrivnak.

136. The dates, times and place of such false representations are documented in the court docket for this case.

137. Defendants knew or should have known of the falsity of these representations.

138. Defendants made such false representations with the purpose and intention to mislead Mr. Hrivnak and the court.

139. Mr. Hrivnak and the court were justified in relying upon such representations and did so rely.

140. Mr. Hrivnak suffered damages as a proximate result of such reliance.

## Count Ten -    Individual Claim: Civil Conspiracy

141. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

142. Defendants created joint collection plans and strategies and acted in concert with each other and under an agreement to commit the unlawful acts described in Counts Seven through Nine and Eleven.

143. In accordance with agreement, plan or understanding, Defendants did commit the above described unlawful acts against Mr. Hrivnak.

144. Mr. Hrivnak suffered injury as a result of these actions.

145. Defendants therefore committed the tort of civil conspiracy.

## Count Eleven -  Individual Claim: Malicious Civil Prosecution

146. Mr. Hrivnak repeats and realleges and incorporates by reference preceding paragraphs.

147. Defendants maliciously filed and maintained proceedings, in this case, against Mr. Hrivnak without legal competence to do so and without probable cause.

148. This conduct resulted in Mr. Hrivnak suffering a seizure of property during the course of such proceedings due to credit damage or expenses incurred.

149. Portfolio has dismissed its lawsuit against Mr. Hrivnak, thus the proceedings against Mr.

Hrivnak have terminated in his favor.

150. Defendants have therefore committed the tort of malicious civil prosecution.

151. Mr. Hrivnak was injured as a result of the actions of the Defendants.

## Count Twelve - Additional Class Claim: FDCPA

152. Mr. Hrivnak repeats and realleges and incorporates by reference preceding paragraphs.

153. In addition to the FDCPA violations described in Count One, NCO and Javitch committed additional FDCPA violations including the following:

    a.  Defendants violated 15 U.S.C. § 1692e, § 1692f and § 1692d when they commenced and maintained debt collection lawsuits against Mr. Hrivnak and class members in the name of a fiction, even though they were legally incompetent to do so.

    b.  Defendants violated 15 U.S.C. § 1692e when they concealed or misrepresented the identity of the person initiating such lawsuits.

    c.  Defendants violated 15 U.S.C. § 1692e when they employed a deceptive name to initiate such lawsuits.

    d.  Defendants violated 15 U.S.C. § 1692f when they demanded payment for costs and interest in such lawsuits.

    e.  Defendants violated 15 U.S.C. § 1692e(8) by reporting or causing to report inaccurate credit information, as to the illegally filed lawsuits, which they knew or should have known was false.

154. Mr. Hrivnak and the class suffered damages as a result of Defendants' violations.

## Count Thirteen - Additional Class Claim: Deceptive, Unfair or Unconscionable Acts

155. Mr. Hrivnak repeats and realleges and incorporates by reference all the preceding paragraphs.

156. Transactions between Defendants and the class are consumer transactions.

157. In connection therewith, Defendants knowingly committed unfair, deceptive and/or unconscionable acts or practices.

158. These acts of the Defendants, to violate OCSPA, have been determined by courts of this state to violate Ohio R.C. § 1345.02 or Ohio RC § 1345.03, and were committed by

Defendants after such decisions were made available for public inspection under Ohio R.C. § 1345.05(A)(3).

159. In addition to the OCSPA violations described in Count Two, Defendants have also violated the OCSPA through conduct including:

    a. Actions, described in Count Twelve, taken in violation of FDCPA;

    b. Actions, described in Count Twelve, taken to commence and maintain debt collection lawsuits against the class members, even though they did not have the legal right to do so.

    c. Actions, described in Count Twelve, taken to commence and maintain debt collection lawsuits against the class members, with the use of false or misleading representations in such lawsuits.

160. Mr. Hrivnak and the class suffered damages as a result of Defendants' violations.

**Damages**

161. Mr. Hrivnak and each member of the class described above have been or may be injured by Defendants' unlawful acts and practices, in one or more of the following ways:

    a. Monetary, reputation or credit injuries.

    b. Expenditure of money, time or effort in resisting Defendants' illegal actions.

    c. Creation of an unlawful and fictitious indebtedness, for which the consumer is ostensibly liable.

    d. Payment of charges which are unreasonable, unnecessary or a penalty.

WHEREFORE, Mr. Hrivnak respectfully requests that judgment be entered against Defendants for the following:

    a. Award statutory, compensatory and punitive damages in an amount exceeding $25,000.00.

    b. Order Defendants to refrain from all debt collection activities for a period of time as the court in its discretion may determine.

    c. Order Defendants to establish procedures which will prevent attempts or actions to collect debt through conduct, as alleged in this case, which violates applicable federal or state laws.

   d. Order Defendants to operate according to procedures which will prevent attempts or actions to collect debt through conduct, as alleged in this case, which violates applicable federal or state laws.

   e. Award attorney's fees, costs, and expenses.

   f. Award any other relief to which Mr. Hrivnak and the class may be entitled to in law or equity.

   g. Make declaratory judgments and order such other and further relief as may be just and proper.

Defendant Hrivnak demands a jury to hear and decide all issues triable to a jury.

Respectfully submitted,

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752 3330
misraan@misralaw.com

Robert S. Belovich (#0024187)
5638 Ridge Road
Parma, Ohio 44129
(440) 884-8018
rsb@belovichlaw.com

Attorneys for Plaintiff

### Certificate of Service

I hereby certify that a copy of the foregoing was served on counsel for defendants: Franklin C. Malemud, Esq., Reminger Co., L.P.A., 1400 Midland Bldg., 101 Prospect Ave. West, Cleveland, OH 44115, and Michael D. Slodov, Esq., Javitch, Block & Rathbone LLP, 1100 Superior Ave, 19th Floor, Cleveland OH 44114-2518, on March 15, 2010, by facsimile transmission.

Anand N. Misra (#0067594)
One of the Attorneys for Plaintiff



# CERTIFICATE OF BUSINESS: FICTITIOUS FIRM NAME
### * THIS CERTIFICATE EXPIRES 5 YEARS FROM FILE DATE *

☐ Renewal          ☐ New Filing

THE UNDERSIGNED do(es) hereby certify that _____ I AM / WE ARE / IT IS _____
*Please circle one above*

conducting a _____ **BRIEF DESCRIPTION OF THE TYPE OF BUSINESS** _____ business at

**PHYSICAL BUSINESS ADDRESS (STREET ADDRESS, CITY & ZIP CODE)** *NO MAIL BOXES / MAIL DROPS*, Nevada

under the fictitious firm name of

_____ **NAME OF BUSINESS** _____

and that said firm is composed of the following person(s)     **OR**     and that said firm is composed of the following legal entity
whose full name(s) and street address(es) are as follows:     (on file with the Nevada Secretary of State) whose mailing
address and signing officer's name and title are as follows:

_____ **LIST NAME AND PHYSICAL ADDRESS OF OWNER(S)** _____     **LIST NAME (CORPORATE / LLC / OTHER) & ADDRESS OF OWNER(S)** _____

_____ **PLEASE REFER TO THE INSTRUCTIONS PAGE OF THIS SAMPLE** *form* **FOR** **COMPLETING THE OWNERSHIP PORTION OF THE CERTIFICATE** _____

Alternate Mailing Address: _____ **IF DESIRED, ENTER A MAILING ADDRESS FOR OWNER(S)** _____
**IF, FOR BANK OR BUSINESS LICENSE PURPOSES, YOU NEED TO**
Prior Related DBA Filing (if applicable): _____ **REFERENCE A PREVIOUSLY FILED FICTITIOUS FIRM NAME, DO SO HERE** _____

WITNESS my hand this _____ day of _____, 20 ____.

_____

_____

_____

*Signature(s) of: owner(s), partners or authorized officer*

STATE OF _____ )
                          ) ss.     **NOTARY MUST COMPLETE LOWER PORTION OF THIS DOCUMENT**
COUNTY OF _____ )

On this _____ day of _____, 20 ____ personally appeared before me, a Notary Public,

_____
**NAME OF INDIVIDUAL(S) WHOSE SIGNATURE IS BEING NOTARIZED**

who acknowledged that he executed the above instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official stamp at my office in the County of

_____ the day and year in this certificate first above written.

_____
Signature of Notary Public

Rev. 08/07

### *** SUBMIT ORIGINAL, THREE COPIES, AND $20.00 FILING FEE ***

**Exhibit 2 - Page 1**

PURSUANT TO NRS 602.010 EVERY PERSON (OR ENTITY) DOING BUSINESS IN THIS STATE UNDER AN ASSUMED OR FICTITIOUS NAME WHICH DOES NOT INDICATE THE REAL NAME OF EACH PERSON WHO OWNS AN INTEREST IN THE BUSINESS MUST FILE WITH THE COUNTY CLERK OF EACH COUNTY IN WHICH THE BUSINESS IS BEING CONDUCTED A CERTIFICATE CONTAINING THE INFORMATION REQUIRED BY NRS 602.020.

*The purpose of the fictitious name statute is to prevent fraud and to inform*
*the public of the true identity of those with whom the public conducts business.*

TO COMPLETE THE OWNER SECTION, IF AN OWNER IS:

<u>INDIVIDUAL(S)</u>: STATE FULL NAME AND STREET ADDRESS.  ALL OWNERS MUST BE LISTED AND SIGN.

<u>CORPORATION:</u> STATE THE FULL CORPORATE NAME AND ADDRESS.  STATE THE NAME AND TITLE OF THE OFFICER SIGNING FOR THE CORPORATION.

<u>LIMITED LIABILITY COMPANY:</u> STATE THE FULL LIMITED LIABILITY COMPANY NAME AND ADDRESS.  STATE THE NAME OF THE MANAGER/MEMBER.  IF A MANAGING MEMBER HAS NOT BEEN DESIGNATED, STATE THE NAME OF THE MEMBER SIGNING FOR THE LIMITED LIABILITY COMPANY AND STATE "MEMBER" AFTER THE NAME.

<u>LIMITED PARTNERSHIP:</u> STATE THE FULL LIMITED PARTNERSHIP NAME AND ADDRESS.  A GENERAL PARTNER MUST SIGN FOR THE LIMITED PARTNERSHIP.  STATE THE NAME AND TITLE OF THE GENERAL PARTNER AND DESIGNATE "GENERAL PARTNER" AFTER THE NAME.

<u>GENERAL PARTNERSHIP:</u> STATE FULL NAME AND STREET ADDRESS OF EACH PARTNER.  EACH PARTNER MUST SIGN.

<u>TRUST:</u> STATE FULL NAME OF THE TRUST.  STATE THE NAME AND STREET ADDRESS OF EACH TRUSTEE, AND DESIGNATE "TRUSTEE" AFTER EACH NAME.  ALL TRUSTEES MUST SIGN.

<u>BUSINESS TRUST:</u> STATE FULL NAME (AS IT APPEARS IN THE RECORDS OF SECRETARY OF STATE) AND MAILING ADDRESS OF THE BUSINESS TRUST.  STATE THE NAME AND TITLE OF THE TRUSTEE SIGNING FOR THE BUSINESS TRUST.

- A BUSINESS TRUST THAT IS NOT ON FILE WITH SECRETARY OF STATE OF NEVADA IS TREATED AS A PERSONAL TRUST, ALL TRUSTEES MUST BE LISTED, WITH ADDRESSES, AND ALL MUST SIGN THE DOCUMENT.

### ALL SIGNATURES MUST BE NOTARIZED

HELPFUL INFORMATION:

* MULTIPLE OWNERS SHOULD ALL BE LISTED AND ALL SIGN ON THE SAME DOCUMENT.

* ALL CORPORATIONS, LIMITED LIABILITY COMPANIES, BUSINESS TRUSTS, LIMITED PARTNERSHIPS AND NON-PROFIT ORGANIZATIONS MUST BE ON FILE WITH THE SECRETARY OF STATE OF NEVADA AND MUST BE IN "GOOD STANDING" STATUS. (CONTACT CLERK'S OFFICE FOR ADDITIONAL FORMS:  I.E. EXEMPTION .)

* POST OFFICE BOXES AND PRIVATE MAIL BOXES/DROPS CANNOT BE USED IN LIEU OF A STREET ADDRESS.

* THE REAL ESTATE DIVISION REQUIRES PRIOR APPROVAL OF THE BUSINESS NAME.

* IT IS SUGGESTED THAT CONTRACTORS HAVE NAME APPROVAL BY THE NEVADA CONTRACTORS BOARD PRIOR TO THIS FILING.

* INSURANCE BUSINESSES MUST HAVE THE REQUIRED LICENSING, OR AN APPLICATION PENDING, WITH THE NEVADA DIVISION OF INSURANCE PRIOR TO THIS FILING.

* FINANCE RELATED BUSINESSES MUST HAVE THE REQUIRED LICENSING, OR AN APPLICATION PENDING, WITH THE NEVADA DIVISION OF FINANCIAL INSTITUTIONS PRIOR TO THIS FILING.

PLEASE SUBMIT AN <u>ORIGINAL AND 3 COPIES</u>, WITH <u>$20.00 FILING FEE</u> TO:

| MAIL: | WASHOE COUNTY CLERK | OVERNIGHT: | WASHOE COUNTY CLERK |
|---|---|---|---|
| | PO BOX 30083 | | 75 COURT ST, ROOM 131 |
| | RENO, NV 89520-3083 | | RENO, NV 89501-1982 |

QUESTIONS? CALL (775) 328-3270

Revised 9/30/2008

# Exhibit 2 - Page 2

# CERTIFICATE OF BUSINESS: FICTITIOUS FIRM NAME
### * THIS CERTIFICATE EXPIRES 5 YEARS FROM FILE DATE *

☐ Renewal          ☐ New Filing

THE UNDERSIGNED do(es) hereby certify that _____

*Please circle one above*

conducting a _____ business at

_____, Nevada

_____
(STREET ADDRESS, CITY & ZIP CODE)

under the fictitious firm name of

_____

and that said firm is composed of the following person(s) **OR** and that said firm is composed of the following legal entity
whose full name(s) and street address(es) are as follows:     (on file with the Nevada Secretary of State) whose mailing
address and signing officer's name and title are as follows:

_____     _____

_____     _____

_____     _____

_____     _____

Alternate Mailing Address: _____

Prior Related DBA Filing (if applicable): _____

WITNESS my hand this _____ day of _____, 20 ____.

_____

_____

_____

_____
*Signature(s) of: owner(s), partners or authorized officer*

STATE OF _____ )
                          ) ss.
COUNTY OF _____ )

On this _____ day of _____, 20 ___ personally appeared before me, a Notary Public,

_____
(NAME OF INDIVIDUAL(S) WHOSE SIGNATURE IS BEING NOTARIZED)

who acknowledged that he executed the above instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official stamp at my office in the County of

_____ the day and year in this certificate first above written.

_____
Signature of Notary Public

Rev. 08/07

**Exhibit 2 - Page 3**

**NCO GROUP, INC. AND ITS SUBSIDIARIES**

**CORPORATE ENTITY INFORMATION**

(Revised July 31, 2009)

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |

NCO-004

**Exhibit 3 - Page 1**

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX I.D NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| Creditrust SPV2, LLC<br>Prior Name: None<br>Minute Book: BR LLP<br>Tax ID #52-2103305<br>Assumed Name: NCO Portfolio Management (filed in 3 DE counties) | Delaware -<br>June 17, 1998 | 1201 Market Street<br>Suite 800<br>Wilmington, Delaware<br>19801 | Unlimited No. of Units<br>Class A Units<br>Class B Unit | Michael J. Barrist<br>Michael B. Meringolo<br>Joshua Gindin | Michael J. Barrist - Chief Financial Officer and President<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Chief Financial Officer and Treasurer<br>Joshua Gindin - Secretary | NCO Portfolio Management, Inc. – 100%<br>(Units not certificated/pledged)<br><br>*No Actions – unless changes* |
| Creditrust SPV98-2, LLC<br>Prior Name: None<br>Minute Book: BR LLP<br>Tax ID #52-2135552<br>Assumed Name: NCO Portfolio Management (filed in 3 DE counties) | Delaware -<br>December 21, 1998 | 1201 Market Street<br>Suite 800<br>Wilmington, Delaware<br>19801 | Unlimited No. of Units | Michael J. Barrist<br>Michael B. Meringolo<br>Joshua Gindin | Michael J. Barrist - Chief Financial Officer and President<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Chief Financial Officer and Treasurer<br>Joshua Gindin - Secretary | NCOP Holdings, LLC – 100%<br>(Units not certificated/pledged)<br><br>*No Actions – unless changes* |
| Creditrust SPV 99-1, LLC<br>Prior Name: None<br>Minute Book: BR LLP<br>Tax ID #52-2187782<br>Assumed Name: NCO Portfolio Management (filed in 3 DE counties) | Delaware -<br>August 24, 1999 | 1201 Market Street<br>Suite 800<br>Wilmington, Delaware<br>19801 | Unlimited No. of Units | Michael J. Barrist<br>Michael B. Meringolo<br>Joshua Gindin | Michael J. Barrist - Chief Financial Officer and President<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Chief Financial Officer and Treasurer<br>Joshua Gindin - Secretary | NCOP Nevada Holdings, Inc. – 100%<br>(Units not certificated/pledged)<br><br>*No Actions – unless changes* |

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX I.D NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP Capital, Inc.<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax I.D #41-2067744<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>November 20, 2002 | 2520 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 1,000 @ $1.00 | Albert Zezulinski (10/5/06)<br>Michael B. Meringolo<br>Joshua Gindin<br>Richard J. Palmer<br>Candace R. Corra (5/1/04) | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin—Secretary<br>Candace R. Corra – Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100 (not pledged)<br><br>*Annual Actions by Candy Corra* |

101358.00100/10916644v.19

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP Capital I, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #05-0619039<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - March 28, 2005 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 72<br>CTSC Capital Corp. LXIV - 28 (not pledged)<br><br>*No Actions - unless changes* |
| NCOP Capital II, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #11-3757348<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - July 26, 2005 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 100 (pledged 4/06)<br><br>*No Actions - unless changes* |
| NCOP Capital III, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #11-3814547<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - May 30, 2007 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Officers not provided for in the operating agreement | NCOP Nevada Holdings, Inc. - 50<br>CVI GVF Finco, LLC - 50<br><br>*No Actions - unless changes* |
| NCOP Capital IV, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #42-1738117<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - August 23, 2007 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 100<br><br>*No actions - unless changes* |
| NCOPCF, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #72-1605884<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - August 25, 2005 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 75<br>CTSC Capital Corp. LXIV - 25 (not pledged)<br><br>*No actions - unless changes* |
| NCOP/CF II, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #11-3814551<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - May 30, 2007 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Officers not provided for in the operating agreement | NCOP Nevada Holdings, Inc. - 75<br>CVI GVF Finco, LLC - 25<br><br>*No actions - unless changes* |

101358.00100/10916644v.19

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP Lakes, Inc.<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #52-3200747<br>Tax ID #06-1642991<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>July 24, 2002 | 2320 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 1,000 @ $1.00 | Albert Zezulinski (10/5/06)<br>Michael B. Meringolo<br>Joshua Gindin<br>Richard J. Palmer<br>Candace R. Corra (5/1/04) | Albert Zezulinski – President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Joshua Gindin – Secretary<br>Candace R. Corra – Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100 (pledged 8/02)<br><br>*Annual Actions by Candy Corra* |
| NCOP I, LLC<br>Prior Name: NCOP I, Inc.<br>Minute Book: Candy Corra<br>Tax ID #52-3200747<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>February 8, 2001<br><br>*Converted from Inc. to LLC 2/29/09 | 2320 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Corra (2/27/09) | Albert Zezulinski – President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Joshua Gindin – Secretary<br>Candace R. Corra – Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100% (Cert #1 pledged 3/09)<br><br>*No actions – unless changes* |
| NCOP II, LLC<br>Prior Name: NCOP II, Inc.<br>Minute Book: Candy Corra<br>Tax ID #52-2500742<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>February 8, 2001<br><br>*Converted from Inc. to LLC 2/29/09 | 2320 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Corra (2/27/09) | Albert Zezulinski – President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Joshua Gindin – Secretary<br>Candace R. Corra – Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100% (Cert #1 pledged 3/09)<br><br>*No Actions – unless changes* |
| NCOP III, LLC<br>Prior Name: NCOP III, Inc.<br>Minute Book: Candy Corra<br>Tax ID #52-3200742<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada -<br>February 8, 2001<br><br>*Converted from Inc. to LLC 2/29/09 | 2320 Saint Rose Pkwy<br>Suite 212<br>Henderson, Nevada<br>89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Corra (2/27/09) | Albert Zezulinski – President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo – Vice President and Assistant Secretary<br>Richard J. Palmer – Treasurer (Chief Financial Officer)<br>Joshua Gindin – Secretary<br>Candace R. Corra – Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. – 100% (Cert #1 pledged 3/09)<br><br>*No Actions – unless changes* |

101358.00100/10916544v.19

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP IV, LLC<br>Prior Name: NCOP IV, Inc.<br>Minute Book: Candy Corra<br>Tax ID #37-1431981<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - July 16, 2002<br>*Converted from Inc. to LLC 2/26/09 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Corra (2/27/09) | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. - 100% (Cert #1 pledged 3/09)<br><br>*No Actions - unless changes* |
| NCOP V, LLC<br>Prior Name: NCOP V, Inc.<br>Minute Book: Candy Corra<br>Tax ID #22-3883319<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - November 12, 2002<br>*Converted from Inc. to LLC 2/26/09 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Corra (2/27/09) | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. - 100% (Cert #1 pledged 3/09)<br><br>*No Actions - unless changes* |
| NCOP VI, LLC<br>Prior Name: NCOP VI, Inc.<br>Minute Book: Candy Corra<br>Tax ID #57-1192501<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - November 17, 2003<br>*Converted from Inc. to LLC 2/26/09 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Corra (2/27/09) | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. - 100% (Cert #1 pledged 3/09)<br><br>*No Actions - unless changes* |
| NCOP VII, LLC<br>Prior Name: NCOP VII, Inc.<br>Minute Book: Candy Corra<br>Tax ID #35-2239667<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - November 23, 2004<br>*Converted from Inc. to LLC 2/26/09 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. (2/27/09)<br>Albert Zezulinski (2/27/09)<br>Michael B. Meringolo (2/27/09)<br>Joshua Gindin (2/27/09)<br>Richard J. Palmer (2/27/09)<br>Candace R. Corra (2/27/09) | Albert Zezulinski - President (Chief Executive Officer) (10/5/06)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary (5/1/04) | NCOP Nevada Holdings, Inc. - 100% (Cert #1 pledged 3/09)<br><br>*No Actions - unless changes* |
| NCOP VIII, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #03-0578075<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - January 10, 2006 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Officer)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 100% (Cert #1 pledged 4/06)<br><br>*No Actions - unless changes* |
| NCOP IX, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #20-5599942<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - November 27, 2006 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Officer)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 100% (units not certificated, but interest is pledged)<br><br>*No Actions - unless changes* |
| NCOP X, LLC<br>Prior Name: None<br>Minute Book: Candy Corra<br>Tax ID #31-1551594<br>Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada - December 12, 2007 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski - President (Chief Executive Officer)<br>Michael B. Meringolo - Vice President and Assistant Secretary<br>Richard J. Palmer - Treasurer (Chief Financial Officer)<br>Joshua Gindin - Secretary<br>Candace R. Corra - Assistant Secretary | NCOP Nevada Holdings, Inc. - 100% (Cert #1 pledged 2/29/08)<br><br>*No Actions - unless changes* |

101358_00100/1091664v.19

| COMPANY NAME, PREVIOUS NAME, MINUTE BOOK LOCATION, TAX ID NUMBER AND ASSUMED NAME | JURISDICTION AND DATE OF FORMATION | PRINCIPAL OFFICE ADDRESS | AUTHORIZED SHARES AND PAR VALUE | DIRECTORS OR MANAGERS | OFFICERS | SHAREHOLDER INFORMATION, ISSUED SHARES AND ANNUAL ACTIONS |
|---|---|---|---|---|---|---|
| NCOP XI, LLC Prior Name: None Minute Book: Candy Corra Tax ID #26-3305942 Assumed Name: NCO Portfolio Management (Filed in Nevada) | Nevada – December 1, 2008 | 2520 Saint Rose Pkwy Suite 212 Henderson, Nevada 89074 | 100 Units | NCOP Nevada Holdings, Inc. | Albert Zezulinski – President (Chief Executive Officer) Michael B. Meringolo – Vice President and Assistant Secretary Richard J. Palmer – Treasurer (Chief Financial Officer) Joshua Onifer – Secretary Candace E. Corra – Assistant Secretary | NCOP Nevada Holdings, Inc. – 100 units

*Annual Actions by Candy Corra* |