UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER G. HRIVNAK,** | : | No. 1:10-CV-646 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **NCO PORTFOLIO MANAGEMENT, Inc.,** *et al.*, | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court is Defendant Javitch, Block & Rathbone, LLP, ("Javitch")'s Motion for Reconsideration or for a Certificate to Appeal an Interlocutory Order. (Doc. 33.) As explained below, this motion is **DENIED** in part and **GRANTED** in part.

### I. PROCEDURAL HISTORY

On June 4, 2009, NCO Portfolio Management ("NCM") filed an action in Bedford Municipal Court against Christopher G. Hrivnak. On July 9, 2009, Hrivnak filed an Answer and Counterclaim. Hrivnak's counterclaims included a claim under the Fair Debt Collection Practices Act ("FDCPA"), and added several new parties to the action as counterclaim defendants: NCO Portfolio Management, Inc. ("NPI"); NCO Group, Inc. ("NGI"); NCO Financial Systems, Inc. ("NFS"); and Javitch.

The Defendants then filed a motion before the municipal court seeking to dismiss Hrivnak's counterclaims. Rather than dismiss the claims, the Bedford Municipal Court transferred this action to the Cuyahoga County Court of Common Pleas, as the counterclaim sought monetary relief exceeding the Municipal Court's jurisdiction. The Defendants renewed their motion to dismiss Hrivnak's counterclaim, which this time was denied.

On October 26, 2009, NPM filed an Answer to Hrivnak's counterclaim.

Some discovery was conducted, and, on January 8, 2010, NPM moved to dismiss its own complaint. This motion was granted, and, on January 19, 2010, Javitch filed a motion asking the state court to realign the parties. Hrivnak opposed this motion, asserting that it was an improper attempt to vest this Court with jurisdiction. On February 11, 2010, however, the Common Pleas Court granted Javitch's motion, and instructed Hrivnak to "file a complaint asserting his affirmative claims for relief."

On March 15, 2010, Hrivnak filed a complaint as instructed by the state court. Pursuant to the state court's realign order, Original-Defendant Hrivnak was now identified as the Plaintiff, and Original-Plaintiff NCM and Original-Counterclaim Defendants NPI, NGI, NFS, and Javitch were now identified as defendants.

On March 29, 2010, Javitch, with the consent of the other defendants (including Original-Plaintiff NCM), filed a removal notice with this Court.

On March 31, 2010, Javitch presented Hrivnak with what NPM and Javitch captioned as an offer of judgment.

On April 14, 2010, Hrivnak moved to remand this case. That same day, he filed a motion to strike Javitch's putative "Offer of Judgment."

On July 19, 2010, the Court issued a ruling on Hrivnak's pending motions. It declined to remand the case or to literally "strike" Javitch's Rule 68 offer of judgment. In its ruling, however, the Court held that Javitch had not mooted the case.

On July 20, 2010, Javitch filed the pending motion, seeking reconsideration of a portion of the Court's July 19 Order.

**II. DISCUSSION**

The question posed by Javitch's Motion for Reconsideration is whether a defendant in a putative class-action may moot that action by presenting an offer of judgment under Rule 68 two days after the suit is removed to federal court. (*See* Doc. 31 at 13-17.) At issue is "[t]he interplay between Rule 68 and Rule 23 of the Federal Rules of Civil Procedure." *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 624 (6th Cir. 2005). Rule 68 states:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

Fed. R. Civ. P. 68. This Rule was drafted "to encourage settlement and avoid litigation." *Carroll*, 399 F.3d at 624 (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)).

On the other hand, Rule 23 provides that "one or more members of a class may sue or be sued as representative parties on behalf of all members." Fed. R. Civ. P. 23(a). The Supreme Court has explained:

> The use of the class-action procedure for litigation of individual claims may offer substantial advantages for named plaintiffs; it may motivate them to bring cases that for economic reasons might not be brought otherwise. . . . For better or worse, the financial incentive that class actions offer to the legal profession is a natural outgrowth of the increasing reliance on the "private attorney general" for the vindication of legal rights; obviously this development has been facilitated by Rule 23.

*Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338 (1980) (footnotes omitted).

These two rules are sometimes in tension with each other. It is normally said that "an offer of judgment that satisfies a plaintiff's entire demand moots the case." *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 574 (6th Cir. 2009); *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (Posner, J.) ("You cannot persist in suing after you've won."). Rule 68 operates

3

differently in the class action context, however, and "special mootness rules exist . . . ." *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993). For example, "a Rule 68 offer of judgment in a case where class certification is pending but has not yet been granted" will not moot the putative class action. *Carroll*, 399 F.3d at 624; *see also Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004) ("[I]n certain circumstances, to give effect to the purposes of Rule 23, it is necessary to conceive of the named plaintiff as a part of an indivisible class and not merely a single adverse party even before the class certification question has been decided.").

### A. The Court's July 19, 2010 Order

While no Sixth Circuit or Supreme Court case considers the exact factual situation presented by this case, the parties briefed this issue previously, each relying upon the same legal standard. Specifically, the parties agreed that "a settlement offer will not moot the named plaintiffs' claims so long as the plaintiffs have not been dilatory in bringing their certification motion." *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008). Instead of debating the applicability of *Stewart*, their briefing focused on the factual circumstances of the case. Javitch took the position that Hrivnak had been dilatory in bringing his motion for class certification because Hrivnak had not filed such a motion while this case was pending in state court, whereas Hrivnak took the position that diligence should be measured from the time of removal to federal court.

After the close of briefing, Javitch filed a "Notice of Additional Authority." (Doc. 29.) This filing seemed to suggest, without expressly so arguing, that Javitch wished the Court to reject *Stewart* and to conclude that an offer of judgment moots a putative class action plaintiff's claims under all circumstances, including those in which a plaintiff has been diligent in pursuing certification. (*See* Doc. 29 (citing *Lucero v. Bureau of Collection Recovery, Inc.*, No. 09-0532, 2010 U.S. Dist. LEXIS 52288, at \*15-19 (D.N.M. May 6, 2010))).

4

In its July 19 Order, this Court declined to adopt Javitch's arguments. First, the Court rejected the contention that Hrivnak had somehow delayed in moving for class certification:

> Javitch and NCM tendered their Offer of Judgment two days after the case was removed to federal court.  Even assuming that Hrivnak should be able to tender a well-supported motion for class certification in the very near future, an assumption about which the Court does not rule at this time given its lack of familiarity with the state court proceedings, Hrivnak was not required to have a class certification motion "at the ready," on the chance that he lost his opposition to realignment before the state court.  The Court observes, indeed, that the Offer of Judgment was filed even before the Defendants tendered their answers.  *See McDowall*, 216 F.R.D. at 51 n.5 ("Here . . . defendant interposed an offer of judgment immediately, even prior to answering.  It left plaintiff no opportunity to move for class certification.").

(Doc. 31 at 15-16) (emphasis in original).  Second, the Court made clear that it was not persuaded to reject *Stewart* based on Javitch's Notice of Additional Authority, and it would instead adopt the reasoning in *Stewart*.  (Doc. 31 at 16.)  Specifically, the Court found that if the putative class representatives' claims could be mooted by a Rule 68 offer prior to filing of a class certification memorandum, then defendants could opt out of class actions; potential class members would be forced to file individual suits, which would waste judicial resources; parties in a putative class action would race to either file a premature motion for class certification or make a Rule 68 offer; and the interest of putative class representatives would be adverse to potential class members.  (*Id.* at 16-17 (citing *Stewart*, 252 F.R.D. at 386).)

**B.  Javitch's July 20, 2010 Motion for Reconsideration**

One day after the Court's July 19, 2010 Order, Javitch moved for reconsideration of the portion of the Court's order following *Stewart*, the very legal standard Javitch originally urged the Court to employ.  (Doc. 33.)[1]  In its motion, Javitch claims that a recent decision in this district,

---

[1] Javitch's assertion that it was required to submit a motion for reconsideration "[b]ecause *Valentine* [a case on which Javitch relies heavily] was unavailable until after briefing" is puzzling; *Valentine* was issued on June 23, 2010, a month before this Court's order.

5

*Valentine v. Check Plus Sys., L.P.*, No. 5:09cv1987, 2010 U.S. Dist. LEXIS 63258, at *13-14 (N.D. Ohio June 23, 2010), demonstrates that *Stewart* was decided wrongly.  Javitch is mistaken.

### 1. Not All Rule 68 Offers Made Prior to Certification Can Moot a Putative Class Action

As a threshold matter, Javitch claims that a Rule 68 offer of judgment divests a district court of subject matter jurisdiction any time that offer is made prior to the district court's *grant* of class certification.  (Doc. 33 at 4.)  It cites, in particular, a case from the District of New Mexico as setting forth the proper standard within the Sixth Circuit and claims that "a district court 'does not have jurisdiction over a case where no class has been certified but the defendant has satisfied the plaintiff's demand for relief.' " (*Id.* (quoting *Lucero*, 2010 U.S. Dist. LEXIS 52288, at *32).)  This is not the rule, however.

The Sixth Circuit has made it clear that there *are* circumstances in which a Rule 68 offer of judgment cannot moot a putative class action.  *Carroll*, 399 F.3d at 624; *accord Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045 (5th Cir. 1981).  Once a motion for class certification is pending, for example, a defendant may not subsequently divest a court of subject matter jurisdiction through a Rule 68 offer of judgment.  *Carroll*, 399 F.3d at 625 ("If a tender made to the individual plaintiff while the motion for certification is pending could prevent the courts from ever reaching the class action issues, that opportunity is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate." (quoting *Brunet*, 1 F.3d at 400)).[2]  While the Sixth Circuit has not yet considered whether the principle announced in *Carroll* extends to the period prior to the filing of a motion for class certification, it is clear that there are at least *some* circumstances under

---

[2] While, as discussed below, *Brunet* contains strong dicta stating that when "the named plaintiff's claim becomes moot before certification, dismissal of the action is required," *Brunet*, 1 F.3d at 399, the Sixth Circuit made clear in *Carroll* that this apparently clear language is not without exception.  *See Carroll*, 399 F.3d at 625; *cf. O'Brien*, 575 F.3d at 574-75 ("Our decision does not implicate . . . the situation when the lead plaintiff timely moves for collective certification, because the motion relates back to the lead plaintiff's filing of the complaint." (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 922 (5th Cir. 2008)).

6

which it is appropriate to "conceive of the named plaintiff as a part of an indivisible class and not merely a single adverse party even before the class certification question has been decided." *Weiss*, 385 F.3d at 347; *see Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 852 (W.D. Ky. 2007) ("The Sixth Circuit acknowledged that sometimes a case does not become moot when a defendant 'picks off' the claims of named plaintiffs with settlement offers in an attempt to avoid a class action.").

### 2. Rule 68 Does Not Moot a Putative Class Action When an Offer of Judgment is Made Prior to Filing an Answer

Only one circuit has considered whether the named plaintiff can be considered part of "an indivisible class" prior to the filing of a motion for class certification, concluding that he or she can. *See Weiss*, 385 F.3d at 347. It appears that the majority of district courts are in accord with *Weiss*, moreover. *See, e.g., Stewart*, 252 F.R.D. at 386; *Everett v. MCI, Inc.*, No. 05-2122, 2006 U.S. Dist. LEXIS 71871, at *19 (D. Ariz. Sept. 29, 2006) ("[T]he Court finds the Third Circuit's reasoning to be persuasive . . . ."); *see also Capote v. United Collection Bureau, Inc.*, No. 09-61834, 2010 U.S. Dist. LEXIS 36948, at *3-4 (S.D. Fla. Mar. 11, 2010) ("It is . . . well-recognized that a Rule 68 offer of judgment to a plaintiff does not moot a case brought as a class action pursuant to Rule 23 prior to a determination on class certification."). While this is not the only view, it seems to be prevalent one. *See, e.g.*, *Schaake v. Risk Mgmt. Alts., Inc.*, 203 F.R.D. 108, 111 (S.D.N.Y. 2001) (collecting cases). *But see Lucero*, 2010 U.S. Dist. LEXIS 52288, at *32 ("Because there is no class, Lucero's only legal interest at the time the offer of judgment was made, and now, is in his own claim, and Lucero cannot deny an offer which fully satisfies his claim and then maintain that he still has a personal stake in the outcome of the lawsuit."); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 77-78 (E.D.N.Y. 2008) (collecting cases).

While the Sixth Circuit has never addressed this precise issue, Sixth Circuit precedent relevant to the resolution of this issue does exist. In *Brunet*, a group of male applicants for positions in a city fire department brought an action challenging the constitutionality of a consent decree

7

governing the hiring of male and female applicants to the city fire department. *Brunet*, 1 F.3d at 395. Prior to Plaintiff's filing suit, the City made a settlement offer to plaintiffs Tudor and Meyer "to expand the August, 1991 class from 36 to 38 firefighters in order to include them both." *Id.* at 389. Tudor and Meyer rejected the offered and filed their complaint. *Id.* On July 30, 1991, the court ordered that, "pursuant to the City's offer, the class that would begin training on Monday, August 19, 1991, would be expanded from 36 to 38 firefighters and include Tudor, Meyer . . . ." *Id.* On August 20, 1991, the class began training with Meyer and Tudor in attendance. *Id.* After the court entered a final judgment in favor of the male applicants, the female plaintiffs who obtained the consent decree appealed the ruling, arguing that the male plaintiffs lacked standing to bring their action and to act as class representatives. *Id.* at 396. With respect to Tudor and Meyer, the Sixth Circuit held they lacked standing to contest the hiring procedures at the time of class certification. *Id.* at 399. In reaching this conclusion, the Sixth Circuit emphasized that, "both *before the motion to certify was even filed* and at the time the court certified the class, neither Meyer nor Tudor had a personal stake in being hired." *Id.* at 400 (emphasis in original). Meyer and Tudor lacked a personal stake because their claims were voluntarily mooted: "Tudor and Meyer's claims were not mooted by the City's settlement offer or by this Court's order to expand the class. Their hiring claims were mooted, however, when Tudor and Meyer entered the August, 1991 class." *Id.*

Javitch cites *Brunet* for the proposition that a district court does not have jurisdiction over a case where the class has not been certified, but the defendant has satisfied the plaintiff's demand for relief. (Doc. 33 at 4.) The relevant portion of *Brunet* states,

> *[o]nce a class is certified*, the mooting of the named plaintiff's claim does not moot the action, the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists. Where, on the other hand, the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required.

8

*Id.* at 399 (citations omitted) (emphasis in original). Of course, if the holding of *Brunet* stands for this broad proposition, then the Court must find the Rule 68 offer mooted plaintiff's claim.

For several reasons, however, it is clear that *Brunet* does not stand for this broad proposition. First, by *Brunet's* own terms, this broad language was narrowed by the opinion itself. As the Sixth Circuit highlighted in *Carroll*,

> the *Brunet* court in fact distinguished between cases that are settled before a motion for class certification is filed and cases where a settlement offer is made to a named plaintiff while a motion for class certification is pending. "If a tender made to the individual plaintiff while the motion for certification is pending could prevent the courts from ever reaching the class action issues, that opportunity is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate."

*Carroll*, 399 F.3d at 625 (quoting *Brunet*, 1 F.3d at 400).

In *Carroll*, consumers filed a class action lawsuit alleging that a debt collector's practices violated the FDCPA. *Carroll*, 399 F.3d at 622. After the consumers moved for class certification, the debt collector tendered a Rule 68 offer of judgment to the named consumers and the putative class. *Id.* Prior to the named consumers accepting the offer of judgment, the debt collector moved for dismissal of the complaint because "once [the debt collector] made an offer of judgment to the [named consumers] that equaled or exceeded the statutory maximum recovery, their claims were satisfied and the case was therefore rendered moot." *Id.* at 624. On these facts, the Sixth Circuit held that the named consumers' complaint was not moot. *Id.* Distinguishing *Brunet*, the court stated that, "[a]lthough *Brunet* did not involve a Rule 68 offer of judgment or the FDCPA, the court suggested that it would be inappropriate to hold that a case was mooted by a settlement offer made to a named plaintiff when a motion for class certification was pending." *Id. Carroll*, accordingly, makes it clear that *Brunet* does not stand for the proposition Javitch proposes.

*Brunet*, moreover, must be read in light of its facts. As noted in *Carroll*, *Brunet did not* involve a Rule 68 offer for judgment. As a consequence of this fact and, more importantly for the case at bar, the fact that *Brunet* involved a situation where plaintiffs voluntarily mooted their claims

9

by taking *unilateral* actions that were inconsistent with their claim for relief, *Brunet* simply does not mandate the result Javitch urges. *Brunet*, 1 F.3d at 400. As *Brunet* itself stated, the plaintiffs' claims were not mooted by the mere fact of the City's settlement offer; the claims were mooted by the voluntary decision on plaintiff's part to join the next class of recruits. *Id.* Nor were their claims mooted when the court ordered the City to expand the size of the training class, thus ordering the City to adopt the terms of the settlement offered to Tudor and Meyer. *Id.* at 398, 400. There is a fundamental difference between a plaintiff voluntarily mooting his or her case by accepting a proffered settlement, and a defendant forcefully mooting a case, with respect to named and putative class members, by tendering a Rule 68 offer of judgment to the named plaintiffs. In the first situation, the picking off scenario described in *Brunet* is not implicated. In the latter situation, on the other hand, the dangers of picking off are in sharp focus. As the Fifth Circuit noted "[b]y tendering to the named plaintiffs' the full amount of their personal claims each time suit is brought as a class action, the defendants can in each successive case moot the named plaintiffs' claims before a decision on certification is reached." *Zeidman*, 651 F.2d at 1050. In essence, this strategy could prevent a class action because a court could never reach the merits of class certification. As a consequence of this fundamental factual distinction, *Brunet* must be read in light of its facts.

    *Brunet*, finally, actually stands for the proposition that a defendant *cannot* unilaterally moot a plaintiff's case. The Sixth Circuit stated that "Tudor and Meyer's claims were not mooted by the City's settlement offer or by this Court's order to expand the class. The hiring claims were mooted, however, when Tudor and Meyer entered the August, 1991 class." *Brunet*, 1. F.3d at 400. The Sixth Circuit explicitly found that neither the City's offer to admit Tudor and Meyer to the August class, nor the Sixth Circuit order requiring the City to admit them to the August class, mooted their claims. Instead, Meyer and Tudor's claims only were mooted *once they chose* to attend the August training class. While *Brunet* did not deal with a Rule 68 settlement offer, its holding that a defendant cannot

10

unilaterally moot a case and that it is the plaintiff who must take voluntary action to moot his or her claims, is applicable here.  Despite Javitch's contention to the contrary, *Brunet* supports the holding that a Rule 68 offer does not moot a named plaintiff's claims, even prior to filing a motion for class certification.

In light of the foregoing, the Court remains persuaded by those courts that treat the plaintiff in a putative class action as part of an indivisible class for purposes of jurisdiction and standing, so long as the plaintiff does not delay in moving for class certification.  *See Weiss*, 385 F.3d at 347; *see also Roper*, 445 U.S. at 341 (Rehnquist, J., concurring) (expressing the view that an offer of judgment to the named plaintiff in a putative class action does not necessarily moot the case because "the defendant has not offered all that has been requested in the complaint (i.e., relief for the class)").  This conclusion is based upon the Sixth Circuit precedent discussed above, as well as several additional considerations.  First, the Court continues to endorse the prudential analysis employed by *Stewart*.  *Stewart*, 252 F.R.D. at 386.  Defendants should not be able to "opt-out" of Rule 23:

> Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

*Roper*, 445 U.S. at 339; *see also Stewart*, 252 F.R.D. at 386.  Of additional concern, Javitch's position "would result in sweeping changes to accepted norms of civil litigation in the Federal Courts."  *See Schaake*, 203 F.R.D. at 112; *see also Jancik v. Cavalry Portfolio Servs., LLC*, No. 06-3104, 2007 U.S. Dist. LEXIS 49500, at *8 (D. Minn. July 3, 2007).  There is little question that it "would clearly hamper the sound administration of justice [] by forcing a plaintiff to make a class certification motion before the record for such motion is complete."  *See Schaake*, 203 F.R.D. at 112.

Second, the Court cannot see any conceptual basis for applying a different mootness principle here than was applicable in *Carroll*.  *See Carroll*, 399 F.3d at 625.  The Court recognizes, of course, that a number of district courts have drawn precisely this distinction, but no court seems to discuss *why* such a distinction should exist.  This Court, in fact, cannot see any reason for the distinction.  Either there is some doctrine that justifies treating a putative class action plaintiff as representing the entire class before a court has ruled on certification, or there is not such a doctrine; but it does not seem that the applicability of that doctrine should turn solely on whether a motion has been filed.  Given that such a doctrine exists within the Sixth Circuit, *see Carroll*, 399 F.3d at 625, it seems the principled rule to apply that doctrine even prior to the filing of a motion for class certification, so long as a plaintiff has not delayed in moving for such certification.  *See Stewart*, 252 F.R.D. at 386.

Third, the likely alternative to this Court's holding is an invitation to procedural gamesmanship.  If *Carroll* means that a Rule 68 offer does not moot claims once a motion for class certification is filed, but not before, every class counsel will be motivated to do as Hrivnak now has done here - file a motion requesting class certification, but asking that the Court to stay briefing on that motion pending discovery.  This is the procedure favored by many district courts in the Seventh Circuit.  *See, e.g., Rosales v. Randstad N. Am., L.P.*, No. 09-C-1706, 2009 U.S. Dist. LEXIS 125405, at *4 (N.D. Ill. Nov. 6, 2009) (collecting cases).  While such an approach is not without its appeal, the Court believes the rule of *Stewart* and *Weiss* to be preferable to the extent that it discourages premature motion practice and allows the court to set reasonable time frames for the filing of motions for class certification without fear that it has provided a substantial litigation advantage to the defendant by having done so.  *See Beaudry v. Telecheck Servs.*, No. 07cv0842, 2010 U.S. Dist. LEXIS 72850, at *11-12 (M.D. Tenn. July 20, 2010); *see also* Fed. R. Civ. P. 23(c)(1)(A) Advisory Committee Notes to the 2003 Amendments (discussing replacement of "as soon as practicable" with

"at an early practicable time" and noting that "active judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination . . . .").

Finally, Javitch is mistaken to argue that this Court's July 19 opinion is at odds with a recent decision issued by Judge Sara Lioi.  (*See* Doc. 33 (citing *Valentine*, 2010 U.S. Dist. LEXIS 63258, at *13-14.))  In *Valentine*, Judge Lioi dismissed a putative class action after the defendant in that case tendered an offer of judgment under Rule 68.  Her decision followed the well-settled principle that merely captioning one's lawsuit as a class action cannot save a plaintiff from basic mootness principles: if a plaintiff is dilatory in filing a motion for class certification, a Rule 68 offer of judgment will act to moot his claims.  *See Brunet*, 1 F.3d at 399; *Valentine*, 2010 U.S. Dist. LEXIS 63258, at *13-14; *Stewart*, 252 F.R.D. at 386.  Judge Lioi, however, distinguished expressly cases such as this one and based her holding on the fact that the:

> plaintiff failed at every opportunity to file a motion for class certification or, at the very least, to alert the Court that she might be precluded from filing such a motion if defendant were to make an offer of judgment.

*Valentine*, 2010 U.S. Dist. LEXIS 63258, at *14.[3]

### C.  Interlocutory Appeal is Appropriate

Given that the Court has denied Javitch's Motion for Reconsideration, Javitch asks this Court to certify this decision for interlocutory appeal.  The Court **GRANTS** that request.  To certify an issue or order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the Court must be satisfied that "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d

---

[3] It is evident, of course, that Judge Lioi sees tension between *Weiss*, persuasive authority from the Third Circuit, and *Brunet*, binding authority from the Sixth.  *See Valentine*, 2010 U.S. Dist. LEXIS 63258 at *13-14.  The Court does not disagree, but believes that *Carroll* provides guidance as to how this tension should be resolved under the facts of this particular case.

345, 350 (6th Cir. 2002). A question of law is controlling when its resolution "could materially affect the outcome of the case." *Id.* at 351.

In this case, if the Court of Appeals overturned this Court's order with respect to whether a Rule 68 offer that was made prior to the filing of putative class representative's motion for class certification moots the putative class representative's claims, the case would be dismissed for want of subject matter jurisdiction. This question of law, therefore, is controlling because it could materially affect the outcome of the case. Here, substantial grounds for a difference of opinion exist because this is an issue of first impression in the Sixth Circuit, and, as discussed above, the circuits are split on the issue. *See West Tennessee Chapter of Associated Builder and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000). Lastly, an immediate appeal, may materially advance the termination of this litigation because, as discussed above, if the Sixth Circuit overrules this Court's order, then this case will be dismissed. Accordingly, Javitch's motion for a Certificate to Appeal an Interlocutory Order is **GRANTED**.

### III. CONCLUSION

For the aforementioned reasons, Javtich's Motion for Reconsideration or for a Certificate to Appeal an Interlocutory Order (Doc. 33) is **DENIED** with respect to his request for reconsideration and **GRANTED** with respect to his request for a Certificate to Appeal an Interlocutory Order.

**IT IS SO ORDERED.**

                                                                   s/Kathleen M. O'Malley
                                                                    **KATHLEEN McDONALD O'MALLEY**
                                                                    **UNITED STATES DISTRICT JUDGE**

Dated: December 22, 2010