UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Christopher G. Hrivnak, | CASE NO. 1: 10 CV 00646 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| NCO Portfolio Management, et al., | **OPINION AND ORDER** |
| Defendants. | |

Following the Court's January 28, 2014 dismissal of his Complaint for failure to state a claim, Plaintiff Christopher Hrivnak concedes that his Complaint was not properly pled. Now, nearly four years after this action was removed to this Court, Plaintiff argues that he has not had a "reasonable opportunity" to plead his case. He moves the Court to alter or amend the dismissal and permit him leave to file an amended complaint. For the reasons that follow, Plaintiff's Motion is DENIED.

Plaintiff brings the present Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Under Rule 59, a court may alter or amend judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change of controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). A court may deny a Rule 59 motion for "undue delay." *Leisure Caviar*, 616 F.3d at 615. A Rule 59 motion is not an opportunity to re-argue a

case. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Indeed, a motion made under Rule 59(e) is "extraordinary" and is seldom granted because it runs afoul of the notions of finality and repose. *Bishawi v. Northeast Ohio Correctional Ctr.*, No. 4:12CV3106, 2014 WL 495501, *1 (N.D. Ohio Feb. 5, 2014).

As an initial matter, Plaintiff's request to amend the Complaint at this juncture is denied because Plaintiff has unduly delayed making this request. Since 2010, Plaintiff has had an abundance of opportunities to request leave to amend his Complaint. These include:

1. in April of 2010, after the case was removed;

2. any time after April of 2010, when a motion for judgment on the pleadings was filed, which was later stayed pending appeal;

3. during the September 23, 2013 status conference at which Defendants specifically requested and were granted leave to file motions for judgment on the pleadings (ECF # 74);

4. after Defendants filed their motions for judgment on the pleadings (ECF #s 76, 80);

5. during the December 4, 2013 status conference; and

6. in Plaintiff's motion for leave to amend his Complaint to dismiss his Ohio Deceptive Trade Practices Act claim.

Instead of seeking to amend the Complaint at any of these opportunities since 2010, Plaintiff opposed Defendants' motions for judgment on the pleadings, never requested leave to include the proposed amendments, and waited until after judgment was granted to make this request. Indeed, not only did Plaintiff fail to seek amendment at an earlier date, he vigorously asserted in response to Defendants' motions for judgment on the pleadings that his Complaint was adequately pled. Now Plaintiff completely reverses his position, admits that his complaint was inadequately pled,

2

and asks leave of this Court to amend. It is simply too late. Having had four years to make this request and instead choosing to stand by his deficient Complaint, Plaintiff's request to amend must be denied due to his undue delay.

Moreover, Plaintiff fails to demonstrate that this Court committed an error of law in failing to apply the "law of the case" doctrine and dismissing his Complaint. As this Court previously held, and as Defendants have argued on numerous occasions, the law of the case doctrine relied upon by Plaintiff is inapplicable because: (a) the state court did not address the sufficiency of the Complaint under the federal rules as interpreted by *Iqbal*, *Twombly* and their progeny; (b) the law of the case doctrine does not foreclose issues not previously addressed; and (c) the sufficiency of the pleading filed March 15, 2010 in state court, and removed to this Court, was never challenged in state court prior to removal.

Further, Plaintiff has not provided new evidence that would warrant permission to amend the Complaint. Rather, Plaintiff's failure to move to amend his Complaint amounts to a "delay resulting from a failure to incorporate previously [] available evidence . . .," which the Sixth Circuit has held warrants denial of a motion to amend. *Leisure Caviar*, 616 F.3d at 615. On March 15, 2010, Plaintiff had obtained all of the discovery that has ever been conducted in this case. Notwithstanding this, on March 15, 2010, Plaintiff filed a Complaint which failed to state a claim, and which he did not seek to amend to state a claim until judgment was rendered against him.

Plaintiff argues that leave to amend must be granted post-judgment due to "the change[] [in] procedural rules and pleading standards" which occurred when the case was removed from federal court. However, what Plaintiff fails to mention is that he was well aware that this case

3

would be removed to federal court when he filed the March 15, 2010 Complaint, and that federal law would apply to these proceedings. In the Cuyahoga Court of Common Pleas, defendant Javitch, Block & Rathbone, LLC filed a Motion to Realign Parties, requesting the court to designate Mr. Hrivnak as the Plaintiff and to require him to file a complaint to "afford the Defendants the right to remove this action to federal court . . . ." Plaintiff was well aware of this, noting in his opposition brief that "JBR justifies its request principally by asserting that it . . . should be allowed to utilize the Federal procedural rules." The court subsequently granted JBR's motion, and gave Plaintiff 30 days from February 11, 2010 to file a complaint. Plaintiff filed his Complaint on March 15, 2010. Plaintiff cannot now feign surprise that Defendants removed the Complaint, and that this Court would apply federal law.

Finally, there is no danger that "manifest injustice" will occur if Plaintiff is denied the opportunity to amend. First, as discussed, Plaintiff had an abundance of opportunities to amend before judgment was entered, but chose the alternate path of standing by his deficient Complaint. Second, Plaintiff has failed to provide any cogent identification of "critical facts" unavailable to Plaintiff prior to dismissal. Third, in claiming manifest injustice, Plaintiff misrepresents and confuses the caption of the state court complaint and Plaintiff's own prior arguments. Further, a side by side comparison of the proposed amended complaint with the dismissed Complaint shows that Plaintiff is seeking to: (a) re-litigate issues already decided, and (b) pursue a new theory of liability for the alleged failure to adhere to the requirements of R.C. § 1319.12, which is not premised on newly-acquired evidence, and was not previously advanced. A Rule 59(e) motion cannot be used to advance new theories, claims or arguments for the first time, or to reargue issues already advanced and rejected. *Engler*, 146 F.3d at 374. Thus, Plaintiff's Motion

is denied as failing provide any basis for a finding of manifest injustice.

Even without considering whether Plaintiff's proposed amendment would be futile, the foregoing considerations compel the denial of Plaintiff's Motion. For all of these reasons, Plaintiff's Motion to Alter or Amend Judgment Filed on January 28, 2014 (ECF #97) is DENIED.

**IT IS SO ORDERED.**

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: May 29, 2014